IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00158-PAB-MJW

PATRICK G. HARTLEY, individually and on behalf of others similarly situated

    Plaintiff(s),

v.

TIME WARNER NY CABLE, LLC,

    Defendant(s).

---

### SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The parties held a conference on February 28, 2013. The participants of that conference were:

**For Plaintiff:**

Plaintiff Patrick G. Hartley (pro se)
3930 Hickory Hill Drive
Colorado Springs, CO 80906
(719) 200-8241

**For Defendant:**

Josh A. Marks
Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600

Nathan D. Chapman
Paul G. Sherman
Wargo & French LLP
999 Peachtree Street, NE
26th Floor
Atlanta, GA 30309
(404) 853-1535

## 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims under federal law in this action. Specifically, Plaintiff brings claims under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. and under the Fair Labor Standards Act, 29 U.S.C. § 8, et seq. Supplemental jurisdiction exists regarding Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

1. The Plaintiff was discriminated against for exercising the right to unpaid leave under the Family and Medial Leave Act 29 USC §§ 2601 et seq. by defendant's refusing to promote ("never promote anyone on FMLA") and withholding payraise based on the use of FMLA (Singh). (Bachelder v. American West Airlines, Inc., 259 F.3d 1112 (9th Cir. 2001, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." requiring the plaintiff to prove only that his or her taking of FMLA-protected leave constituted a negative factor in the decision to terminate him or her. Id. at 1125.

2. The Defendant retaliated against Plaintiff by denying promotion, and further demoting him to another department about to be liquidated by the defendants, in violation of 29 U.S.C. §2615(a)(2) when he brought attention to the rampant abuse of employees on FMLA.

3. Defendants violated the Colorado Anti-Discrimination Act (for an employer "to refuse to hire" or "to discharge, promote or demote, harass during the course of employment, or discriminate in matters of compensation against any otherwise qualified person" because of that person's sexual orientation).

b. Defendant:

Defendant denies each and every one of Plaintiff's allegations in the Complaint and otherwise denies that Plaintiff is entitled to any relief whatsoever against Defendant. Defendant did not discriminate, retaliate, or take any other adverse action against Plaintiff based on Plaintiff's exercise of his Family and Medical Leave Act ("FMLA") rights, his sexual orientation, or any other protected characteristic. Any discriminatory actions or omissions alleged to have been taken or made by Defendant with respect to Plaintiff were taken for legitimate non-discriminatory reasons and consistent with Defendant's strong anti-discrimination policies and procedures.

c. Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff has been employed by the Company as a Customer Care Representative from on or about August 31, 2009 to the present.

2. Plaintiff is presently compensated at an hourly rate of approximately $18.54/hour.

## 5. COMPUTATION OF DAMAGES

Plaintiff reserves the right to change amounts below pursuant to related statutes and when trial starts.

1. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i) - Retaliation Denial of Promotion Tier 1 Supervisor 2/28/12 through estimated start of trial September 2013 Before Compensation Analysis for Supervisor Position: Salary at time: $31,137.60/12months x19months= $49,301.20 Bonus Average: $1,000.00/month x19 Months = $19,000 Total: $68,301.20 x 2 = $136,602.40

3. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i) - Retaliation Denial of Promotion Tier 3 Supervisor 9/14/12 through estimated start of trial September 2013 Before Compensation Analysis for Supervisor Position: Salary at time: $32,383.10 Bonus Average: $1,200.00/month x12 Months = $12,000 Total: $44,383.10 x 2 = $88,766.20

4

4. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i)- Retaliation Demotion 9/16/12 through estimated start of tiral September 2013: Salary at time: $32,383.10. Bonus Average: $1,200.00/month Total: $46,786.10 x 2 = $93,572.20

5. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i) - Retaliation Corrective Action Preventing Internal Job transfer for 6 months ending on 8/6/13 with severance commencing place 8/16/13. 2/6/13 through estimated trial start date of September 2013: Salary at time: $37,444.10/12monthsx7months = $21,842.39. Bonus Average: $700/year Total: $21,842.39 x 2 = $$43,684.78

6. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i)- Retaliation Denial of Promotion Supervisor Outbound 3/6/13 through estimated start of trial September 2013: Salary: $37,444.58/12months x 6 months x 2 = $37,444.58

7. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i)- Unpaid Leave due to episodes of Anxiety - 21 Days x $148.32 = $3,114.72 x 2 = $6,229.44

8. SOEDA CADA Violation Denial of Promotion 2/28/12 - $10,000.00

9. FSLA Violation 29 U.S.C. § 255(a) and 29 U.S.C. § 216(b) - Unnecessary Delay on Earned Minimum Raises (Level 4 and Level 5) at $0.75 each level = $1.50 x 4160 Hours (2 Years) = $6,240.00 x 2 = $12,480.00

10. FMLA 29 U.S.C. § 2617 (a)(1)(A)(i) Retaliation Loss of Income Demotion 9/16/12 - $7,200.00/year x 2 = $14,400.00

11. ADA - The Civil Rights Act of 1991 (42 U.S.C. §1981a) under an employer of more than 500+ employees for compensatory damages - $300,000.00

12. Total Estimated Pre Trial Damages: $748,179.60

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting.

