IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00158-PAB-MJW

PATRICK G. HARTLEY, individually and on behalf of others
similarly situated,

Plaintiff(s),

v.

TIME WARNER CABLE NY, LLC DBA TIME WARNER CABLE et. ALL. [sic],

Defendant(s)

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

     It is hereby **ORDERED** that the Pro Se Plaintiff Patrick G. Hartley's Motion and Request for Emergency Hearing Re: Spoliation of Evidence (docket no. 33) and the related Plaintiff Patrick G. Hartley's Motion to Strike Defendant's Pleadings and Motion for Summary Judgement [sic] (Docket No. 34), which this court has construed as a motion for sanctions based upon the alleged spoliation, are DENIED for the following reasons.

     The Pro Se Plaintiff argues that Defendant has engaged in spoliation of evidence. In support of this contention, the Pro Se Plaintiff relies on his **"Statement of Patrick G. Hartley, Plaintiff"** [exhibit C] attached to one of the subject motions (docket no. 33). However, even exhibit C shows that any alleged spoliation of evidence by Defendant's Supervisor, Christopher McKitrick, has not taken place. On page one of exhibit C, the sixth full line from the bottom of the page states:

     Patrick:    did you delete the information?

     Chris:    yes, from the desktop, **but I saved it on the network drive**.

(emphasis added).

     Based upon this information, it is clear that such information is still retrievable and could be made available to the Pro Se Plaintiff upon formal discovery request. The Pro Se Plaintiff has not presented any other evidence to suggest spoliation of evidence. Moreover, the Pro Se Plaintiff has not demonstrated that he had served the Defendant with a preservation letter. Lastly, the Pro Se Plaintiff is permitted, per the Rule 16

2

Scheduling Order dated March 21, 2013 (docket no. 23), to serve discovery requests in the forms of interrogatories, requests for production of documents, and requests for admissions upon Defendant and to obtain such information suggested in exhibit B attached to the subject motion (docket no. 33). Accordingly, the subject motions (docket nos. 33 and 34) should be denied.

It is further **ORDERED** that the Plaintiff's tendered Revised: Complaint and Jury Demand (Docket No. 35) is stricken based upon the Plaintiff's failure to comply with Fed. R. Civ. P. 15(a)(2).

Date: April 16, 2013