# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-RPM-MJW

PATRICK G. HARTLEY,

        Plaintiff,

v.

TIME WARNER NY CABLE LLC,

        Defendant.

## DECLARATION OF WALKER G. HARMAN, JR. IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES

WALKER G. HARMAN, JR., declares, pursuant to 28 U.S.C. § 1746, and subject to the penalties for perjury, as follows:

1. I am the founder of, and the principal attorney at The Harman Firm, PC, counsel for the Plaintiff in this action. As such, I am fully familiar with the facts and circumstances of this action, the basis of my knowledge being my discussions with Plaintiff, the files and data maintained by my office, and the substantial time that my staff and I have spent working on this action.

2. I submit the foregoing, the exhibits annexed hereto, and a Memorandum of Law in support hereof, in opposition to Defendant's Motion to Compel and for Attorneys' Fees.

## Summary of the Action

3. Plaintiff was a customer service representative working at Defendant's call center in Colorado Springs, CO. He worked for Defendant from August 2009 through August 13, 2013.

4. Plaintiff is an openly gay man. He intermittently took FMLA leave during his tenure with Defendant. He is suing Defendant for violations of the Fair Labor Standards Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Colorado Anti Discrimination Act ("CADA").

## Relevant Procedural History

5. On January 23, 2013, Plaintiff commenced this action *pro se*.

6. On March 4, 2013, Defendant served Plaintiff with discovery requests. (*See Affidavits of Service, attached hereto as Exhibit 1*).

7. On April 17, 2013, Plaintiff served his discovery responses.

8. On July 3, 2013, Defendant filed the foregoing motion to compel.

9. On July 8, 2013, Plaintiff requested leave from the Court to obtain an attorney.

10. On July 25, 2013, The Harman Firm, PC appeared in this action on Plaintiff's behalf.

11. On August 13, 2013, the Hon. Judge Watanabe held a status conference with counsel for all parties.

12. On August 22, 2013, the parties stipulated to dismissing Plaintiff's claims under the Title VII, the ADA, and his claim for gender discrimination under CADA.

13. On August 27, 2013, the parties stipulated to dismissing Plaintiff's claim for sexual orientation discrimination under CADA.

### Plaintiff Has At All Times Been Acting In Good Faith

14. Plaintiff has, at all times, been acting in good faith during the discovery process.

15. The parties engaged in substantial communications before Plaintiff served his discovery responses. Plaintiff mistook the deadline for his discovery obligations to be in July. (*See April 10, 2013 letter from N. Chapman to Plaintiff; April 11, 2013 email from Plaintiff to N. Chapman; April 16, 2013 letter from N. Chapman to Plaintiff, attached hereto as Exhibit 2*).

16. Plaintiff thoroughly, and in good faith, answered Defendant's eighteen (18) interrogatories and twenty-four (24) requests for documents. Plaintiff identified well over thirty (30) witnesses, nearly all of whom presently or formerly worked for Defendant, in addition to identifying several friends, his roommates, his partner, and his parents. Plaintiff produced a multitude of documents. (*See Plaintiff's Answers to Defendant's Interrogatories and Request for Documents, attached hereto as Exhibit 3*).

17. Defendant has issued over twenty (20) subpoenas to Plaintiff's health care providers and to various others whom Plaintiff identified in his answers to Defendant's interrogatories. (*See Subpoenas, attached hereto as Exhibit 4*).

18. Defendant has Plaintiff's medical records.

19. Plaintiff has authorized Defendant to access his tax returns.

20. On June 19, 2013, Plaintiff gave Defendant's access to his Facebook pages and indicated he was continuing to look for responsive documents. (*See June 19 letter from Plaintiff to N. Chapman attached hereto as Exhibit 5*).

### Plaintiff Has Supplemented His Discovery Responses

21. On August 26, 2013, Plaintiff, now represented by counsel, served Defendant with revised answers to interrogatories. (*See Plaintiff's Revised Answers to Defendant's Interrogatories, attached hereto as Exhibit 6*). The revised answers cure the purported deficiencies that Defendant alleges.

22. On August 26, 2013, Plaintiff served Defendant with a supplemental production of over two hundred documents, including screen shots of Facebook conversations he had with various third-parties. (*See Affidavit of Service of Supplemental Production, attached hereto as Exhibit 7*).

23. Plaintiff has provided me with additional emails and documents; however, I have not had an opportunity to review them yet as they were provided to me on August 25, 2013. Upon my review, I will produce all responsive, non-privileged documents.

24. Plaintiff's deposition is scheduled for September 3, 2013.

25. Plaintiff is not in violation of any court order regarding discovery.

### The Nature of the Discovery Defendant Seeks

26. It is important to note that the much of the information Defendant seeks in this motion will not lead to the discovery of any admissible evidence.

27. In addition to working for Defendant, Plaintiff periodically works as a process server. He estimates that he earns less than a few hundred dollars per month doing this. (*See Exhibit 6*).

28. Defendant is seeking all information regarding his income from being a process server. This information is in no way relevant to this case.

29. Plaintiff worked for Defendant for four (4) years. Before that, he had various other jobs in retail. Plaintiff produced his resumes, which gives the approximate dates of his employment with his previous employers. (*See Resumes, attached hereto as Exhibit 8*).

30. Defendant seeks judicial intervention to compel the addresses of Plaintiff's previous employers and the names of his supervisors going back to 2000. Given that Plaintiff worked for Defendant for four (4) years, Plaintiff's previous employers in no way are relevant to this case.

## Conclusion

31. In light of counsel for Plaintiff's recent appearance, Plaintiff's good faith efforts in the case this far, and the leniency afforded to *pro se* litigants, I respectfully request that the Court deny Defendant's motion to compel and not issue sanctions against Plaintiff.

Dated: New York, New York  
August 27, 2013

Respectfully submitted,

By: _____s/_____  
Walker G. Harman, Jr.  
THE HARMAN FIRM, PC  
*Attorneys for Plaintiff*  
200 West 57th Street, Suite 900  
New York, New York 10019  
Tel.: (212) 425-2600  
Fax: (212) 202-3926  
wharman@theharmanfirm.com