## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-RPM-MJW

---

PATRICK G. HARTLEY,

                         Plaintiff,

v.

TIME WARNER NY CABLE LLC,

                         Defendant.

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEYS FEES

---

Plaintiff, by and through his counsel, The Harman Firm, P.C., hereby submits the foregoing Memorandum of Law in Opposition to Defendant's Motion to Compel.

### Preliminary Statement

Plaintiff was a customer service representative working at Defendant's call center in Colorado Springs, CO. He worked for Defendant from August 2009 through August 13, 2013. *Declaration of Walker G. Harman, Jr. dated August 27, 2013, attached hereto as Exhibit A ("Harman Dec.")*, ¶ 3. Plaintiff is an openly gay man. He intermittently took FMLA leave during his tenure with Defendant. *Harman Dec.*, ¶ 4. He commenced this action *pro se* alleging violations of the Fair Labor Standards Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Colorado Anti Discrimination Act. *Harman Dec.*, ¶¶ 4-5.

**Argument**

Defendant's motion should be denied as follows: (1) Plaintiff has not waived any objection to discovery.  He was proceeding *pro se* and was under the mistaken belief that his discovery answers were timely; (2) Plaintiff is not withholding documents regarding his income, the contact information of witnesses and the information they know, the identities of his prior employers, or his personal email addresses and social networking cites.  Plaintiff served Defendant's with revised answers to interrogatories, which address the deficiencies of which Defendant complains.  Plaintiff has supplemented, and is in the process of further supplementing, his production of documents, which addresses the deficiencies of which Defendant complains; and (3) Plaintiff has, at all times, been acting in good faith and diligently tried to comply with his discovery obligations.  Defendant's motion should be denied.

**1.      Plaintiff has not waived any objection to discovery.**

Defendant's argue that because Plaintiff provided his discovery responses nine (9) days late, he waived his right to object.  Plaintiff was proceeding *pro se* in this action until a few weeks ago.  *Harman Dec.*, ¶¶ 5, 10.  On March 4, 2013, Defendant served Plaintiff with discovery requests.  *Harman Dec.*, ¶ 6.  The parties engaged in substantial communications before Plaintiff served his discovery responses.  Plaintiff mistook the deadline for his discovery obligations to be in July.  *Harman Dec.*, ¶ 15.

On April 17, 2013, Plaintiff served his discovery responses.  *Harman Dec.*, ¶ 7.  Plaintiff thoroughly, and in good faith, answered Defendant's eighteen (18) interrogatories and twenty-four (24) requests for documents.  *Harman Dec.*, ¶ 16.  Plaintiff identified well over thirty (30) witnesses, most of whom presently or formerly worked for Defendant, in addition to identifying

several friends, his roommates, his partner, and his parents.  *Harman Dec.*, ¶ 16.  Plaintiff

produced a multitude of documents.  *Harman Dec.*, ¶ 16.  Defendant issued over twenty (20)

subpoenas to Plaintiff's health care providers and to various others whom Plaintiff identified in

his answers to Defendant's interrogatories.  *Harman Dec.*, ¶ 17.  Defendant has Plaintiff's

medical records.  *Harman Dec.*, ¶ 8.  Plaintiff authorized Defendant to access his tax returns.

*Harman Dec.*, ¶ 19.  On June 19, 2013, Plaintiff gave Defendant access to his Facebook pages.

*Harman Dec.*, ¶ 20.

Leniency should be afforded to *pro se* litigants.  *D'Zurella v. State of Kansas*, 953 F.2d

1391, 1391 (10th Cir. 1992) (unpublished).  In light of this leniency, Plaintiff's good faith

misunderstanding that his discovery was timely, and the diligence he has had throughout the

discovery process, we respectfully request the Court hold that Plaintiff did not waive any

discovery objection.

**2.      Plaintiff has supplemented his discovery as to the following:  documents regarding
his income from being a process server, the contact information of witnesses and
the information they know, the identities of his prior employers, and his personal
email addresses and social networking cites.**

On August 26, 2013, Plaintiff served Defendant with revised answers to interrogatories.

*Harman Dec.*, ¶ 21.  The revised answers cure the purported deficiencies of which Defendant

complains.  *Harman Dec.*, ¶ 21.  On August 26, 2013, Plaintiff served Defendant with a

supplemental production of over two hundred documents, including screen shots of Facebook

conversations he had with various third-parties.  *Harman Dec.*, ¶ 22.  Plaintiff is in the process

of gathering and providing additional responsive, non-privileged documents.  *Harman Dec.*, ¶

23.

