**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 13-cv-00158-RPM-MJW

PATRICK HARTLEY,

    Plaintiff,

v.

TIME WARNER NY CABLE LLC,

    Defendant.

---

**DEFENDANT TIME WARNER NY CABLE LLC'S MOTION TO STRIKE THE
DECLARATION OF WALKER G. HARMAN, JR. FILED IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES**

---

## I.  INTRODUCTION AND MOTION

Plaintiff's counsel, Walker G. Harman, Jr., admittedly had no involvement in this action until July 18, 2013, when he notified Defendant Time Warner NY Cable LLC ("Defendant" or "TNY") that he had been retained by Plaintiff in this matter.[1] Nevertheless, on August 27, 2013, Mr. Harman submitted a sworn declaration in Opposition to Defendant's Motion to Compel and for Attorneys' Fees (the "Harman Declaration"), in which he purports to verify, under penalty of perjury, his personal knowledge of the underlying facts of this action, including, for example, Plaintiff's work history, Plaintiff's use of FMLA, and Plaintiff's income from his side business as a process server. [D.E. 75 ¶¶ 3-4, 27-29.]  Of course, Mr. Harman has no personal knowledge of these underlying facts.  Indeed, Mr. Harman admits that his knowledge is based

---

[1] Mr. Harman notified TNY's counsel of his representation of Plaintiff on July 18, 2013, and filed a Notice of Appearance with the Court on July 25, 2013.  An authentic duplicate of Mr. Harman's letter is attached to the Declaration of Nathan D. Chapman ("Chapman Dec.") ¶ 3 & Ex. 1.); [DE 66.]

upon his "review of the file, the docket, and information that has been produced by both parties in discovery"—*i.e.*, rank hearsay.[2]  In addition, the Harman Declaration, which bears all of the organizational hallmarks of a legal memorandum (including, for example, sections entitled "Summary of the Action" and "Relevant Procedural History"), is fraught with improper legal conclusions, such as Mr. Harman's opinion that TNY's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence.  [D.E. 75 ¶ 26.]  This type of legal argument is patently improper in a declaration.  Further, the "facts" in the Harman Declaration pertaining to TNY's Motion to Compel are all inadmissible hearsay, are irrelevant to the present dispute, or are duplicative of information contained elsewhere in the record.

Notwithstanding these obvious defects, Mr. Harman advised TNY's counsel on September 12, 2013, that he would not withdraw his declaration, as TNY requested, and that he stands by his sworn statements.  (*See* Chapman Dec., Ex. 2.)  Accordingly, the Court should strike the Harman Declaration because it contains facts that are not based on Mr. Harman's personal knowledge and asserts improper legal conclusions.  Further, given that Plaintiff's counsel has refused to withdraw his Declaration after TNY's request and good-faith conferral, the Court also should award TNY its fees for having to file a motion to strike this frivolous "testimony."  *See* 28 U.S.C. § 1927.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard.

Where a declaration consists of inadmissible hearsay, legal conclusions, facts not based on personal knowledge, and irrelevant or duplicative of information that appears elsewhere in the

---

[2] An authentic duplicate of Mr. Harman's e-mail containing this statement is attached to the Chapman Dec. as Exhibit 2.

record, a district court should strike the declaration. *See Dalvit v. United Air Lines, Inc.*, No. 07-cv-00725-WDM-CBS, 2008 WL 3468703, at *7-8 (D. Colo. Aug. 11, 2008) (striking affidavits submitted in opposition to summary judgment). This is particularly the case where, as here, counsel submits an unnecessary and improper declaration containing inadmissible hearsay and recounting the procedural history of an action, describing deposition testimony, describing the contents of documents, and asserting legal conclusions. *See Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1220-21 (D. Colo. 2011), *aff'd in part, rev'd in part on other grounds by* 711 F.3d 1173 (10th Cir. 2013). As this Court found in *Llewellyn* under similar circumstances, it is unnecessary, "bordering on improper," for counsel to include statements in a declaration that are "loaded with hearsay ([counsel] describing deposition testimony and the contents of documents) and legal conclusions . . . ." *Id.* at 1221. Yet this is precisely what Mr. Harman has done.

### B. The Court Should Strike the Harman Declaration.

The Harman Declaration, like the declaration in *Llewellyn*, is composed primarily of legal argument and contains a number of factual statements that are not, and could not be, based on Mr. Harman's personal knowledge. [*See* DE 75.] First, the Harman Declaration contains such improper legal conclusions as the following:

- stating that Plaintiff acted in good faith during discovery [DE 75, ¶ 14];
- stating that Plaintiff is not in violation of any court order [DE 75, ¶ 25];
- claiming that the information sought by Defendant would not lead to the discovery of admissible evidence [DE 75, ¶ 26];
- claiming information regarding Plaintiff's process serving business is irrelevant

        [DE 75, ¶ 28]; and

- claiming that Plaintiff's employment history is irrelevant) [DE 75, ¶ 30].

