# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-RM-MJW

PATRICK HARTLEY,

     Plaintiff,

v.

TIME WARNER NY CABLE LLC,

     Defendant.

---

## DECLARATION OF NATHAN D. CHAPMAN IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER AND TO FILE A SECOND AMENDED COMPLAINT

---

I, Nathan D. Chapman, state and depose as follows:

1.    My name is Nathan D. Chapman. I am over the age of 18 and competent to give this Declaration.

2.    This Declaration is given from my personal knowledge and a review of my files.

3.    I am counsel for Defendant Time Warner NY Cable LLC ("TNY") in the above-referenced matter. This Declaration is given in opposition to Plaintiff Patrick Hartley's ("Plaintiff" or "Hartley") Motion to Amend The Scheduling Order And to File A Second Amended Complaint [D.E. 73].

4.    On April 17, 2013, Plaintiff served his First Interrogatories and First Requests For Documents on TNY by e-mail.

5.    On July 18, 2013, I received a letter from attorney Walker Harman, informing TNY that Plaintiff has engaged him as counsel on this matter. A true and correct copy of this letter is attached hereto as Exhibit 1.

6.      On August 13, 2013, the parties attended a hearing before this Court.  True and correct excerpts of the transcript from the August hearing are attached hereto as Exhibit 2.

7.      On September 3, 2013, I took the deposition of Plaintiff Patrick Hartley.  True and correct excerpts of the Transcript of the Deposition of Plaintiff Patrick Hartley ("Hartley Tr.") and relevant portions of supporting exhibits are attached hereto as composite Exhibit 3.

8.      On September 10, 2013, I received an email from Plaintiff's counsel transmitting Plaintiff's privilege log.  A true and correct copy of the privilege log is attached hereto as Exhibit 4.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 20, 2013.

Nathan D. Chapman

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, a true and correct copy of the foregoing

**DECLARATION OF NATHAN D. CHAPMAN IN OPPOSITION TO PLAINTIFF'S**

**MOTION TO AMEND THE SCHEDULING ORDER AND TO FILE A SECOND**

**AMENDED COMPLAINT** was e-served upon the following via ECF/PACER:

> Walker G. Harman , Jr.
> THE HARMAN FIRM, P.C.
> 200 West 57th Street, Suite 900
> New York, NY 10123

_s/ Nathan D. Chapman_
Nathan D. Chapman

# EXHIBIT 1

# THE HARMAN FIRM, PC

### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

July 18, 2013

**VIA EMAIL (nchapman@wargofrench.com)**
Nathan D. Chapman, Esq.
Wargo French
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia 30309

> **Re:**   ***Hartley v. Time Warner NY Cable LLC***
> **13 CV 158 (D. Colo.)**

Dear Mr. Chapman:

We have been engaged to pursue the above-referenced matter on behalf of Patrick G. Hartley and a putative class asserting claims under the Family and Medical Leave Act, the Fair Labor Standards Act, and other applicable laws. We are in the process of obtaining local counsel. We will be writing the Court to request an extension on any outstanding deadlines, including the scheduling of depositions. Going forward, please serve all papers on my office and cease all direct communication with Mr. Hartley.

Furthermore, you are hereby on notice to preserve all documentation and electronically stored information that relates to Mr. Hartley's and the putative class members' employment at the Time Warner NY Cable, LLC ("TWC") call center in Colorado Springs. All information from TWC computer systems, removable electronic media, and other locations must be retained. This includes, but is not limited to, email and other electronic communication, word-processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files and network access information.

TWC must also preserve the following platforms in their possession or in the possession of a third party under the control of TWC (such as an employee or outside vendor under contract) as they relate to Mr. Hartley's and the putative class members' employment at the TWC call center in Colorado Springs: any information created, maintained and/or retrievable by electronic means, whether on or by a computer chip, hard disk, removable disk, tape, laser device or other digitally recorded medium, or any other similar device, including but not limited to information stored in databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail). As you know, the laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence.

Nathan D. Chapman, Esq.
July 18, 2013
Page 2 of 2

       Should you have any question or concern or wish to discuss this letter further, do not hesitate to call.  Thank you.

