IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-RPM-MJW

PATRICK HARTLEY,

    Plaintiff,

v.

TIME WARNER NY CABLE LLC,

    Defendant.

---

DEFENDANT TIME WARNER NY CABLE LLC'S MOTION
TO AMEND THE SCHEDULING ORDER

---

Defendant Time Warner NY Cable LLC ("TNY") respectfully submits this Motion and requests that the Court amend the Scheduling Order to allow for additional time to complete discovery regarding the newly asserted claims in Plaintiff's Second Amended Complaint and to prepare and file dispositive motions. In support of its Motion, TNY states:

1. The Court entered a Scheduling Order on March 21, 2013. [D.E. 23.] That Scheduling Order set the close of discovery on August 30, 2013 and the dispositive motion deadline on September 30, 2013. The final pretrial conference was scheduled for December 2, 2013.

2. On July 3, 2013, TNY filed a motion to compel, seeking an order compelling Plaintiff to further respond to discovery. [D.E. 58.]

3. On August 13, the Court held a status conference in which it allowed Plaintiff until August 27, 2013 to file a motion for leave to file an amended complaint. [D.E. 69.] The Court also allowed Plaintiff until that same date, August 27, to respond to TNY's motion to

compel. [*Id.*] The Court also ordered that Plaintiff make himself available for a deposition on September 3, 2013. [*Id.*]

4. Plaintiff filed his motion for leave to file an amended complaint ("motion for leave") on August 27, 2013. [D.E. 73.] Plaintiff's proposed amended complaint sought to add new, additional claims for: (1) failure to promote and wrongful termination in violation of Colorado public policy; (2) failure to promote and wrongful termination in violation of Colorado's Lawful Off-duty Activities Act, Colo. Rev. Stat. Ann. § 24-34-402.5; (3) failure to pay overtime for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"); (4) retaliation in violation of the FLSA; and (5) retaliation in violation of the Family and Medical Leave Act ("FMLA"). [D.E. 73, at 3.]

5. Plaintiff also filed his response to TNY's motion to compel on August 27, 2013. [D.E. 75.]

6. TNY took Plaintiff's deposition on September 3, 2013. That deposition was limited to matters in the operative complaint at that time. Therefore, TNY did not question Plaintiff about matters relating to the new, additional claims in the proposed Second Amended Complaint.

7. TNY filed its reply in support of its motion to compel on September 13, 2013. [D.E. 78.]

8. TNY filed its opposition to Plaintiff's motion for leave on September 20, 2013. [D.E. 81.]

9. The Court granted Plaintiff's motion for leave on September 25, 2013, and Plaintiff's Second Amended Complaint was filed on that same day. [D.E. 82 & 83.] Counsel for

the Parties were notified of the Court's ruling through the CM/ECF system the following day, September 26, 2013.

10. The Court issued an order on September 26, 2013, setting a hearing on TNY's motion to compel on October 11, 2013, and requiring further submissions by the Parties prior to that hearing. [D.E. 84.]

11. Pursuant to Fed. R. Civ. P. 15(a)(3), TNY's deadline to respond to or answer the Second Amended Complaint is October 9, 2013.

12. In the Court's September 26 Order, it noted that any prejudice that might arise from allowing Plaintiff's Second Amended Complaint could be cured by "reopen[ing] discovery for a reasonable period" and "alter[ing] any other deadlines." [D.E. 82 at 2.]

13. The Scheduling Order should be amended to avoid prejudice to TNY due to the filing of Plaintiff's Second Amended Complaint. Specifically, TNY will not have the opportunity to conduct any discovery related to the new claims in the Second Amended Complaint without the requested amendment. TNY would also be forced to file a motion for summary judgment on the Second Amendment Complaint *before* TNY's deadline to respond to or answer that pleading if the requested amendment is not granted. Further, without the requested amendment, TNY would also be forced to file its summary judgment motion before the Court has made any ruling regarding its pending motion to compel.

14. Accordingly, TNY respectfully requests that the Court amend its scheduling order to:

- provide an additional 90-day discovery period limited to the new claims in the Second Amended Complaint, to run from the date the Court resolves TNY's

anticipated partial motion to dismiss the Second Amended Complaint or the date on which TNY files its Answer, whichever is sooner;

- move the dispositive motion deadline to 30 days after the close of the additional discovery period; and

- move the final pretrial conference date to a date approximately 90 days after the new dispositive motion deadline.

Respectfully submitted, this 27th day of September, 2013.

        s/ *Nathan D. Chapman*
Nathan D. Chapman
Paul G. Sherman
WARGO & FRENCH LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel: (404) 853-1500
Fax: (404) 853-1501
Email: nchapman@wargofrench.com
       psherman@wargofrench.com

Josh A. Marks
BERG HILL GREENLEAF & RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Tel: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com

*Attorneys for Defendant Time Warner NY Cable LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that on September 27, 2013, pursuant to Local Rule 7.1, TNY engaged in reasonable, good-faith conferral efforts via written correspondence to resolve the disputed matters regarding the relief sought in this Motion without Court intervention.

     s/ *Nathan D. Chapman*
     Nathan D. Chapman

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, a true and correct copy of this

**DEFENDANT TIME WARNER NY CABLE LLC'S MOTION TO AMEND THE**

**SCHEDULING ORDER** was e-served upon the following via ECF/PACER:

Walker G. Harman , Jr.
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, NY 10123

    s/ *Nathan D. Chapman*
    Nathan D. Chapman