**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 13-cv-00158-RM-MJW

PATRICK HARTLEY,

    Plaintiff,

v.

TIME WARNER NY CABLE LLC,

    Defendant.

---

DEFENDANT TIME WARNER NY CABLE LLC'S MOTION FOR
PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT

---

### I. MOTION AND INTRODUCTION TO MEMORANDUM OF LAW

Defendant Time Warner NY Cable LLC ("TNY") files this Motion for Partial Dismissal of Plaintiff's Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, TNY seeks dismissal of Plaintiff's claim that TNY failed to promote and wrongfully discharged him in violation of public policy (Count 4), and Plaintiff's claim that TNY failed to promote him in violation of Colo. Rev. Stat. § 23-34-402.5 (Count 5). As discussed more fully below, these claims should be dismissed with prejudice.

Count 4 of Plaintiff's Second Amended Complaint ("SAC"), which asserts that TNY failed to promote and wrongfully discharged him in violation of public policy because he is a homosexual, should be dismissed for three reasons. First, this claim is preempted by the Colorado Anti-Discrimination Act ("CADA"). Second, this claim is barred by the doctrine of *res judicata* because this claim is based on the same facts as the CADA sexual orientation employment discrimination claim Plaintiff dismissed ***with prejudice*** on August 27, 2013. Third,

to the extent Plaintiff is advancing a failure-to-promote theory, such a theory is not legally cognizable under Colorado law, which limits public policy claims to those involving termination of employment.

Similarly, with respect to Count 5, Plaintiff's failure-to-promote claim under Colo. Rev. Stat. § 23-34-402.5 should also be dismissed with prejudice because it is not legally cognizable. Section 402.5 establishes a cause of action for wrongful termination, *not* failure to promote. C.R.S. § 23-34-402.5(1) ("It shall be a discriminatory or unfair employment practice for an employer *to terminate* the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer . . .") (emphasis supplied). Thus, to the extent Plaintiff is pursuing a failure-to-promote theory under Section 402.5, that claim fails as a matter of law.

Accordingly, for the reasons set forth more fully below, TNY respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(6), the Court enter an order dismissing with prejudice Plaintiff's public policy claim (Count 4) and his claim for failure-to-promote under Colo. Rev. Stat. § 23-34-402.5 (Count 5).

## II. RELEVANT FACTUAL BACKGROUND

### A. The Filing and Dismissal of Plaintiff's Charge of Discrimination

On or about May 3, 2012, Plaintiff dually filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD"), asserting a claim for sexual orientation discrimination under the CADA

(Colo. Rev. Stat. § 24-34-301 *et seq.*). Plaintiff amended his Charge on or about June 26, 2012, to include a claim of gender discrimination under the CADA.[1] (*See* Ex. A.)[2]

On September 20, 2012, the CCRD determined that TNY did not violate the CADA and advised Plaintiff in writing that he was required to file this action "[w]ithin ninety days of the mailing of this notice if no appeal is filed . . . or [w]ithin ninety days of the mailing of the final notice of the Commission dismissing the appeal."[3] The CCRD mailed its Letter of Determination to Plaintiff on September 21, 2012. (*See* Ex. B.)

Plaintiff did not timely appeal the CCRD's Determination. Thus, Plaintiff's deadline to file his CADA claims was December 20, 2012, 90 days after September 21, 2012. On November 8, 2012, the CCRD notified Plaintiff in writing a second time that if he wished to pursue his claims in court, he was required to file a civil action against TNY "within 90 days of the date of mailing the Letter of Determination."[4] Plaintiff failed to do so. Indeed, Plaintiff did not file the instant lawsuit until 34 days after the deadline. [D.E. 1.]

---

[1] Certified copies of Plaintiff's original and amended Charges may be found at D.E. 45-1.

[2] Plaintiff's Charges and other CCRD records may be considered by the Court in ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure without converting it into a motion for summary judgment under Rule 56. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *Bankston v. Antlers Hilton Hotel*, No. 11-cv-01018, 2011 WL 6153024, at *2 (D. Colo. Nov. 3, 2011) ("On a motion to dismiss pursuant to Rule 12(b)(6), the court may consider materials in addition to the pleadings if such materials are public records or are otherwise appropriate for taking notice.").

