## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-RM-MJW

PATRICK HARTLEY,

     Plaintiff,

v.

TIME WARNER NY CABLE LLC,

     Defendant.

---

### AFFIDAVIT OF NATHAN D. CHAPMAN ITEMIZING ATTORNEYS' FEES INCURRED IN CONNECTION WITH DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES

---

I, Nathan D. Chapman, declare under penalty of perjury that the following is true and correct:

1.    I am over the age of 18 and competent to give this Affidavit. This Affidavit is made based on my personal knowledge and a review of my files and my firm's files. I submit this Affidavit pursuant to the Court's instructions during the Telephonic Motion Hearing held on October 11, 2013 and the Minute Order entered that same day [D.E. 94].

2.    I am an Associate in the law firm of Wargo & French LLP ("Wargo French"), which represents Defendant Time Warner NY Cable LLC ("Defendant" or "TNY"), and I am lead counsel in the above-captioned matter.

3.    Pursuant to the Court's October 11 Minute Order, the parties conferred regarding the Court's award of TNY's attorneys' fees associated with filing and prosecuting TNY's Motion to Compel and for Attorney's Fees in the above-captioned matter.

1

4.      Specifically, the parties held a telephone conference on October 16, 2013, and we provided Plaintiff's counsel with the itemized billing summary described below.  Thereafter, the parties exchanged several e-mails in an attempt to compromise, but were unsuccessful in reaching an agreement.  Authentic duplicates of the parties' e-mail exchanges are attached hereto as composite Exhibit A.

5.      Wargo French attorney Paul Sherman and I have served as counsel in this litigation from its inception.  I am familiar with Mr. Sherman's professional history, skill and reputation.

6.      Mr. Sherman and I have significant experience litigating and advising clients with respect to employment litigation matters such as the instant case.  We each have practiced employment law for over 8 years.

7.      In Wargo French's electronic timekeeping system, I and other attorneys record the time spent performing services for clients in 1/10 of an hour increments.  The electronic timekeeping system then generates invoices.  In this manner, I and other attorneys recorded the time spent performing services for TNY concerning this litigation and the electronic timekeeping system generated invoices of same.

8.      I have reviewed the invoices in this matter.  These invoices were generated from Wargo French's electronic time records and include specific descriptions of the work performed by Wargo French, as well as the costs incurred by TNY in this litigation.  These invoices accurately describe the services performed by Wargo French in this matter.

9.     After performing a detailed review of Wargo French's invoices in this matter, I directed that an itemized bill summary be created from the Wargo French invoices for this matter.  I directed that the billing summary include all time and costs related to:

    a.   Preparation of TNY's Motion to Compel and for Attorneys' Fees [D.E. 58],

    b.   Preparation of TNY's Reply in support of that Motion [D.E. 78],

    c.   Preparation of TNY's Court-ordered Supplement to that Motion [D.E. 90], and

    d.   Preparing for and participating in the hearing on that Motion held on October 11, 2013.

10.     Although the timekeeping system reflected in excess of 70 hours spent by myself and Mr. Sherman on the above-described tasks, we unilaterally reduced that time to 67.60 hours, yielding total fees in the amount of $20,520.63.  This amount does not include any time spent by our local counsel, Josh A. Marks, a partner at the law firm of Berg Hill Greenleaf & Ruscitti LLP, or any time spent by our firm's paralegals assisting with the preparation of the filings described in paragraph 9, above.

11.     A true and correct copy of the billing summary reflecting the amount in fees sought by TNY in relation to the above-described matters ("Itemized Billing Summary") is attached hereto as Exhibit B.  Entries on the Itemized Billing Summary with "NDC" under the "Attorney" column reflect time spent by me on the above-described matters.  Entries with "PGS" under the "Attorney" column reflect time spent by Mr. Sherman on the above-described matters.

12.     My regular hourly rate for TNY is $324.00.  Mr. Sherman's regular hourly rate for TNY is $279.00.

13.     The $20,520.63 set forth in the Itemized Billing Summary has been or will be billed to and paid by TNY, and thus reflects a portion of the actual expenses incurred by TNY in litigating issues related to TNY's Motion to Compel and for Attorneys' Fees.

14.     Based on my experience, the rates charged by Wargo French for my and Mr. Sherman's time were and are in line with prevailing rates in similar geographic areas, such as Denver, Colorado and Atlanta, Georgia for similar services of lawyers of comparable skill, experience, and reputation.

