## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-PAB-MJW

---

PATRICK G. HARTLEY,

                    Plaintiff,

v.

TIME WARNER NY CABLE LLC,

                    Defendant.

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR FEES

---

I, Walker G. Harman, Jr., declare under penalty of perjury that the following is true and correct:

1.      I am an attorney admitted to practice in the United States District Court for the District of Colorado.

2.      I am the principal attorney at The Harman Firm, PC, which represents Plaintiff in the above-captioned action.  As such, I am fully familiar with the facts and circumstances of this action, the basis of my knowledge being the files maintained by our office and my time working on the matter with my office and with Plaintiff Patrick Hartley.

3.      On October 18, 2013, Defendant filed an itemized request for attorney's fees for 67.6 hours of work totaling $20,520.63.  (Docket Entry 95).

4.      Defendant's request is excessive.  It is also inconsistent and incommensurate with the relief that the Court directed.  Almost half of Defendant's request was billed before my firm even appeared in this action, and they request more than thirty (30) hours just for preparing their reply memorandum, which largely repeats prior arguments, and is only ten (10) pages long.  The

Court only granted <u>part</u> of Defendant's motion.[1]  Finally, Defendant's hourly rates are not reasonable in light of their counsels' experience and the Denver legal market.

## Procedural History

5. Plaintiff commenced this action *pro se* on January 23, 2013.

6. Defendant filed its motion to compel on July 3, 2013.

7. My firm appeared in this action on July 25, 2013.

8. On August 13, 2013, a status conference was held, and on August 27, 2013, Plaintiff filed a response to the motion to compel in conjunction with producing supplemental discovery.

9. During this period, and in response to Defendant's previously filed motion to compel, my office produced a plethora of documents and information, including hundreds of emails, text messages, *etc.*

10. Plaintiff sat for his deposition on September 4, 2013.

11. On September 13, 2013, Defendant filed its reply, and on September 26, 2013, the Court's order stated:

> The court notes that in the response to this motion, plaintiff, through counsel, asserts that plaintiff had supplemented certain discovery and that plaintiff was in the process of gathering and providing additional responsive, non-privileged documents. (Docket No. 76 at 3).  Nevertheless, defendant asserts in its reply (Docket No. 78) that plaintiff still has not fully complied with his discovery obligations.  ***It is not clear, however, exactly which interrogatories and/or requests for production that defendant still seeks to have supplemented.***  Consequently, it is further . . . ORDERED that prior to the October 11 Motion Hearing, counsel for the parties shall confer regarding what discovery defendant still seeks to have supplemented, and counsel shall see if any

---

[1]     Much of the relief sought by Defendant's motion was actually abrogated by production facilitated by my office, prior to the Court's directives.

agreement can be reached as to any such outstanding discovery. ***If after conferring defendant still believes there is discovery that needs to be supplemented***, on or before October 7, 2013, defendant shall file a supplement to its motion in which defendant details such discovery, identifying it by interrogatory numbers and/or request for production numbers.

Docket No. 84 at 1–2.

12.     On October 7, 2013, the parties met and conferred.

### Defendant's request of 67.6 hours of compensable time is excessive

13.     Almost half of Defendant's billed time—*i.e.* 26.4 of the 67.6 hours, which amount to $8,319.60 of the total—occurred before my firm even appeared in this action.[2]

14.     In addition, Defendant seeks reimbursement of 33.6 hours of time for just the preparation of their reply papers, for which Defendant seeks to bill $9,990.90.  This is extremely excessive.  With a reply of ten (10) pages, Defendant seeks almost $1,000 per page.

15.     This discovery issue was ripe only after the parties met and conferred on October 7, 2013, as ordered by the Court.  Opposing counsel spent 6.2 hours from October 7, 2013 through October 11, 2013, the date of the ruling on the motion to compel.  This is the only time that should be compensable.  Accordingly, Plaintiff consented, in a good-faith meet and confer, to pay for this amount of time.

### Defendant's rates are not reasonable

16.     Defendant requests hourly rates of $324 for Nathan Chapman and $279 for Paul Sherman, but each has eight (8) years of experience.  Case law suggests an hourly rate of $250 is reasonable for attorneys with that amount of experience.

---

[2]     This amount includes a purported 15.3 hours of time ($4,957.20) from between June 7, and June 17, 2013—*i.e.* between two (2) and four (4) weeks prior to the motion even being filed.

> A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." In order to satisfy her burden, plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.

*Scadden v. Weinberg, Stein and Assoc., LLC*, No. 12-cv-2454, 2013 WL 1751294, at *5 (D. Colo. Apr. 23, 2013) (internal citations omitted). Conclusory allegations in an affidavit are insufficient. *See Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, No. 08-cv-2750, 2013 WL 3810861, at *13 (D. Colo. July 23, 2013) ("The Court is not persuaded by any of the affidavits supplied by the parties, as they are all largely conclusory. Each recites the affiant's opinion that the rates he advocates for are typical in the community, but none of them provide[s] any specific factual support for those opinions.") Defendant's counsels' affidavits concerning their fees are conclusory and provide little detail regarding their experience.

17.     Defendant has not met its burden of showing its rates are reasonable. In support of their fee request, counsel for Defendant says the following:

> (i)     "Mr. Sherman and I have significant experience litigating and advising clients with respect to employment litigation matters such as the instant case. We each have practiced employment law for over 8 years." *Affidavit of Nathan D. Chapman Itemizing Attorneys' Fees Incurred in Connection With Defendant's Motion to Compel and For Attorneys Fees*, Docket No. 95, ¶ 6.

> (ii)    "Based on my experience, the rates charged by Wargo French for my and

Mr. Sherman's time were and are in line with prevailing rates in similar geographic areas, such as Denver, Colorado and Atlanta, Georgia for similar services of lawyers of comparable skill, experience, and reputation." *Id.* ¶ 14.

18.     These conclusory allegations are insufficient to show their hourly rates are reasonable.  Even *arguendo* that such high rates were appropriate, Defendant makes no effort to explain that although each attorney has eight (8) years experience, they do not bill at the same rate.  Rather, Defendant provides only a "regular hourly rate" for each.  *Id.*, ¶ 12.

19.     Case law in this district suggests that $250 an hour is a reasonable hourly rate for an attorney with eight (8) years experience, as Mr. Chapman and Mr. Sherman have.  *See, e.g., Xtreme Coil Drilling Corp.*, 2013 WL 3810861, at *14 (hourly rate for a big firm associate in a breach of contract case was $262); *Scadden*, 2013 WL 1751294, at *6 (hourly rate for a consumer law attorney with ten (10) years of experience was $250); *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1253, 1256 (D. Colo. 2009) (hourly rate for personal injury litigator with thirty (30) years of experience was still just $350).

20.     Accordingly, Plaintiff requests that Defendant's attorneys fee be $1,550 (6.2 hours at $250 per hour).


Dated: New York, New York            Respectfully submitted by:
       October 25, 2013              THE HARMAN FIRM, PC
                                     *Counsel for Plaintiff*

                                     _____s/_____
                                     Walker G. Harman, Jr.
                                     200 West 57th Street, Suite 900
                                     New York, New York 10019
                                     wharman@theharmanfirm.com