# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-PAB-MJW

PATRICK G. HARTLEY,

                Plaintiff,

v.

TIME WARNER NY CABLE LLC,

                Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Patrick G. Hartley, by and through his attorneys, The Harman Firm, PC, here by submits the following in response to Defendant Time Warner NY Cable, LLC's motion to dismiss parts of Plaintiff's Second Amended Complaint. Defendant's motion should be denied. First, (1) Plaintiff's claim for wrongful termination in contravention of Colorado's Lawful Off-duty Activities Act accrued only as of August 13, 2013. Plaintiff's prior dismissal, with prejudice, of his claim for sexual orientation discrimination under CADA does not bar this claim because this claim only accrued as of Plaintiff's termination. Moreover, (2) CADA does not pre-empt this claim because CADA does not offer Plaintiff full relief for his claim.

**Summary of the Action**

Plaintiff was a customer service representative working at Defendant's call center in Colorado Springs, CO. Plaintiff's Second Amended Complaint alleges (i) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"); (ii) retaliation for taking leave

under the Family and Medical Leave Act ("FMLA"); (iii) wrongful termination[1] in violation of Colorado public policy; (iv) wrongful termination[2] in violation of Colorado's Lawful Off-duty Activities Act, COLO. REV. STAT. ANN. § 24-34-402.5; and (v) retaliation under the FLSA and FMLA for filing this lawsuit.

## Procedural History

On January 23, 2013, Plaintiff commenced this action *pro se*. His complaint, as amended on January 30, 2013, alleged (i) violations of the FLSA, (ii) violations of the FMLA, (iii) gender discrimination under Title VII of the Civil Rights Act ("Title VII"), (iv) disability discrimination under the Americans with Disabilities Act ("ADA"), and (v) gender and sexual orientation discrimination under the Colorado Anti Discrimination Act ("CADA").

On July 25, 2013, The Harman Firm, PC appeared in this action on Plaintiff's behalf.

Defendant terminated Plaintiff effective August 13, 2012.

On August 22, 2013, the parties stipulated to dismissing Plaintiff's claims under the Title VII, the ADA, and his claim for gender discrimination under CADA.

On August 26, 2013, the parties stipulated to dismissing Plaintiff's claim for sexual orientation discrimination under CADA.

On August 27, 2013, Plaintiff filed a motion to amend the complaint pursuant to Rules 15 and 16 of the FEDERAL RULES OF CIVIL PROCEDURE.

On September 25, 2013, Plaintiff's motion to amend was granted and the Second Amended Complaint was filed.

---

[1] As it was pleaded, this claim also included failure to promote. The parties stipulated to dismiss that aspect of this claim.

[2] As it was pleaded, this claim also included failure to promote. The parties stipulated to dismiss that aspect of this claim.

## Argument

Defendant's motion should be denied. First, (i) Plaintiff's claim for wrongful termination in contravention of Colorado's Lawful Off-duty Activities Act accrued only as of August 13, 2013. Plaintiff's prior dismissal, with prejudice, of his claim for sexual orientation discrimination under CADA does not bar this claim because this claim only accrued as of Plaintiff's termination. Moreover, (ii) CADA does not pre-empt this claim because CADA does not offer Plaintiff full relief for his claim.

### 1. Res judicata does not apply to Plaintiff's claim for termination in violation of public policy.

Plaintiff's claim for termination in violation of public policy accrued only as of August 13, 2013 -- the date of his termination. Therefore, *res judicata* does not apply because he previously dismissed, with prejudice, his prior claims under CADA.

"[T]he doctrine of *res judicata* precludes parties from relitigating issues that were ***or could have been raised***" in a prior action. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (***emphasis added***). *Res judicata* is an affirmative defense. For it to apply, the defendant must show (i) the prior suit ended with a judgment on the merits; (ii) the parties to the second suit are identical or in privity with the parties in the first suit; (iii) the subsequent suit is based on the same cause of action as the first suit; and (iv) the plaintiff had a full and fair opportunity to litigate the claims in the prior suit. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