The parties held their Rule 26(f) meeting on February 28, 2013.

b. Names of each participant and party he/she represented.

**For Plaintiff:**

Plaintiff Patrick G. Hartley (*pro se*)
3930 Hickory Hill Drive
Colorado Springs, CO 80906
(719) 200-8241

**For Defendant:**

Josh A. Marks
Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600

Nathan D. Chapman
Paul G. Sherman
Wargo & French LLP
999 Peachtree Street, NE
26th Floor
Atlanta, GA 30309
(404) 853-1535

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties shall make their Rule 26(a)(1) disclosures within the time provided by Rule 26(a)(1), on or before March 14, 2013.

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

  None.

  e. Statement concerning any agreements to conduct informal discovery:

  No informal discovery has been agreed to by the parties at this time. However, the parties agree that they will work together during discovery and will discuss agreements to conduct informal discovery where appropriate.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  The parties agree that documents produced in response to requests for production may be produced in searchable electronic form (e.g., Portable Document Format (PDF) or other computer readable means) via Compact Disc, DVD, or email.

  The parties further agree that they will use the unified exhibit numbering system throughout this litigation.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

  The parties have discussed the above-identified matters with regard to electronic discovery in this litigation. The parties anticipate that the claims and defenses in this

7

case may involve some electronically stored information, but they do not anticipate that such information will be extensive. The parties agree that, unless otherwise agreed by the parties, electronically stored information shall be produced in searchable PDF form or other computer readable means.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Discovery has just begun in this matter. The parties have agreed to discuss the possibility for settlement after having the opportunity to conduct written discovery.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

[Handwritten edits:] 15 Fact Depositions (a side plus the Experts without Leave of Court. 25 Interrogatories (a side.

[Struck-through text:] ~~The parties disagree with respect to the presumptive numbers of depositions and interrogatories contained in the Federal Rules. Specifically, Plaintiff has identified 18 depositions that he wishes to take. Defendant does not believe that this is a complex case. Accordingly, Defendant does not believe that Plaintiff should be allowed to exceed the number of depositions prescribed by the Federal Rules. Defendant reserves the right to move for a protective order if Plaintiff does, in fact, attempt to take more than 10 depositions.~~

    b.    Limitations which any party proposed on the length of depositions.

The parties agree to the presumptive time limitations on the length of depositions contained in the Federal Rules. — 7 Hours Per Deponent.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~Plaintiff requests to be allowed to serve more~~ than twenty-five (25) requests for production and twenty-five (25) requests for admission, Per Side.

~~Defendant does not believe that this is a complex case. Accordingly, Defendant does not believe the presumptive limits prescribed by the Local Rules of this Court should be exceeded by the parties and requests that the parties be limited to 25 requests for production and 25 requests for admission.~~

d. Other Planning and Discovery Orders:

The parties anticipate they will submit a joint motion for entry of a protective order concerning confidential information.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

April 15, 2013

b. Discovery Cutoff:

August 30, 2013

c. Dispositive Motion Deadline:

September 30, 2013

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any. *Medical Expert, and Economic Expert*

While reserving their right to submit expert testimony, the parties do not anticipate the need for expert testimony at this time.

2. Limitations which the parties propose on the use or number of expert witnesses. ~~None~~. *Each side may call two experts without leave of court*

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before July 2, 2013. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C)].*

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before August 1, 2013. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

10

e. Identification of Persons to Be Deposed.

*ALL Depositions including the experts shall be completed by August 30, 2013.*

**Plaintiff anticipates deposing the following individual(s):**

1. Jason Cross
2. Keron Singh
3. Christin Naze
4. Jeff VanHook
5. Christopher McKitrick
6. Katie Young (Frederick)
7. Stephanie Eddins
9. Sergio Alacanta
10. Dena Cannon
11. Meghan Pittman
12. Megan Mc Gowen
13. Amanda Parise
14. Tom Feurstine
15. Linda Williams
16. Diane Weisennflu
17. Farid Jabbour
18. Tammy Kibler

**Defendant anticipates deposing the following individual(s):**

1. Plaintiff Patrick Hartley (~7 hours)

2. Any individuals identified as witnesses by Plaintiff, subject to the limitations imposed by the Federal Rules of Civil Procedure, and any third parties that may have discoverable information.

f. Deadline for Interrogatories.

Interrogatories shall be served by July 26, 2013.

g. Deadline for Requests for Production of Documents and/or Admissions

Requests for Production of Documents and/or Admissions shall be served by July 26, 2013.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: __None set__.

b. A final pretrial conference will be held in this case on _December 2, 2013_ at _9:00_ o'clock _A_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate trial of this matter will be 3 days. A jury demand has been made.

12

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

13

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon showing of good cause.

Dated: March 21st, 2013 at Denver, Colorado.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED BY:

s/ Patrick G. Hartley

Plaintiff Patrick G. Hartley (pro se)
3930 Hickory Hill Drive
Colorado Springs, CO 80906
(719) 200-8241

Plaintiff, Pro Se

s/ Josh A. Marks

Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600

Attorney for Defendant