Defendant cites *Garret v. Sprint PCS*, No. 00-2583-KHV, 2002 WL 181354, at *3 (D. Kan. Jan. 31, 2002) for the proposition that Plaintiff's prior employment is relevant and discoverable; however, that case is entirely distinguishable. In *Garret*, an employee of a staffing agency sued the company where she had a seven (7) month placement claiming the company refused to hire her as a permanent employee because of her religion. *Id*. at *1. The company claimed the reasons the employee was not given a permanent position was that she had engaged in inappropriate religious communications while at work. *Id.* at *3. The employee sought damages based on the salary she would have earned had she been hired as a permanent employee. *Id*. at *3.

The court found that the employee's previous employment history was relevant and discoverable, but only for three (3) years. The court said, "[since] Plaintiff seeks . . . damages based on a salary she would have earned had she been hired . . . as a permanent employee. . . . her past employment experiences are at issue . . . to determine whether she was appropriately qualified to be hired on as a permanent full-time employee." The court said that since "Plaintiff asserts she does not believe any communications regarding religion made by her . . . were offensive. . . . Defendant [could] seeks prior employment records to determine whether she engaged in the same type of religious communication with previous employers and had been told that such conduct was unwelcome and/or offensive." *Id*. at *3.

Here, Plaintiff worked for Defendant for four (4) years unlike the employee in *Garret* who worked for seven (7) months at temporary assignment. *Harman Dec.*, ¶ 3. Plaintiff seeks damages based on the salary of a supervisor at the call center. *Harman Dec.*, ¶ 21, Exhibit 6. Under the reasoning in *Garret*, Defendant would be entitled to know if Plaintiff was qualified to

be a supervisor, which information would necessarily come from Defendant; not any of Plaintiff's prior employer's in the retail industry from over four (4) years ago. *Harman Dec.*, ¶¶ 29-30.   Again, the court in *Garret* limited the discovery to the previous three (3) years of employment.

Leniency should be afforded to *pro se* litigants. *D'Zurella*, 953 F.2d at 1391.  In light of this leniency, Plaintiff's revised and supplemental discovery, and the diligence he has had throughout the discovery process, we respectfully request the Court deny Defendant's motion to compel and not award sanctions.

**3.     Plaintiff has, at all times, been acting in good faith and diligently tried to comply with his discovery obligations.**

Plaintiff has at all times been acting in good faith so sanctions are not appropriate. Defendant cites to *Duhall v. Lennar Fam. Of Builders*, No. 07-cv-00040, 2008 WL 4457874, at *2-3, *5 (D. Colo. Oct. 1, 2008), for the proposition that Plaintiff should be sanctioned. However, in *Duhall*, the *pro se* Plaintiff was entirely non-responsive during the discovery process.   The employee deliberately withheld the names of witnesses, and made entirely frivolous allegations.

Here, unlike in *Duhall*, Plaintiff has, at all times, been responsive and diligent. *Harman Dec.*, ¶ 6.  On April 17, 2013 Plaintiff served his discovery responses. *Harman Dec.*, ¶ 7. Plaintiff mistook the deadline for his discovery obligations to be in July. *Harman Dec.*, ¶ 15. Plaintiff thoroughly, and in good faith, answered Defendant's eighteen (18) interrogatories and twenty-four (24) requests for documents. *Harman Dec.*, ¶ 16.  Plaintiff identified well over thirty (30) witnesses. *Harman Dec.*, ¶ 16.  By letter dated June 16, 2013, Plaintiff informed counsel for Defendant that he was continuing his search for responsive documents. *Harman*

*Dec.* ¶ 20.   Plaintiff produced a multitude of documents and continues to supplement his production.   *Harman Dec.*, ¶¶ 17-20, 22-23.   Plaintiff has also revised his answers to Defendant's interrogatories to address the purported deficiencies.   *Harman Dec.*, ¶ 21. Plaintiff's deposition is scheduled for September 3, 2013.   *Harman Dec.*, ¶ 24.   Plaintiff is not in violation of any court order regarding discovery.   *Harman Dec.*, ¶ 25.

Leniency should be afforded to *pro se* litigants.   *D'Zurella*, 953 F.2d at 1391.   In light of this leniency and Plaintiff's good faith and diligence throughout the discovery process, we respectfully request the Court not assess sanctions to Plaintiff.

Dated: New York, New York          Respectfully submitted,
       August 27, 2013


By:        _____s/_____
        Walker G. Harman, Jr.
        THE HARMAN FIRM, PC
        *Attorneys for Plaintiff*
        200 West 57th Street, Suite 900
        New York, New York 10019
        Tel.: (212) 425-2600
        Fax: (212) 202-3926
        wharman@theharmanfirm.com