Second, the Harman Declaration makes various factual assertions that cannot be based on Mr. Harman's personal knowledge regarding: (1) Plaintiff's work history and use of Family Medical Leave Act ("FMLA") leave [*Id.* ¶¶ 3-4, 29]; (2) Plaintiff's sexual orientation [*Id.* ¶ 4]; and, (3) Plaintiff's income from his side-business as a process server [*Id.* ¶ 27.]. If this information is, in fact, based on Mr. Harman's personal knowledge, then he is a fact witness and could not represent Plaintiff. Indeed, Mr. Harman is ethically prohibited from serving both as an advocate and a fact witness in the same proceedings. *See* Colo. R. Prof. Conduct 3.7; D.C.COLO.LCiv.R. 83.4. If, however, the Harman Declaration is simply a back door attempt at further briefing by Plaintiff's counsel, the Court should strike it from the record. *Llewellyn*, 795 F. Supp. 2d at 1220-21; *Dalvit*, 2008 WL 3468703, at *7-8.

Furthermore, the limited portions of the Harman Declaration that could possibly be based on Mr. Harman's personal knowledge are irrelevant to Defendant's Motion to Compel or duplicative of information that appears elsewhere in the record. [*See, e.g.*, *id.* ¶ 1 (stating that Plaintiff's counsel owns a law firm and represents Plaintiff); ¶ 4 (stating that Plaintiff is an openly gay man); ¶ 11 (stating that a status conference was held on August 13, 2013); ¶¶ 12, 13 (stating that the parties stipulated to dismissal of certain claims (including Plaintiff's sexual orientation claim)); ¶¶ 21, 22, 23 (stating that Plaintiff supplemented his discovery responses with unspecified documents); ¶ 25 (stating that Plaintiff's deposition was scheduled for September 3, 2013).]

Based on the foregoing, the Court should strike the Harman Declaration as unnecessary

and improper.  *See Llewellyn*, 795 F. Supp. 2d at 1220-21; *Dalvit*, 2008 WL 3468703, at *7-8; *see also BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1101 (10th Cir. 1999) (affidavits "must set forth facts, not conclusory statements"); *Spivey v. United States*, 912 F.2d 80, 84 (4th Cir. 1990) ("[w]hile affidavits submitted by counsel are permissible under some circumstances, this [is] not one of them.  It is elementary that counsel may not participate both as an advocate and as a witness, absent special circumstances."); *Kamen v. American Tel. and Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (improper to rely on attorney affidavit not based on personal knowledge); *GMAC Mortg. Corp. v. Weisman*, No. 95 CIV. 9869(JFK), 1997 WL 83416, at *4 (S.D.N.Y. Feb. 27, 1997) (refusing to consider legal argument and conclusions presented in an attorney affidavit).

### C. The Court Should Award TNY its Fees in Having to File This Motion to Strike.

When a party submits material that is clearly inappropriate and precipitates a motion to strike, the district court should award the movant its reasonable expenses and attorneys' fees.  *See Sample v. City of Sheridan*, Civil Action No. 10-cv-01452-WJM-KLM, 2012 WL 1156050, at *2-3 (D. Colo. Apr. 6, 2012).  Moreover, Plaintiff's counsel's stubborn refusal to withdraw his patently improper declaration further warrants an award of TNY's attorneys' fees and costs associated with the instant Motion because he has unreasonably and vexatiously multiplied these proceedings.  28 U.S.C. § 1927

### III.   CONCLUSION

The Court should strike the Harman Declaration because it is comprised primarily of improper legal conclusions, and contains numerous factual averments about which Mr. Harman does not have personal knowledge. [*See, e.g.,*D.E. 75 ¶¶ 4, 14, 25, 29-31.]  Further, the facts in

the Harman Declaration that are based on Mr. Harman's personal knowledge are irrelevant or duplicative of record information (*e.g.*, that a status conference occurred and Plaintiff stipulated to the dismissal of certain claims). [*See id.* ¶¶ 69-72.]

Accordingly, the Court should strike the Harman Declaration and instruct him to refrain from filing any declarations in the future that are not based on personal knowledge or which contain legal conclusions. In addition, the Court should award TNY its attorneys' fees and costs associated with having to prepare, file, and prosecute such an unnecessary motion.

Respectfully submitted, this 13th day of September, 2013.

    s/ *Nathan D. Chapman*
Nathan D. Chapman
Paul G. Sherman
WARGO & FRENCH LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel: (404) 853-1500
Fax: (404) 853-1501
Email: nchapman@wargofrench.com
    psherman@wargofrench.com

Josh A. Marks
BERG HILL GREENLEAF & RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Tel: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com

*Attorneys for Defendant Time Warner NY Cable LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that on September 12, 2013, pursuant to Local Rule 7.1, the parties engaged in reasonable, good-faith conferral efforts via written correspondence to resolve the disputed matters regarding the Harman Declaration without Court intervention.

>     s/ *Nathan D. Chapman*
> Nathan D. Chapman

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013, a true and correct copy of this

**DEFENDANT TIME WARNER NY CABLE LLC'S MOTION TO STRIKE DECLARATION OF WALKER G. HARMAN, JR.** was e-served upon the following via ECF/PACER:

Walker G. Harman , Jr.
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, NY 10123

    s/ *Nathan D. Chapman*
    Nathan D. Chapman