                          Very truly yours,
                          THE HARMAN FIRM, PC


                                 s/
                          Walker G. Harman, Jr.


cc:    Brian M. Moss (via email, bmoss@theharmanfirm.com)
       Patrick G. Hartley (via email)

# EXHIBIT 2

1

1               IN THE UNITED STATES DISTRICT COURT

2                FOR THE DISTRICT OF COLORADO

3    Case No. 13-cv-00158-RM-MJW

4

5    PATRICK G. HARTLEY, individually and on behalf of others

6    similarly situated,

7        Plaintiff,

8    vs.

9    TIME WARNER NY CABLE, LLC,

10       Defendant.

11

12       Proceedings before MICHAEL J. WATANABE, United

13   States Magistrate Judge, United States District Court for

14   the District of Colorado, commencing at 2:40 p.m., August

15   13, 2013, in the United States Courthouse, Denver, Colorado.

16

17       WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

18   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

19

20               APPEARANCES

21       WALKER G. HARMAN, JR., Attorney at Law, appearing

22   via telephone for the plaintiff.

23

24

25          TELEPHONIC STATUS CONFERENCE

3

1   matter's before the Court for a status conference.  I want

2   to get an update on the status of the case, noting that the

3   plaintiff was representing himself, pro se, for some period

4   of time until Mr. Harman fairly recently entered his

5   appearance in the case.  And there are a number of motions,

6   and I want to double-check as to which ones are really still

7   outstanding or not, so I'm going to speak to Mr. Harman

8   first.

9            Mr. Harman, first off, there was a motion filed by

10  Mr. Hartley pro se, before you got on the case, which was a

11  motion for an order which related to class action

12  certification, which is Docket 24, and then subsequent to it

13  being filed, he filed a motion -- I believe Mr. Hartley did

14  -- to withdraw the motion.  So let me start there.  Is -- are

15  you seeking class certification in this case?

16           MR. HARMAN: Not under -- well, I -- I -- I need to

17  sort of back up myself a bit.

18           THE COURT: Okay.

19           MR. HARMAN: Ultimately, Your Honor, the plaintiff

20  on behalf of himself and others will seek to pursue the

21  action as a class and collective action under the FLSA and

22  under the FMLA.  But -- but prior to any motion practice on

23  collective or class action status, we believe it necessary

24  to -- vital, in fact, to file an amended pleading.

25           THE COURT: Okay.

1    you an opportunity --

2          MR. HARMAN: Okay.

3          THE COURT:  -- to respond to that because I know

4    you just entered, okay?  And then I think this last motion,

5    which is Docket 63, which was Mr. Hartley's pro se Motion to

6    Continue is moot at this point since I've had the status

7    conference, so that motion is considered moot and therefore

8    denied since I'm holding the status conference today.  So

9    Docket 63 is moot and denied for those reasons.

10          Okay.  So what that means is there are two

11   outstanding motions pending at the present.  One is the

12   defendant's Motion to Dismiss under both Rule 12(b)(6) and

13   -- and 12(b)(1), and those are fully briefed, so I will

14   address those.  Secondly is the Motion to Compel and for

15   Attorney's Fees by the defendant, and I've given the

16   plaintiff until August 27, 2013, to respond to that motion

17   knowing that Mr. Hartley, who was representing himself, has

18   now retained counsel, Mr. Harman, so Mr. Harman can respond

19   to that.

20          And then we need to address this other issue.  Mr.

21   Harman has indicated he is going to file a Motion to Amend

22   the Complaint, so I will give you until August 27th, 2013,

23   to file any Motion to Amend the Complaint, Mr. Harman.  Then

24   we'll take it up on the merits once a response gets filed to

25   your Motion to Amend the Complaint.  Don't forget to attach

1    the plaintiff at this point?

2         MR. HARMAN: Well, only that there are these

3    outstanding and unresolved issues with respect to the

4    plaintiff's deposition.  I have told defendant's counsel that

5    I am not available during the remainder of August, but that

6    I am not opposed to producing Mr. Hartley for his deposition

7    in September.  However, it would be my preference to put his

8    deposition off until the Court rules on the amended pleading

9    because anything could happen, especially if the Court's

10   combining it with a Rule 12(b)(6) decision, we don't know

11   what's going to happen.  And so --

12        THE COURT: Well, no, the scheduling order --

13        MR. HARMAN:  -- if all the parties are to be flying

14   to Colorado for a deposition, it seems to --

15        THE COURT: Well, just a minute.  I'll explain that

16   to you.  The mere fact that there's a Motion to Dismiss

17   pending does not mean that discovery does not go forward.