[3] A certified copy of the CCRD's Letter of Determination may be found at D.E. 45-2.

[4] A certified copy of the CCRD's November 8, 2012 letter may be found at D.E. 45-4.

### B. Plaintiff's Allegations and Procedural Background

Plaintiff filed his initial Complaint on January 23, 2013 alleging: 1) Family and Medical Leave Act ("FMLA") retaliation; and 2) a CADA claim based on Plaintiff's sexual orientation. [D.E. 1; D.E. 15.][5]  On May 28, 2013, TNY filed a Motion for partial dismissal of Plaintiff's FAC, seeking (among other things) an order dismissing Plaintiff's CADA claim because it was time barred. [D.E. 45.]  On August 27, 2013, the parties stipulated to the dismissal of Plaintiff's CADA claim with prejudice:

> Plaintiff hereby withdraws his claim for sexual orientation discrimination under the Colorado Anti Discrimination Act, Colo. Rev. Stat. §§ 24-34-401, *et. seq.*, **with prejudice**.

[D.E. 72 ¶ 1, emphasis added.]  In return for Plaintiff's dismissal of his CADA claim with prejudice (and certain other claims; *see* D.E. 70 ¶¶ 1-3), TNY did not pursue and withdrew its Motion to dismiss Plaintiff's CADA claim (and other claims). [D.E. 87.]

Plaintiff filed a Motion to amend the Scheduling Order and for leave to file a Second Amended Complaint on August 27, 2013. [D.E. 73.]  The Court granted the Motion and the SAC was deemed filed as of September 25, 2013. [D.E. 82.]  By his SAC, Plaintiff asserts (among other things) claims against TNY for failure-to-promote/wrongful discharge in violation of public policy (Count 4), and failure-to-promote in violation of Colo. Rev. Stat. § 23-34-402.5 (Count 5). [*See* D.E. 83.]  As set forth more fully below, the foregoing claims should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[5] Plaintiff filed a FAC to substitute TNY as the proper party defendant on January 30, 2013. [D.E. 15.]

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. The Applicable Standard of Review Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upo n which relief may be granted." A motion to dismiss under Rule 12(b)(6) should be granted when it appears "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 76 (1984)); *Lehman v. City of Louisville*, 967 F.2d 1474, 1476 (10th Cir. 1992). To survive a motion to dismiss, therefore, Plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that tenders "naked assertion[s]" and is devoid of "further factual enhancement" will not survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). In doing so, the court must accept as true a plaintiff's well-pleaded allegations and construe them in the light most favorable to the plaintiff. *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).

"In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002). Similarly, facts that are subject to judicial notice may be considered by the trial court without converting a motion to dismiss under Rules 12(b)(1) or 12(b)(6) into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004); *see also Bankston*, 2011 WL 6153024, at *2 ("On a motion to dismiss pursuant to Rule 12(b)(6), the court may consider materials in addition to the pleadings if such materials are public records or are otherwise appropriate for taking notice."). In the context of discrimination claims, it is appropriate for the trial court to take judicial notice of administrative records (such as charges of discrimination and notices of rights to sue) in ruling on a motion to dismiss. *Martinez v. City and County of Denver*, No. 08-cv-01503, 2010 WL 1380529, at *1 (D. Colo. Mar. 31, 2010) (collecting cases).

  B. **Plaintiff's Employment Discrimination in Violation of Public Policy Claim Should Be Dismissed Because It Is Preempted by CADA and Plaintiff Previously Dismissed His CADA Claim with Prejudice.**

    1. **Plaintiff's Public Policy Claim Is Preempted by CADA.**

Plaintiff's claim that TNY denied him promotions and terminated his employment "because he is gay" in violation of Colorado Public Policy is preempted by CADA. [D.E. 73-1 ¶ 59.] Normally, an "at-will employee" such as Plaintiff "may not sue for wrongful discharge." *Smith v. Colo. Interstate Gas Co.*, 777 F. Supp. 854, 857 (D. Colo. 1991). The public policy exception to this general rule is "narrowly crafted" and is not cognizable as a matter of law when the underlying facts would state a claim under CADA. *Id.* at 858 (granting motion to dismiss

6

where CADA provides remedy for wrongful discharge claim); *Gatuma v. Encore Elec., Inc.*, No. 12-cv-01611, 2012 WL 5354935, at *3, 5 (D. Colo. Sept. 21, 2012) (granting Rule 12 (b)(6) motion to dismiss wrongful discharge claim barred by CADA and noting "for practical purposes, a claim for wrongful discharge predicated on a public policy of non-discrimination is indistinguishable from a statutory CADA claim of discrimination").