15.     The time spent in preparing, filing, and prosecuting the Motion to Compel was reasonable and necessary because of Plaintiff's and Plaintiff's counsel's obstinate refusal to provide the even the most basic information and documents sought by TNY's discovery requests. Specifically, based on Plaintiff's and Plaintiff's counsel's refusal to cooperate in discovery or timely supplement Plaintiff's responses, TNY was forced to draft a longer motion than would otherwise have been necessary, which sought to compel Plaintiff to produce a broad range of documents and information, such as contact information for Plaintiff's witnesses, documents reflecting Plaintiff's income, and e-mail addresses that Plaintiff and his counsel withheld from TNY, and which TNY discovered only by taking Plaintiff's deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 18, 2013, at Atlanta, Georgia.

NATHAN D. CHAPMAN

Sworn to and subscribed before me
this 18ᵗʰ day of September, 2013.

Notary Public
My commission expires.

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, a true and correct copy of the foregoing **AFFIDAVIT OF NATHAN D. CHAPMAN ITEMIZING ATTORNEYS' FEES INCURRED IN CONNECTION WITH DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES** was electronically served via the CM/ECF system, addressed to the following:

> Walker G. Harman, Jr.
> The Harman Firm, P.C.
> 200 West 57th Street
> Suite 900
> New York, New York 10019
>
> *Attorneys for Plaintiff*

s/ *Nathan D. Chapman*
NATHAN D. CHAPMAN

# Exhibit A

## Sherman, Paul

| | |
|---|---|
| **From:** | Chapman, Nathan |
| **Sent:** | Friday, October 18, 2013 10:20 AM |
| **To:** | 'Walker G. Harman, Jr.' |
| **Cc:** | Brian Moss; Sherman, Paul |
| **Subject:** | RE: Fees |

Walker:

You haven't given us a basis to respond because you will not agree to more than 6.2 hours of work.  Your offer of $1,550 is not serious and you are essentially asking us to bid against ourselves to further reduce our demand.  Nevertheless, we will reduce our demand by $1,000 to give you an opportunity to make a serious offer.   We need this information by 1:00 p.m. or we will need to move forward with filing our fee affidavit.

Thanks,


Nathan D. Chapman
**Wargo French**
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1535
Facsimile: (404) 853-1536
Email: nchapman@wargofrench.com
Website: www.wargofrench.com




**From:** Walker G. Harman, Jr. [mailto:wharman@theharmanfirm.com]
**Sent:** Friday, October 18, 2013 9:06 AM
**To:** Chapman, Nathan
**Cc:** Brian Moss; Sherman, Paul
**Subject:** Re: Fees

You have not responded monetarily to our position.

The ball is in your Court Nate.

Walker G. Harman, Jr.
Attorney at Law
The Harman Firm, PC
200 West 57th Street | Suite 900 | New York NY 10019

1

t 212.425.2600 | d 214.425.5653 | f 212.202.3926
wharman@theharmanfirm.com
www.theharmanfirm.com

This message and any attached file are intended only for the person or entity to which they are addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.

On Oct 18, 2013, at 8:19 AM, "Chapman, Nathan" <nchapman@wargofrench.com> wrote:

Brian,

Please confirm by 11 am today that you are unwilling to discuss anything beyond 6.2 hours of work on this matter to resolve our fees or, if that is not correct, please provide us with the maximum amount of hours you are willing to discuss.

Thanks ,

Nate

**From:** Brian Moss [mailto:bmoss@theharmanfirm.com]
**Sent:** Thursday, October 17, 2013 4:57 PM
**To:** Chapman, Nathan
**Cc:** Walker G. Harman, Jr.; Sherman, Paul
**Subject:** Re: Fees

Hi Nathan,

We are standing by our position, but I still encourage you to make a counter offer.  Thanks.

Brian


Brian M. Moss
Attorney at Law
THE HARMAN FIRM, PC
200 West 57th Street | Suite 900 | New York NY 10019
t 212.425.2600 | f 212.202.3926
bmoss@theharmanfirm.com
www.theharmanfirm.com

This message and any attached file are intended only for the person or entity to which they are addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.

On Thu, Oct 17, 2013 at 2:58 PM, Chapman, Nathan <nchapman@wargofrench.com> wrote:

Brian, having reviewed your email, the position you have taken regarding the limitations on our fees is baseless.  The court's order contains no such temporal limitation.  We also disagree with your position regarding our rates, as rates of $324/hour and $279/hour are eminently reasonable.  In the interest of compromise, however, we are willing to reduce our fees by some percentage, but we cannot agree to a temporal limitation that has no basis in the Court's Order.  Accordingly, please let us know whether you

are willing to change your position on the latter point.  If you are unwilling to recognize that the Court's Order did not contain any temporal limitation, then it does not appear that a compromise will be possible.  Please let us know by close of business today your position on this issue.