With respect to the third element, "parties cannot defeat application [of *res judicata*] by simply alleging new legal theories." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (***emphasis added***). The doctrine will bar a subsequent suit if the theories in the second suit could have been raised in the first suit. *Id.* For example, in *Clark*, a 51 year old worked for her

employer from January 11, 1984 through October 31, 1986. Approximately six (6) months *after* her termination, she sued the employer for unpaid overtime compensation. The parties stipulated to dismiss this claim with prejudice. *Id.* at 1236. Eighteen (18) months after the first suit was dismissed, the employee again sued the employer but for age discrimination and disparate pay under the Equal Pay Act. The 10th Circuit held that the dismissal of the employee's first lawsuit, with prejudice, barred the second lawsuit because of the doctrine of *res judicata*. The Court held that although the two suits alleged completely different theories of recovery, the claims alleged in each suit arose of a single "transaction"; that is, the plaintiff's employment with defendant. The employee had already been terminated when she filed her first suit so causes of action for wrongful termination and disparate pay had already accrued and could have been alleged in this suit, but were not. The Court stated, "*res judicata* precludes parties from 'relitigating issues that were or **could have been** raised in the prior action.'" *Id.* at 1239 (*citing N. Natural gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1992) (*italics* and **emphasis added**)).

Here, Plaintiff's amended complaint was filed on January 30, 2013. It alleged sexual orientation discrimination under CADA because Plaintiff was denied promotions because, *inter alia*, he is gay. This claim was dismissed with prejudice. Plaintiff was terminated as of August 13, 2013. Thus, unlike in *Clark*, where the plaintiff filed her first lawsuit after being terminated so claims in her second lawsuit could have been alleged in the first suit, here, Plaintiff could not have alleged a claim for wrongful termination until he was terminated on August 13, 2013. Therefore, *res judicata* does not apply. Accordingly, Defendant's motion should be denied.

    **2.    Plaintiff's claim for termination in violation of public policy is not pre-empted by CADA.**

Claims for wrongful termination in violation of public policy are only pre-empted by statutory schemes that offer equally comprehensive forms of relief. Claims under CADA only

offer injunctive relief and therefore CADA does not preempt a claim for termination in violation of public policy.

The hallmark case in this regard is *Brooke v. Rest. Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995). In *Brooke*, a female restaurant manager sued her former employer for, *inter alia*, for tortious interference with contract stemming out of gender discrimination in the workplace. *Id.* at 67. The trial Court dismissed the claim, and the Colorado Supreme Court ultimately granted certiori on the issue of whether or not CADA preempted this claim, i.e., was CADA the exclusive remedy for a sex based discrimination claims. *Id.* at 68. The Supreme Court of Colorado concluded that CADA was not the exclusive remedy and that the plaintiff's claim should not have been dismissed. The Court first noted that a statutory scheme only bars existing common law claims if the legislature clearly expresses intent to do so. The Court then reasoned that the legislature did not intend for CADA to pre-empt a common law sex-based discrimination claim because, *inter alia*, the remedies CADA offers are "incidental to [CADA's] primary purpose of eradicating discriminatory practices by employers[]" and that CADA does not provide for an award of damages that would otherwise be recoverable under a tort theory. *Id.* at 69. In a footnote, the Court stated their holding would apply to all forms of discrimination that CADA prohibits. *Id.* at 70, n. 4.

Though *Brooke* involved a claim of tortious interference with contract, its holding has been extended to the tort of termination in contravention of public policy. *Kennedy v. Colorado RS, LLC*, 872 F. Supp. 2d 1146, 1149 (D. Colo. 2012) ("[It is] the general rule that wrongful discharge claims are unavailable when premised on a statute that provides a remedy, [but] *Brooke* states that wrongful discharge claims premised on the CADA are an exception to the

general rule. . . . [Defendant] contends that reliance on *Brooke* is misplaced because the decision did not address the tort of wrongful discharge. I reject this contention.")

Here, Plaintiff alleges he was terminated because he is gay in contravention of Colorado's public policy of eradicating workplace discrimination. CADA does not provide him full relief. He cannot claim monetary damages. Under the reasoning of the *Brooke* and *Kennedy* decisions, CADA does not preempt Plaintiff's claim for wrongful discharge. Defendant's motion should be denied.

## Conclusion

Defendant's motion should be denied. First, (i) Plaintiff's claim for wrongful termination in contravention of Colorado's Lawful Off-duty Activities Act accrued only as of August 13, 2013. Plaintiff's prior dismissal, with prejudice, of his claim for sexual orientation discrimination under CADA does not bar this claim because this claim only accrued as of Plaintiff's termination. Moreover, (ii) CADA does not pre-empt this claim because CADA does not offer Plaintiff full relief for his claim.

Dated: New York, New York
November 1, 2013

By: _____s/_____
Walker G. Harman, Jr.
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com