18   So discovery goes forward.

19        MR. HARMAN: I understand, Your Honor, but -- but

20   I'm just explaining that -- that as a pragmatic matter, I'm

21   not trying to put it off indefinitely.  I stated that I would

22   work with opposing counsel to produce Mr. Hartley in

23   September, but in general, it would be my preference to put

24   any depositions off until the --

25        THE COURT: No --

1               MR. HARMAN:  -- the Motion to Amend the

2    Complaint --

3               THE COURT: No --

4               MR. HARMAN:  -- has been --

5               THE COURT:  -- we're not -- we're not doing

6    that --

7               MR. HARMAN:  -- addressed --

8               THE COURT:  -- because that'll just delay --

9               MR. HARMAN:  -- at a minimum.

10              THE COURT:  -- the case more.  Does defendant wish

11   to take Mr. Hartley's deposition in September?

12              MR. CHAPMAN: We wished to take it in August.  We

13   noticed it for August 22nd.  We provided six separate -- six

14   different dates in late August for -- for the plaintiff's --

15   for plaintiff's counsel to -- to choose from if the 22nd

16   didn't work.  We were informed that they would not be

17   appearing for any deposition in August, and our discovery

18   deadline is August 30th, so we've got a deposition out --

19   notice out there. There's been no Motion for Protective Order

20   and -- and, you know, currently we --

21              THE COURT: What's -- Mr. -- Mr. Harman --

22              MR. CHAPMAN:  -- we would like to move forward.

23              THE COURT:  -- what's the problem in taking the

24   deposition by August 30th?  I -- are you in trial, or what

25   is it?

1      MR. HARMAN: I -- I have returned from Florida for

2  -- from a mediation, and then going into depositions over the

3  next few weeks, many of which are Court ordered.  I have

4  motions due in cases and travel plans from the 26th of August

5  on.  I explained this to opposing counsel in detail, and with

6  all due respect, I -- I really -- given that I

7  just --

8      THE COURT: Well, just -- just a moment.

9      MR. HARMAN:  -- submitted a Notice of Appearance

10  and offered Mr. Hartley --

11      THE COURT: Well, just a moment.

12      MR. HARMAN:  -- in September, I really don't

13  understand why this is such a problematic issue for opposing

14  counsel. I told (inaudible) on any date in September, and

15  then if (inaudible) my calendar in September was -- was

16  fairly flexible.

17      THE COURT: All right.  Well, let's just set it now.

18  Are you available September 3?

19      MR. HARMAN: No, I'm not.

20      THE COURT: You just got done saying you're

21  available every day in September, didn't you?

22      MR. HARMAN: I said my calendar was fairly flexible

23  in September, Your Honor.

24      THE COURT: All right.  Well, let's -- no --

25      MR. HARMAN: I didn't say that I --

1              THE COURT:  -- no.  Mr. Harman, don't waste the

2     Court's time.  Are you available September 4th?

3              MR. HARMAN: Bear with me one second, please.

4              THE COURT: Yes.  And I'll ask the same of --

5              MR. HARMAN: I'm just opening up a -- my calendar.

6              THE COURT: All right.  Well, I'm going to have

7     defense counsel make sure they have their calendar, too.  So,

8     Mr. Chapman, are you available September 4th?

9              MR. CHAPMAN: I do.  I have my calendar open, Your

10    Honor, and I am available --

11             THE COURT: Okay.

12             MR. CHAPMAN:  -- and we will be happy to proceed

13    with Mr. Hartley's deposition then.

14             THE COURT: Well, let me find out.  Mr. Harman --

15             MR. HARMAN: Actually, Your Honor, I -- September

16    3rd is fine.

17             THE COURT: September 3rd?  All right.  Mr. --

18             MR. HARMAN: Yes.

19             THE COURT:  -- Chapman, September 3?

20             MR. CHAPMAN: I will be happy to make that happen.

21             THE COURT: Okay.  Now, I'm going to amend the

22    Scheduling Order to allow an extension on the discovery for

23    the purposes of taking the plaintiff's deposition, Mr.

24    Hartley, to September 3, 2013.  The parties are to meet and

25    confer and set the specific time to start the deposition.