Preemption of a claim for wrongful discharge in violation of public policy based on a person's sexual orientation is required because CADA "creates a comprehensive remedial scheme to deal with unlawful discrimination in employment . . . ." *Ferris v. Bakery, Confectionery, and Tobacco Union, Local 26*, 867 P.2d 38, 45 (Colo. Ct. App. 1993); *accord*, *Gamble v. Levitz Furn. Co.*, 759 P.2d 761, 766 (Colo. Ct. App. 1988) (public policy claim based on wrongful discharge barred by CADA); *Smith*, 777 F. Supp. at 858 (same); *Novey v. Heartland Fin., Inc.*, No. 06-cv-00031, 2008 WL 687361, at *1 n.2 (D. Colo. Mar. 11, 2008) (wrongful discharge claim barred by CADA). To hold otherwise would impermissibly allow a tort remedy to usurp Colorado's comprehensive statutory scheme addressing discrimination in employment. *Endahl v. Vinnell Corp.*, No. 04-cv-00429-MSK-PAC, 2006 WL 57496, at *10 & n.5 (D. Col. Jan. 10, 2006) (CADA preempted public policy claim despite plaintiff's failure to allege CADA; "[t]o hold otherwise would permit the employee to avoid any statutorily-created limitation on the remedy by surrendering the statutory claim and suing in tort.").

Plaintiff's public policy claim necessarily implicates CADA, which bars discrimination on the basis of sexual orientation and establishes the exclusive remedy for such claims. Indeed, Plaintiff admits as much by alleging that "[t]he manifest public policy of the State of Colorado is to eliminate discrimination in the workplace." [D.E. 83 ¶ 58.] That "manifest public policy" is

7

embodied in CADA. *See* Colo. Rev. Stat. § 24-34-402(1)(a) ("It shall be a discriminatory or unfair employment practice . . . [f]or an employer to refuse to . . . promote . . . during the course of employment, or to discriminate in matters of . . terms, conditions . . . of employment against any person . . . because of . . . sexual orientation . . . ."). Plaintiff alleges that TNY "refused to promote" and "terminated" Plaintiff's employment "because he is gay." [D.E. 83 ¶ 59.][6] As Plaintiff's violation of public policy claim directly implicates CADA, it is preempted by that comprehensive remedial statute and should be dismissed with prejudice.

### 2. Plaintiff's Public Policy Claim Is Barred by the Doctrine of *Res Judicata*.

Plaintiff dismissed his CADA claim for sexual orientation discrimination with prejudice on August 27, 2013, in return for which TNY did not pursue and instead withdrew its motion to dismiss that claim on the basis of its untimeliness. [D.E. 72 ¶ 1; D.E. 87.] Plaintiff's voluntary dismissal of his CADA claim is considered a judgment on the merits for purposes of *res judicata*. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (voluntary dismissal with prejudice operates as judgment on merits); *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 180 F. Supp. 1235, 1243 (D. Kan. 2001) ("A voluntary dismissal with prejudice ordinarily is considered a judgment 'on the merits' for purposes of res judicata.") (collecting cases); *Crowley v. Jones*, No. CIV-07-1393-D, 2007 WL 4788471, at *3 (W.D. Okla. Jan. 28, 2007) ("The voluntary dismissal with prejudice of Plaintiff's previous action clearly constituted a judgment on the merits.") Thus, Plaintiff's public policy claim is nothing more than an improper attempt

---

[6] Plaintiff's assertion that he was not promoted because he is homosexual cannot raise a claim for tortious violation of public policy, as the public policy exception to the bar of claims by at-will employees for wrongful discharge must be based on termination of employment. *Smith*, 777 F. Supp. at 858 (court holds that "work place harassment and post-termination retaliation fail to state a claim for relief under this [public policy] theory because they do not concern her discharge.").

to end-run CADA's comprehensive remedial scheme and reinstate an untimely discrimination claim that is barred by the doctrine of *res judicata*.  Accordingly, Plaintiff's public policy claim for failure-to-promote and wrongful discharge should be dismissed with prejudice.