Thanks,

Nathan D. Chapman

**Wargo French**

999 Peachtree Street, NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1535

Facsimile: (404) 853-1536

Email: nchapman@wargofrench.com

Website: www.wargofrench.com

<image001.jpg>

**From:** Brian Moss [mailto:bmoss@theharmanfirm.com]
**Sent:** Thursday, October 17, 2013 2:19 PM
**To:** Chapman, Nathan; Sherman, Paul

**Cc:** Walker G. Harman, Jr.
**Subject:** Fees

Dear Nathan and Paul:

Only time incurred after Judge Watanabe's September 26, 2013 order should be compensable.  According to the document you gave us, that totals 6.2 hours (NDC=2.5 hours; PGS=4.8 hours).

Also, your rates are high.  Cases I saw approved $425/hour for senior partners in Denver and $200-$250/hour for lesser level attorneys.  You are both associates.

Accordingly, we counter with $1,550 as follows:    6.2 hours at $250/hour = $1,550.

Thank you.

Brian

Brian M. Moss

Attorney at Law

THE HARMAN FIRM, PC

200 West 57th Street | Suite 900 | New York NY 10019

t 212.425.2600 | f 212.202.3926

bmoss@theharmanfirm.com

www.theharmanfirm.com

This message and any attached file are intended only for the person or entity to which they are addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.

## Sherman, Paul

| | |
|---|---|
| **From:** | Sherman, Paul |
| **Sent:** | Wednesday, October 16, 2013 12:11 PM |
| **To:** | 'Brian Moss' |
| **Cc:** | Walker G. Harman, Jr. (wharman@theharmanfirm.com); Chapman, Nathan; Josh A. Marks |
| **Subject:** | RE: Hartley v. TNY - Defendant's fees on motion to compel |

Thanks Brian.  To clear up any confusion, Mr. Chapman's October 14 letter made clear that we are concerned with your firm's contact with Ms. Torrez because, as a supervisory employee, "she was a constituent of TNY whose acts or omissions in connection with the above-referenced matter could potentially be imputed to TNY for purposes of civil liability."  Thus, the contemplated stipulated order would restrict your firm from contacting supervisory and management-level employees such as Ms. Torrez, not all employees.

Regards,


**Paul G. Sherman**
999 Peachtree Street NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1563
Fax: (404) 853-1564
E-Mail: psherman@wargofrench.com



The information in this message is intended for the addressee only and may contain privileged and confidential information.  If you are not the intended recipient, please immediately stop reading this message, delete it from your system and notify the sender at psherman@wargofrench.com that it has been deleted.  Any unauthorized reading, distribution, dissemination, copying, or other use of the information in this message is strictly prohibited.


**From:** Brian Moss [mailto:bmoss@theharmanfirm.com]
**Sent:** Wednesday, October 16, 2013 11:42 AM
**To:** Sherman, Paul
**Cc:** Walker G. Harman, Jr. (wharman@theharmanfirm.com); Chapman, Nathan; Josh A. Marks
**Subject:** Re: Hartley v. TNY - Defendant's fees on motion to compel

Thanks, Paul.  I note though that during the call, you asked for a stipulation covering ALL employees -- not supervisory and management only.  Can you confirm.  In any event, we will review the rest and get back to you.

Brian

Brian M. Moss
Attorney at Law
THE HARMAN FIRM, PC
200 West 57th Street | Suite 900 | New York NY 10019
t 212.425.2600 | f 212.202.3926
bmoss@theharmanfirm.com
www.theharmanfirm.com

This message and any attached file are intended only for the person or entity to which they are addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.

On Wed, Oct 16, 2013 at 11:34 AM, Sherman, Paul <psherman@wargofrench.com> wrote:

Walker/Brian,

As requested, here is a spreadsheet itemizing the fees Defendant incurred in preparing and litigating the motion to compel discovery. In the interest of compromise, Defendant will not pursue fees incurred for time spent by local counsel, Mr. Marks, or for paralegal time. Considering just Mr. Chapman's and my own time, the fees now amount to $20,520.63. Mr. Chapman's hourly rate for Defendant is $324/hour and my rate is $279/hour. Please let us know if Plaintiff will stipulate to these fees or if you have a reasonable counter-proposal.

Additionally, this e-mail will confirm our discussions regarding your firm's contact of Kathy Torrez. You initially took the position that you did not contact Ms. Torrez, but then stated that you did not recall such contact and, in any event, it would have been in response to an unsolicited inquiry by Ms. Torrez. Ms. Torrez disagrees with your version of events. Accordingly, we requested that you stipulate to an order prohibiting your firm from further contact with Defendant's supervisory and management-level employees in violation of Rule 4.2 of the Colorado Rules of Professional Conduct, and that you disclose to Defendant a list of all current employees you have contacted to date, along with the dates and times of such contact. We understand that you will not agree to either of those terms. Please let us know immediately if our understanding is incorrect.