# EXHIBIT 3

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2                FOR THE DISTRICT OF COLORADO
 3       Case No. 13-CV-158
 4       ------------------------------------------------
 5       VIDEO DEPOSITION OF PATRICK G. HARTLEY
 6                          September 3, 2013
 7       ------------------------------------------------
 8       PATRICK G. HARTLEY, individually and on behalf of
         others similarly situated,
 9
         Plaintiffs,
10
         vs.
11
         TIME WARNER CABLE NY, LLC d/b/a TIME WARNER
12       CABLE, et al.,
13       Defendants.
14       ------------------------------------------------
15       APPEARANCES:
16           THE HARMAN FIRM
                   By Walker G. Harman, Jr., Esq.
17                    200 West 57th Street, Suite 900
                      New York, New York 10019
18                       Appearing on behalf of Plaintiffs.
19           WARGO & FRENCH LLP
                   By Nathan D. Chapman, Esq.
20                    999 Peachtree Street, N.E., 26th Floor
                      Atlanta, Georgia 30309
21                       Appearing on behalf of Defendants.
22
23           Also Present:  Farid Jabbour
24                          Linda Williams
25                          Nick Borgia, CLVS
```

Page 38

1          MR. HARMAN:  Objection.  Do not answer the

2     question to the extent that it will reveal

3     attorney-client communications.

4          A    To the best of my ability.

5          Q    (BY MR. CHAPMAN)  You reviewed it carefully

6     before you filed it?

7          A    I did review it, yes.

8          Q    Okay.  And you amended this to correct the

9     name of the Time Warner Cable entity you are asserting

10    claims against?

11         A    Yes.

12         Q    There is nothing in the complaint about

13    off-the-clock work, is there?

14         A    Yes, there is.

15         Q    Where?  Can you show me where it says that?

16         A    Paragraph 29.  The defendants have violated

17    the Fair Labor Standards Act, 29 U.S.C. Section 201.

18         Q    Can you please tell me where it says that

19    plaintiff worked off the clock?

20         A    I cannot.

21         Q    Okay.  It does not say that, does it?

22         A    No.

23         Q    Okay.  And can you show me in the complaint

24    where it says that the defendant failed to pay you

25    overtime?

Page 39

1      A    No.

2      Q    And it does not say that the defendant
3  failed to pay you wages, does it?

4      A    Can you repeat the question?

5      Q    Does the complaint say that the defendant
6  Time Warner Cable failed to pay you wages?

7      A    In paragraph 14 it says that I was delayed
8  a pay raise.

9      Q    Okay.

10          And that was your claim as you believed it
11  under the Fair Labor Standards Act, correct?

12     A    Correct.

13     Q    Okay.

14     A    Part of it.

15     Q    What was the other part?

16     A    Unpaid overtime.

17     Q    Okay.

18          And you were aware of that at the time that
19  you filed this complaint?

20     A    I was, but I did not put it in the
21  complaint.

22     Q    Why didn't you put it in the complaint?

23          MR. HARMAN:  Objection.  Do not answer the
24  question to the extent that it will reveal
25  attorney-client communications.

Page 42

1    those attorneys had any input into this complaint?

2          A    That's correct.

3          Q    All right.

4                So how did you know to look up the Fair

5    Labor Standards Act?

6                MR. HARMAN:  Objection.  Do not answer the

7    question to the extent it would reveal any

8    communications that you had with any lawyers.

9    Otherwise, you can answer that.

10         A    There is a thing on the wall at work that

11   talks about labor laws.

12         Q    And what does that say?

13         A    I do not recall exactly what it says, but

14   it is whatever is required by the state that the

15   company hangs in the workplace.

16         Q    And so you knew -- you knew about the

17   existence of the Fair Labor Standards Act, right?

18         A    That's correct.

19         Q    When you filed this complaint?

20         A    Yes.

21         Q    You knew that you believed you had not been

22   paid overtime at the time that you filed this complaint,

23   right?

24         A    Correct.

25         Q    And you didn't move to amend this complaint

Page 46

1   to begin taking calls at the beginning of your shift.

2          In order to do so, I would have to arrive 15