### 3. Plaintiff's Public Policy Claim for Failure-to-Promote Is Not Legally Cognizable.

Colorado law permits an employee to pursue a public policy claim for wrongful discharge "if [the] terminated employee shows that he was discharged for exercising a specifically enacted right or duty."  *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 622 (Colo. Ct. App. 1988).  "[A]n essential element of a claim under [a wrongful discharge] theory is that ***the plaintiff must prove that he or she was fired by the defendant***."  *Smith*, 777 F. Supp. at 857 (emphasis supplied); *see also Freeman v. United Airlines*, 52 Fed. Appx. 95, 103 (10th Cir. 2002) (recognizing that "Colorado courts have not extended wrongful discharge actions based on violations of public policy to actions less severe than termination").  Thus, because there is no cause of action for failure-to-promote in violation of public policy, Plaintiff's public policy claim should be dismissed on this basis, as well.  *Id.*

### C. Plaintiff's Failure-to-Promote Claim Under Colo. Rev. Stat. § 23-34-402.5 Should Be Dismissed Because It Is Not Legally Cognizable.

Plaintiff's failure-to-promote claim under Colo. Rev. Stat. § 23-34-402.5 should also be dismissed for similar reasons.  Specifically, Section 402.5 expressly limits an employee's right of action to instances where a termination has occurred:  "It shall be a discriminatory or unfair employment practice for an employer ***to terminate*** the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer. . . ."  Colo. Rev.

Stat. § 23-34-402.5(1).[7] To state a claim under Section 402.5, therefore, Plaintiff must show that "(1) []he engaged in a lawful activity off the premises of the employer during non-working hours; and (2) []he was terminated for engaging in this activity." *Yarbrough v. ADT Sec. Servs., Inc.*, No. 07–cv–01564–LTB–KMT, 2008 WL 3211284, at *2 (D. Colo. Aug. 8, 2008) (citations omitted); *see also Smith*, 777 F. Supp. at 857 (noting in context of public policy wrongful discharge claim "an essential element of a claim under [a wrongful discharge] theory is that the plaintiff must prove that he or she was fired by the defendant").

Notwithstanding the foregoing, Plaintiff has alleged, in part, that "Defendant **refused to promote** Plaintiff to a supervisor position because he is gay." [D.E. 83 ¶ 65 (emphasis added).] This failure-to-promote claim is not legally cognizable. *See id.* Plaintiff could not allege under any set of facts that TNY's purported refusal to promote him establishes a cause of action under Section 402.5. *See id*. Accordingly, Plaintiff's failure-to-promote claim under Section 402.5 should be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, TNY respectfully requests that the Court enter an order dismissing with prejudice (1) Count 4 of Plaintiff's SAC in its entirety and (2) Count 5 of Plaintiff's SAC to the extent it advances a failure-to-promote theory.

Respectfully submitted, this 9th day of October, 2013

[signatures appear on the next page]

---

[7] Section 402.5 must be interpreted by giving its "words and phrases their commonly accepted and generally understood meaning". *Culver v. Samuels*, 37 P.3d 535, 536 (Colo. Ct. App. 2001) (explaining rules of statutory construction) (citations omitted).

  s/ *Nathan D. Chapman*
Nathan D. Chapman
Paul G. Sherman
WARGO & FRENCH LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel: (404) 853-1500
Fax: (404) 853-1501
Email: nchapman@wargofrench.com
       psherman@wargofrench.com

Josh A. Marks
BERG HILL GREENLEAF & RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Tel: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com

*Attorneys for Defendant Time Warner NY Cable LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2013, a true and correct copy of the foregoing **DEFENDANT TIME WARNER NY CABLE LLC'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT** was e-served upon the following via ECF/PACER:

Walker G. Harman , Jr.
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, NY 10123

s/ *Nathan D. Chapman*