Thanks,

**Paul G. Sherman**

999 Peachtree Street NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1563

Fax: (404) 853-1564

E-Mail: psherman@wargofrench.com



Atlanta | Los Angeles | Miami

The information in this message is intended for the addressee only and may contain privileged and confidential information. If you are not the intended recipient, please immediately stop reading this message, delete it from your system and notify the sender at psherman@wargofrench.com that it has been deleted. Any unauthorized reading, distribution, dissemination, copying, or other use of the information in this message is strictly prohibited.

# Exhibit B

## ITEMIZED FEES ASSOCIATED WITH DEFENDANT'S MOTION TO COMPEL AND RELATED MATTERS
### Hartley v. TWC

| Date | Attorney | Narrative | Time | Amount |
|---|---|---|---|---|
| 06/07/13 | NDC | Prepare motion to compel and conferences with M. Kabat regarding same | 0.50 | $162.00 |
| 06/11/13 | NDC | Review and revise motion to compel | 0.50 | $162.00 |
| 06/12/13 | NDC | Review and revise motion to compel | 6.50 | $2,106.00 |
| 06/13/13 | NDC | Review and revise motion to compel | 3.30 | $1,069.20 |
| 06/17/13 | NDC | Review and revise motion to compel | 4.50 | $1,458.00 |
| 06/25/13 | NDC | Revise motion to compel and declaration in support of same | 1.10 | $356.40 |
| 06/26/13 | NDC | Revise motion to compel | 0.80 | $259.20 |
| 06/30/13 | NDC | Revise motion to compel | 0.50 | $162.00 |
| 07/01/13 | NDC | Teleconference with local counsel regarding proposed changes to motion to compel | 0.40 | $129.60 |
| 07/01/13 | PGS | Prepare motion to compel discovery | 0.60 | $167.40 |
| 07/02/13 | NDC | Conferences and emails with P. Sherman regarding exhibits for motion to compel declaration (.4); final review and revision of motion, brief, and declaration in support (1.7) | 2.10 | $680.40 |
| 07/02/13 | PGS | Prepare motion to compel, support declaration and exhibits | 2.10 | $585.90 |
| 07/03/13 | NDC | Conferences with P. Sherman regarding motion to compel (.2); review and revise final motion to compel (.4); file motion to compel (.3); e-mails to plaintiff regarding same (.1) | 1.00 | $324.00 |
| 07/03/13 | PGS | Prepare motion to compel discovery | 2.50 | $697.50 |
| 08/27/13 | NDC | Review plaintiff's opposition to motion to compel | 0.30 | $97.20 |
| 09/09/13 | NDC | E-mails with P. Sherman regarding reply in support of motion to compel | 0.20 | $64.80 |
| 09/09/13 | PGS | Prepare reply in support of motion to compel | 4.70 | $1,311.30 |
| 09/10/13 | NDC | Conferences with P. Sherman regarding reply in support of motion to compel and for sanctions | 0.20 | $64.80 |
| 09/10/13 | PGS | Prepare reply in support of motion to compel | 8.70 | $2,427.30 |
| 09/11/13 | NDC | Conferences with P. Sherman regarding arguments for reply in support of motion to compel (.3); review and revise reply in support of motion to compel (.6) | 0.90 | $291.60 |
| 09/11/13 | PGS | Prepare reply in support of motion to compel and declarations in support | 6.50 | $1,813.50 |
| 09/12/13 | NDC | Continue preparation of reply in support of motion to compel | 7.20 | $2,332.80 |
| 09/13/13 | NDC | Review and revise reply in support of motion to compel (4.6); conferences with M. Kabat regarding same (.6) | 5.20 | $1,684.80 |
| 10/03/13 | PGS | Prepare Court-Ordered Supplement to motion to compel discovery | 0.80 | $223.20 |
| 10/04/13 | PGS | Prepare Court-Ordered Supplement to motion to compel discovery | 2.70 | $753.30 |
| 10/08/13 | PGS | Review plaintiff's response to supplemental motion to compel | 0.30 | $97.20 |
| 10/10/13 | NDC | Prepare for hearing on motion to compel | 0.90 | $291.60 |
| 10/11/13 | NDC | Prepare for hearing on motion to compel and participate in same | 1.30 | $421.20 |
| 10/11/13 | PGS | Prepare for hearing on motion to compel and participate in same | 1.30 | $326.43 |

ITEMIZED FEES ASSOCIATED WITH DEFENDANT'S MOTION TO COMPEL AND RELATED MATTERS

Hartley v. TWC

| | TOTAL | 67.60 | $20,520.63 |