3   minutes early on average in order to load the

4   applications and programs necessary for me to begin

5   taking calls at the start of my shift.  I was not

6   compensated for that time.

7      Q    And you were aware of those facts prior to

8   January 2013, right?

9      A    Correct.

10         (Exhibit 6 marked.)

11     Q   (BY MR. CHAPMAN)  Mr. Hartley, I am going to

12   hand you what has been marked as Exhibit 6.  These are

13   interrogatories that we sent you on or around March 4,

14   2013.

15         Do you recall receiving those?

16     A    Yes, I do.

17     Q    And you provided us with some responses to

18   our questions, right?

19     A    Yes, I did.

20     Q    Okay.  Do you remember what day you did

21   that?

22     A    April 17, 2013.

23         (Exhibit 7 marked.)

24     Q   (BY MR. CHAPMAN)  I am going to hand you what

25   has been marked as Exhibit 7.  I have just attached the

Page 50

1       A    I do not recall.  I don't know.

2       Q    So how do you know that you made a mistake?

3       A    Because I know it takes longer than seven

4    to ten minutes.

5       Q    All of the time?

6       A    Not every day, but mostly, yes.

7       Q    Most of the time?

8       A    Most of the time.

9       Q    Okay.

10           And you were paid overtime while you were

11   employed by Time Warner Cable, right?

12      A    On occasion.

13      Q    So if somebody said that you were never paid

14   overtime, that would be a false statement, correct?

15      A    Correct.

16      Q    So tell me exactly what you believe should

17   have been in your complaint for your overtime -- strike

18   that.

19           What specific facts are you aware of that

20   indicate to you that you were required to perform ten to

21   15 minutes of additional work in the mornings?

22      A    That my supervisors would tell us that we

23   have to be on the phones at the start of our shift and

24   that it would take -- and that regardless that we had

25   to be there.  If we were late, we were subject to

Page 252

1       Q    And there was an attachment to that,

2   correct?

3       A    Yes.

4       Q    And that was the opposition to class

5   certification that we filed in this litigation?

6       A    Yes.

7       Q    And you still have a copy of that e-mail,

8   right?

9       A    Yes.

10           (Exhibit 28 marked.)

11      Q    (BY MR. CHAPMAN)  I am going to hand you what

12   has been marked as Exhibit 28.  I will represent to you

13   this is another set of text messages that was produced

14   to us on Monday of last week.

15           Have you seen this document before?

16      A    Yes.

17      Q    Is this an e-mail exchange between you and

18   Mr. Sergio Alcala?

19      A    Yes.

20      Q    That started on November 11, 2012; is that

21   right?

22      A    Yes.

23      Q    Do you see it at the top there?

24      A    Yes.

25      Q    Is that a screen shot from your cell phone?

Page 260

1          A     Correct.

2          Q     I understand that you represented to the

3     court and to us throughout this litigation that you have

4     been proceeding pro se, right?

5          A     Right.

6          Q     And when you filed this litigation, did you

7     intend to file it as a class action?

8          A     I didn't know how, but yes.

9          Q     Okay.  And do you recall that there was a

10    scheduling conference with Judge Watanabe, right?

11         A     Yes.

12         Q     At that scheduling conference you

13    represented to him that you were not proceeding on a

14    class basis, right?

15         A     I do not remember.

16         Q     Okay.  Have you reviewed the transcript from

17    that hearing?

18         A     Not recently.

19         Q     Have you reviewed it ever?

20         A     Yes.

21               (Exhibit 30 marked.)

22         Q     (BY MR. CHAPMAN)  I am going to hand you what

23    has been marked as Exhibit 30.  I will represent to you

24    that these again are text messages or what appears to be

25    text messages that we received from your attorneys last

Page 261

1    Monday.

2              Is this a series of text messages between

3    you and Lisa Thompson?

4         A    Yes.

5         Q    Is that the same Lisa Thompson that we

6    discussed earlier that you listed in your interrogatory

7    responses as a potential witness?

8         A    Yes.

9         Q    Okay.  You exchanged some e-mails with

10   Ms. Thompson, correct?

11        A    Yes.

12        Q    All right.  And that was at the

13   Patrickghartley@gmail.com account?

14        A    Yes.

15        Q    And those have all been turned over to your

16   attorneys, right?

17        A    Yes.

18        Q    If you will turn with me to the second page.

19   Ms. Thompson says, And I am going to send it to

20   corporate as well.  Do you know who that would be for

21   this region and for TWC in general?

22             Do you remember receiving that?

23        A    Yes.

24        Q    And then you responded with the next four or

25   five blocks; is that right?



Sergio Alcala

Nov 11, 2012 at 1:31 PM

hello!

 Hey, at work so cant talk much about "you know what" Thanks for the template you sent. I've been working on it since this morning. Give me your email again so I can send it hopefully by tonight.

 patrickghartley@gmail.com

 i assume you know Kevin was fired after not reapplying for FMLA right?

no way

i didn't know that

 really? yup, on exact day he was suppose to renew his fmla


EXHIBIT
Hartley
28
9-3-13    MW







📱 Sergio Alcala

ah.. i got some break time i gotta kill

——— Nov 30, 2012 at 2:29 PM ———



Patrick, I need you to call me ASAP. I was fired from TWC for attendance stemming from the whole UNUM miscount issue. and being late 1 minute twice and 5 min once. Please call Dena or I at 622-1111 or 313-1393. Thanks

——— D.  9, 2012 at 3:29 PM ———

bonjour

——— May 23 at 6:33 PM ———



hey, did you get my email?

i'm resendinn another version of it cuz I had forgotten a few more incidents, i'l lbe seding more periodically since i'm pulling my old notes

I got your 2nd one. Its perfect



Lisa Thompson

I figured as much.



Anyway I think I have strep throat & will probably nod off soon. I'll forward you the letter as soon as I write it. And you know, I thought I had put it behind me but I think I'll copy the CEO as well to give myself closure. Keep in touch & let me know what happens okay?

Yes maam. Feel better.





What's your email address? Your personal one please. Or actually, TWC is okay, I don't give a shit actually :). Finishing up my statement & will sign it, scan it, & email it to you.

Hope you had a good Christmas :).



EXHIBIT
Hartley
30
9-3-13   MK





Lisa Thompson

Hope you had a good Christmas :).

Dec 28, 2012 at 3:18 PM

patrick.hartley@gmail.com   you rock! merry Christmas to you too!



And I'm going to send it to corporate as well. Do you know who that would be? For this region and for TWC in general?

um, well, i'm actually gonna be wrapping up soon, and trust me, they will know all about it. i don't have any idea who you would send it to. jeff zimmerman maybe? he's the chief ethics and compliance officer

only thing is you don't work there, so your statement doesn't really have any weigh to them. Nothing to strike fear. Me, on the other hand, they should be terrified, if they aren't then that's just dumb.

write a message





📱 Lisa Thompson

~~should be terrified, if they aren't~~ then that's just dumb.

but your statements bundled with all my documentation and history, just adds fuel to the fire..

you know what i means when a plaintiff files and adds "and others similarly situated"  he he he.. i'm not forgetting anybody in this

TRUST ME



Actually I'm done with this. I going to print it off, sign it, & just leave it to you to use it however you feel would benefit your cause. That experience really screwed me up & I just want to put it behind me.

closure doesn't come when we want it, it comes when its time.  thank you for helping fight injustice!



# EXHIBIT 4

## PRIVILEGE LOG

### Hartley v Time Warner NY Cable LLC
### Case No.: 13-cv-00158-PAB-MJW

| Date | Document Type | Author(s) | Recipient(s) | Description | Privilege(s) Claimed/Basis for Withholding |
|---|---|---|---|---|---|
| 07/15/2013 9:50 a.m. | E-mail | Patrick Hartley | V. Roberts | Contact information, FLSA | Attorney-client privilege, Work product |
| 07/14/2013 1:32 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Motion to continue and response to motion to compel | Work product |
| 07/09/2013 8:53 a.m. | E-mail | Patrick Hartley | Robert Hill | Admissions | Work product |
| 07/07/2013 8:49 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Admissions | Work product |
| 06/30/2013 3:38 p.m. | E-mail | Patrick Hartley | Dena Cannon | Declaration of Dena | Work product |
| 06/30/2013 3:16 p.m. | E-mail | Patrick Hartley | Dena Cannon | Declaration of Dena | Work product |
| 06/30/2013 2:43 p.m. | E-mail | Patrick Hartley | Dena Cannon | Declaration of Dena | Work product |
| 06/21/2013 4:56 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Update on the case | Work product |
| 06/21/2013 3:54 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Update on the case | Work product |
| 06/21/2013 2:59 p.m. | E-mail | Crystal Smith-Ogle | Patrick Hartley | Update on the case | Work product |

| Date/Time | Type | From | To | Description | Privilege |
|---|---|---|---|---|---|
| 06/21/2013 1:23 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Motion letter to court | Work product |
| 06/21/2013 8:31 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Letter to judge | Work product |
| 06/21/2013 8:16 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Plaintiff response to TNY letter | Work product |
| 06/14/2013 12:58 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Update on the case | Work product |
| 06/14/2013 8:18 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Consent decree | Work product |
| 06/13/2013 3:59 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Draft joint status | Work product |
| 06/13/2013 3:13 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Joint status draft | Work product |
| 06/12/2013 9:58 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Update | Work product |
| 06/12/2013 3:32 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Consent decree | Work product |
| 06/09/2013 10:53 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Response to motion to dismiss | Work product |
| 06/09/2013 10:30 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |
| 06/09/2013 10:14 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |
| 06/09/2013 9:11 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |
| 06/09/2013 9:11 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |

| Date/Time | Type | From | To | Subject | Privilege |
|---|---|---|---|---|---|
| 06/09/2013 5:21 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Status report | Work product |
| 06/09/2013 5:19 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Status report | Work product |
| 06/09/2013 5:17 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Status update request | Work product |
| 06/09/2013 4:43 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Consent decree | Work product |
| 06/09/2013 3:32 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 3:18 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 2:42 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 2:19 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 1:59 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 1:46 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Status update request | Work product |
| 06/09/2013 12:09 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |
| 06/09/2013 12:09 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Motion for review | Work product |
| 06/09/2013 11:15 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Motion to compel | Work product |
| 06/09/2013 11:12 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |

3

| | | | | |
|---|---|---|---|---|
| 06/09/2013 10:37 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Motion to compel | Work product |
| 06/01/2013 11:18 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Response to motion to dismiss | Work product |
| 05/22/2013 7:26 p.m. | E-mail | Patrick Hartley | Michael Castrillo | TWC Hartley response to First RFP TWC Hartley response to First Roggs | Work product |
| 05/20/2013 4:25 p.m. | E-mail | Crystal Smith-Ogle | Patrick Hartley | Update on the case | Work product |
| 04/08/2013 5:43 p.m. | E-mail | James Davidson | Patrick Hartley | Request for conference call | Work product |
| 04/08/2013 1:58 p.m. | E-mail | Patrick Hartley | James Davidson | Request for conference call | Work product |
| 04/07/2013 11:21 a.m. | E-mail | Patrick Hartley | James Davidson | Summary of the case | Work product |
| 04/07/2013 5:54 a.m. | E-mail | James Davidson | Patrick Hartley | Summary of the case | Work product |
| 03/24/2013 12:42 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Motion for class action | Work product |
| 03/12/2013 8:29 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Supervisor intern | Work product |
| 02/06/2013 2:41 p.m. | E-mail | Patrick Hartley | Julia Vendeland | Supervisor intern | Work product |
| 02/06/2013 2:40 p.m. | E-mail | Julia Vendeland | Julia Vendeland, Patrick Hartley | Supervisor intern | Work product |

4

| Date | Type | From | To | | Work product |
|------|------|------|------|------|------|
| 01/23/2013 3:41 p.m. | E-mail | Patrick Hartley | Julia Vendeland | Supervisor intern | Work product |
| 01/23/2013 12:02 a.m. | E-mail | Patrick Hartley | Michael Castrillo | Supervisor intern | Work product |
| 01/22/2013 3:53 p.m. | E-mail | Michael Castrillo | Patrick Hartley | Complaint | Work product |
| 01/16/2013 2:58 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Complaint | Work product |
| 01/16/2013 1:17 p.m. | E-mail | Crystal Smith-Ogle | Patrick Hartley | Complaint | Work product |
| 01/11/2013 12:34 p.m. | E-mail | Patrick Hartley | Crystal Smith-Ogle | Complaint | Work product |
| 01/11/2013 12:30 p.m. | E-mail | Crystal Smith-Ogle | Patrick Hartley | Complaint | Work product |
| 01/11/2013 12:29 p.m. | E-mail | Patrick Hartley | Crystal Smith-Ogle | Complaint | Work product |
| 01/07/2013 7:13 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 01/07/2013 7:13 p.m. | E-mail | Patrick Hartley | Michael Castrillo | Complaint | Work product |
| 01/04/2013 4:21 p.m. | E-mail | Patrick Hartley | Crystal Smith-Ogle | Complaint | Work product |
| 01/04/2013 3:35 p.m. | E-mail | Crystal Smith-Ogle | Patrick Hartley | Complaint | Work product |
| 12/16/2012 11:54 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 12/16/2012 11.03 p.m. | E-mail | Patrick Hartley | XKon Legal, Dennis Hartley, Colling Earl, James Davidson | FMLA complaint | Work product |

| Date | Sender | Recipient | Subject | Privilege |
|---|---|---|---|---|
| 12/16/2012 12.49 p.m. | E-mail | Patrick Hartley | Hhothead79@gmail.com | FMLA complaint | Work product |
| 12/16/2012 12.35 p.m. | E-mail | Patrick Hartley | Hhothead79@gmail.com | FMLA complaint | Work product |
| 12/16/2012 12.04 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 12/10/2012 5:18 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 12/10/2012 8:23 a.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 12/09/2012 1:00 p.m. | E-mail | Patrick Hartley | James Davidson | FMLA complaint | Work product |
| 12/09/2012 12:50 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint | Work product |
| 11/18/2012 2:17 p.m. | E-mail | Patrick Hartley | Patrick Hartley, Michael Castrillo | FMLA complaint | Work product |
| 11/09/2012 2:12 p.m. | E-mail | James Davidson | Patrick Hartley | Request for a conference call | Attorney-client privilege Work product |
| 11/09/2012 11:40 a.m. | E-mail | Patrick Hartley | James Davidson | Request for a conference call | Attorney-client privilege Work product |
| 11/09/2012 9:31 a.m. | E-mail | James Davidson | Patrick Hartley | Request for a conference call | Attorney-client privilege Work product |
| 11/06/2012 8:11 a.m. | E-mail | James Davidson | Patrick Hartley | Request for a conference call | Attorney-client privilege Work product |
| 11/02/2012 6:07 p.m. | E-mail | Patrick Hartley | James Davidson | Request for a conference call | Attorney-client privilege Work product |
| 11/02/2012 5:57 p.m. | E-mail | James Davidson | Patrick Hartley | Request for a conference call | Attorney-client privilege Work product |

6

| Date/Time | Type | From | To | Subject | Privilege |
|---|---|---|---|---|---|
| 10/26/2012 9:31 a.m. | E-mail | Patrick Hartley | James Davidson | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 10/21/2012 4:32 p.m. | E-mail | Patrick Hartley | Casey Medack | Patrick Hartley rebuttal | Work product |
| 10/03/2012 5:44 p.m. | E-mail | Patrick Hartley | Collin Earl | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 09/12/2012 10:17 a.m. | E-mail | Patrick Hartley | XKon Legal | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 09/05/2012 4:36 p.m. | E-mail | Esther Abramson | Patrick Hartley | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 09/05/2012 3:46 p.m. | E-mail | Patrick Hartley | Esther Abramson | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 08/31/2012 8:50 a.m. | E-mail | Patrick Hartley | Hollie L. Wieland | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 08/31/2012 8:38 a.m. | E-mail | Patrick Hartley | Sarah McClenahan | Exhibit list, Patrick Hartley rebuttal | Attorney-client privilege Work product |
| 03/29/2012 5:09 p.m. | E-mail | Patrick Hartley | Sarah McClenahan | Time Warner signed response | Attorney-client privilege Work product |
| 03/29/2012 1:50 p.m. | E-mail | Patrick Hartley | Dennis Hartley | Time Warner signed response | Attorney-client privilege Work product |
| 03/29/2012 1:19 p.m. | E-mail | Sarah McClenahan | Patrick Hartley | Time Warner signed response | Attorney-client privilege Work product |
| 03/29/2012 12:58 p.m. | E-mail | Patrick Hartley | Sarah McClenahan | Time Warner signed response | Attorney-client privilege Work product |
| 01/22/2012 10:44 p.m. | E-mail | Patrick Hartley | Michael Castrillo | FMLA complaint draft | Work product |