## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-PAB-MJW

PATRICK HARTLEY,

     Plaintiff,

v.

TIME WARNER NY CABLE LLC,

     Defendant.

---

## DEFENDANT TIME WARNER NY CABLE LLC'S
## REPLY IN SUPPORT OF AFFIDAVIT REQUESTING ATTORNEYS' FEES
## ASSOCIATED WITH MOTION TO COMPEL

---

### I.     INTRODUCTION

On October 11, 2013 the Court awarded Defendant Time Warner NY Cable LLC ("TNY")

its "attorneys' fees for having to bring [the] *motion* [to compel discovery]."  [D.E. 94 (emphasis

added).]  Further, during the hearing on TNY's motion, the Court specifically ordered the parties to

"meet and confer to determine if they can agree upon the attorneys' fees and costs for filing of the

*motion to compel and the supplement*."  (Transcript of October 11, 2013 Hearing [D.E. 96], at 34

(emphasis added).)  Despite the Court's clear language, Plaintiff refused to discuss fees related to

the motion to compel and the supplement, instead claiming that Plaintiff was only required to pay

fees for a four day period from October 7 to October 11, 2011.  There is, however, no limitation in

the Court's order to fees incurred during a certain timeframe or only after Plaintiff retained counsel.

As such, Plaintiff's attempt to invent such a limitation should be rejected, and TNY should be

awarded the fees it incurred in preparing and arguing the motion to compel and the supplement

thereto.

Plaintiff's claim that the number of hours spent by TNY's counsel in preparing the motion to compel and related filings is excessive is similarly meritless. Plaintiff ignores the fact that the amount of time incurred by TNY in preparing its motion to compel is directly attributable to Plaintiff's own misconduct and abject failure to comply with his discovery obligations. While proceeding *pro se*, Plaintiff refused to properly respond to the majority of TNY's discovery requests. Thus, TNY was forced to spend significant time researching and detailing the multitude of deficiencies in Plaintiff's discovery responses in its motion to compel. Indeed, the fact that Plaintiff supplemented his interrogatory responses and produced additional responsive documents **after** the filing of TNY's motion to compel proves that his initial discovery responses were deficient.[1] Further, even after Plaintiff retained counsel, Plaintiff continued to refuse to respond to even the most basic discovery requests (such as contact information for witnesses), forcing TNY to incur additional fees preparing its reply in support of its motion to compel and the Court-Ordered supplement. Thus, Plaintiff and his counsel are to blame for the time TNY had to spend to compel Plaintiff to meet his basic discovery obligations. Therefore, the Court should not reward Plaintiff or his counsel for their obstinacy and should require them to reimburse TNY for all fees it incurred.

Finally, Plaintiff's claim that the rates charged by TNY's attorneys are not reasonable is also meritless. This Court has discretion to determine a reasonable hourly rate based on its own knowledge of the prevailing market rate in this district. In July 2013, a sister court in this district noted that the prevailing rates in Denver for experienced litigators approach $400 per hour. Further, Plaintiff has filed a motion for fees in another case before this Court wherein he seeks $250/hour for counsel with only 6 years of experience and $350/hour for counsel with 13 years of experience.

---

[1] Fed. R. Civ. P. 37(a)(5) specifically provides that where the requested discovery is provided only after the filing of a motion to compel, the Court should still award the fees associated with the filing of the motion.

Accordingly, TNY's counsel's rates ($324/hour and $279/hour), both of whom have over eight years of experience litigating employment actions, are reasonable and in line with the prevailing market in this district.  The Court should therefore reject Plaintiff's claim that $250/hour is proper.

## II.    PROCEDURAL HISTORY

### A. <u>Plaintiff's Abject Failure to Properly Respond to Discovery Necessitated the Filing of TNY's Motion to Compel.</u>

On March 4, 2013, TNY served Plaintiff with Interrogatories and Requests for Production. (Declaration of Nathan D. Chapman filed in support of Motion to Compel ("Chapman Dec. re MTC") [D.E. 58-1] ¶ 3.)  Plaintiff failed to respond to TNY's initial discovery set by the April 8, 2013 deadline.  (Chapman Dec. re MTC ¶ 4.)  After being notified of this failure, Plaintiff stated he would provide his responses by April 15.  (*Id.* ¶ 5.)  Plaintiff failed to do so.  Plaintiff finally e-mailed discovery responses on April 17, 2013 (*Id.* ¶ 7.)  Plaintiff's responses were substantially incomplete and, despite having waived objections due to his untimely response, contained various boilerplate objections without any explanation of the bases for those objections.  (*Id.*)

After receiving Plaintiff's minimal document production, TNY sent Plaintiff a seven-page letter detailing the deficiencies in his responses and requesting that he supplement his discovery by May 6, 2013.  (*Id.* ¶¶ 8, 10 & Ex. 9.)  Plaintiff failed to do so.  (*Id.* ¶ 11.)  In e-mails to Plaintiff on May 6, 7, and 9, TNY again requested that the parties confer, including a request that Plaintiff participate in a telephone conference. (*Id.* ¶ 11 & Ex. 10.) Plaintiff refused to confer by phone, supplement his production, or provide a substantive response to the deficiency letter.  (*Id.* ¶ 13 & Ex. 12.)

Thus, despite TNY's numerous efforts to obtain adequate discovery responses, Plaintiff refused to correct even the most basic deficiencies.  Accordingly, TNY was forced to file its motion

to compel on July 3, 2013. [D.E. 58.] That motion was much more involved than a typical motion to compel where the parties are able to narrow the issues before involving the court.

**B.   Plaintiff's Refusal to Respond to Discovery Continued After Retaining Counsel.**

Counsel for Plaintiff entered an appearance on July 25, 2013. [D.E. 66.] On August 26, 2013, Plaintiff served "revised" responses to TNY's interrogatories. [D.E. 75 at ¶ 21.] That same day, Plaintiff produced an additional 200 pages of documents. [*Id.* ¶ 22.] Plaintiff claimed that his supplemental responses and document production resolved all of the discovery issues between the parties. It became abundantly clear during Plaintiff's September 3, 2013 deposition, however, that the opposite was true. Plaintiff's deposition testimony confirmed that he was continuing to withhold responsive documents and information, including, for example, the existence of three new e-mail accounts set up either for purposes of the litigation or related to his process serving business. *See generally* Reply in Support of TNY's Motion to Compel [D.E. 78]. Accordingly, TNY was forced to prepare a reply brief identifying the ongoing deficiencies with Plaintiff's discovery responses and Plaintiff's deposition admissions regarding the same. *Id.*

On September 26, 2013, the Court ordered the parties to meet and confer regarding any outstanding discovery issues and thereafter ordered TNY to supplement its motion to compel to identify any remaining issues for the Court to resolve. [D.E. 84.] The parties met and conferred on October 7, 2013 and were unable to resolve any of the outstanding discovery issues, including, but not limited to, Plaintiff's failure to identify all of his e-mail accounts. Accordingly, TNY prepared and filed the Court-Ordered Supplement that same day. [D.E. 90.]

**C.   The October 11 Hearing and the Court's Order on TNY's Motion to Compel.**

The Court held a hearing on TNY's motion to compel on October 11, 2013. [D.E. 94.] During that hearing, Plaintiff's counsel represented that Plaintiff had no additional e-mail accounts

4

beyond those already identified.  [D.E. 96 at 33.]  Plaintiff's counsel also represented that he had

personally reviewed all of the e-mails associated with the hartley13cv158@gmail.com account, and

that they all were between Plaintiff and his counsel.  [*Id.* at 23 ("The 158 [e-mail account] only

contains communications between my office and Mr. Hartley, the plaintiff, employees of my office

and Mr. Hartley, the plaintiff"; *id.* at 32 (stating that Plaintiff's counsel had reviewed all of the e-

mails associated with the account).]  The Court ordered Plaintiff, within one week of the hearing, to

provide TNY with an affidavit confirming that no additional e-mail accounts existed.[2]  [*Id.* at 33.]

At the conclusion of the hearing, the Court granted much of the relief sought by TNY and

awarded TNY its "attorneys' fees and costs for having to bring [the] motion."  [*Id.* at 34.]  A Minute

Order was entered the same day, confirming that TNY was entitled to recover its fees for having to

bring the motion to compel and ordering the parties to meet and confer regarding the amount of fees

due TNY.  [D.E. 94.]  The parties were unable to reach a resolution on the amount of TNY's fees.

Accordingly, TNY submitted an affidavit itemizing its fees on October 18, 2013.  [D.E. 95.]

**D. Plaintiff's Supplemental Production and Affidavit Confirms He Improperly Withheld Responsive Information and Documents During Discovery.**

On August 26, 2013, Plaintiff supplemented his interrogatory responses and produced an

additional 200 pages of documents.  Plaintiff claimed at the time that this resolved all of the

discovery issues between the parties.  This was proven false as, on October 28, 2013, Plaintiff

subsequently produced thousands of additional pages of responsive documents.  (Chapman Dec. ¶

6.)  That same day, Plaintiff submitted an affidavit to TNY wherein he states that, contrary to his

counsel's representations to the Court during the October 11 hearing, there were, in fact, a number

---

[2] Plaintiff did not comply with the Court-ordered deadline, only providing the affidavit to TNY 17 days after the hearing and then only after TNY's counsel issued a demand for the affidavit.  (Declaration of Nathan Chapman ("Chapman Dec."), filed contemporaneously herewith, at ¶ 4 & Ex. 1.)

of non-privileged e-mails between Plaintiff and non-attorneys from the hartley13cv158@gmail.com account that had not been produced.  (Chapman Dec. ¶ 5 and Ex. 2 ("Hartley Aff.").)  Also contrary to counsel's claim that there were no additional e-mail addresses, Plaintiff identified three more e-mail accounts that had not been disclosed previously.  (Hartley Aff. ¶¶ 4,7)  Plaintiff's affidavit also discloses the existence of additional responsive documents in the form of text messages related to this action that were not produced previously.  (Hartley Aff. ¶ 20.)  While Plaintiff claims he found those messages after conducting a search on his cell phone, he offers no explanation as to why he failed to conduct such a search months ago.  (*Id.*)

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.  The Court's Fee Award Is Not Temporally Limited.

As discussed above, the Court's Order awarding fees was not temporally limited.  Rather, the Court held that TNY is entitled to recover fees incurred in preparing and prosecuting its motion to compel.  [D.E. 94 at 1; D.E. 96 at 34.]  Thus, no support exists for Plaintiff's claim that the award should be limited to 6.2 hours allegedly incurred by TNY between October 7 and 11, 2013.

Indeed, Plaintiff offers no justification for such a limitation other than his baseless averment that the "discovery issue was ripe only after the parties met and conferred on October 7, 2013, as ordered by the Court."  [D.E. 97 at 3.]  There can be no dispute, however, that Plaintiff's discovery responses were deficient when TNY filed its motion to compel on July 3, 2013.  Indeed, Plaintiff admits as much by acknowledging that "***in response to Defendant's previously filed motion to compel***, [he] produced a plethora of documents and information . . . ."[3]  [D.E. 97 at 2 (emphasis

---

[3] Plaintiff contends that "[m]uch of the relief sought by Defendant's motion was actually abrogated by" a supplemental production of documents "prior to the Court's directives."  [D.E. 97 at 2.]  This is flatly wrong as the referenced supplemental production occurred ***only after*** TNY filed its motion to compel.  Fed. R. Civ. P. 37(a)(5) specifically provides that where requested discovery is provided only after the filing of a motion to compel, an award of fees associated with the filing of the motion is still proper.  *See also Am. Fam. Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 12-

added).]  There is also no question that Plaintiff's discovery responses remained deficient when

TNY filed its Reply in Support of its Motion to Compel (on September 13, 2013) and the Court-

Ordered Supplement (on October 7, 2013), as demonstrated by Plaintiff's production of *thousands*

of pages of documents in response to the Court's October 11 Order.  Those documents are all

responsive to the discovery requests at issue in TNY's initial motion to compel and should have

been produced months ago.[4]

In short, there is no dispute that, had Plaintiff complied with his discovery obligations from

the outset, TNY would not have been forced to incur fees preparing and litigating a motion to

compel.  As such, Plaintiff's argument that the fees should be limited to those incurred during a

four-day period after the briefing was nearly completed must be rejected, and TNY should be

awarded all of the fees it incurred in preparing the motion and related filings.

### B.  The Number of Hours Incurred by TNY In Preparing Its Motion to Compel and Related Filings Is Reasonable.

The first step in calculating a fee award is to determine the number of hours reasonably

spent by counsel for the party seeking the fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As discussed above, Plaintiff frustrated the discovery process in this case from the outset by failing

to adequately respond to even the most basic and unobjectionable discovery requests and then

refusing to address the numerous deficiencies during TNY's attempts to meet and confer with him.

---

cv-1223, 2013 WL 1876781, at *2 (D. Colo. May 3, 2013) (awarding fees incurred in preparing motion to compel where plaintiff produced requested discovery only after motion was filed).  Further, Plaintiff has produced *thousands* of pages of documents since the Court's October 11 order.  This subsequent production completely undermines his claim that the discovery issues were mostly "abrogated" by his previous supplemental production of 200 pages of documents.

[4] Along with this new production Plaintiff also confirmed for the first time that, contrary to his counsel's representations to the Court during the October 11 hearing: (1) there were non-privileged e-mails in the hartley13cv158@gmail.com e-mail account that were improperly withheld; and (2) there were additional e-mail addresses that had never been disclosed.  (Hartley Aff. ¶¶ 4, 7, 10.)  Again, this information is responsive to the discovery requests at issue in TNY's initial motion to compel and should have been provided long before now.

The scope of Plaintiff's discovery deficiencies was well beyond what is typically encountered in such a case, prevented the parties from narrowing the scope of the discovery issues and forced TNY to spend considerable time researching each of the numerous deficiencies in Plaintiff's discovery responses and preparing its motion to compel.  Plaintiff admits that TNY's efforts in preparing the initial motion to compel were warranted and necessary by acknowledging that, *in response to that motion*, he supplemented his interrogatory responses and document production.  [D.E.97 at ¶ 9.]

Further, Plaintiff's failure to properly respond to discovery continued even after he retained counsel.  Indeed, Plaintiff confirmed at his deposition that he had withheld additional relevant, discoverable information beyond that known to TNY.  [*See generally* D.E. 78.]  Because this information was only disclosed at his deposition, TNY then had to spend considerable time comparing Plaintiff's deposition testimony against his production so as to specifically identify in its Reply all of the additional deficiencies with Plaintiff's responses of which it had become aware.  Plaintiff's October 28th affidavit, in which he admits to the existence of additional undisclosed e-mail accounts and additional text messages related to this case, as well as the production of thousands of additional pages of responsive documents that same day simply confirms that the time spent by TNY in this effort was both appropriate and necessary.

Given the numerous issues associated with Plaintiff's failure to properly respond to discovery, the 67.6 hours incurred by TNY in preparing and litigating the Motion to Compel, Reply in Support of the Motion to Compel and the Court-Ordered Supplement is eminently reasonable.

**C.  <u>The Hourly Rates Charged by TNY's Counsel are Reasonable.</u>**

Plaintiff takes issue with TNY's counsel's rates, contending that the rates of $324/hour for Mr. Chapman and $279/hour for Mr. Sherman should be reduced to $250/hour.  [D.E. 97 at 3-4.] Plaintiff argues that this reduction is appropriate because TNY has allegedly not met its burden of

showing that its counsel's rates are reasonable.  Plaintiff also argues that case law limits the

reasonable rate to no more than $250/hour.  Plaintiff's argument is both incorrect and disingenuous.

First, Plaintiff's counsel recently filed its own request for fees in another matter pending

before this Court, *Eddins v. Time Warner NY Cable LLC*, No. 13-cv-2521 (Docket Entry No. 36-3).

In their request, Plaintiff's counsel asserts that time spent by a sixth-year associate should be

compensated at a rate of $250/hour and that his time should be compensated at ***$350/hour***

(Plaintiff's counsel has been practicing for 13 years).  Yet, in this case, Plaintiff asserts that TNY's

counsel, each of whom have over eight years of experience, should be limited to $250/hour.  Thus,

Plaintiff's counsel's position on the reasonableness of rates appears to change depending on

whether he is the one paying the award or seeking it.

Plaintiff's argument also fails because a "reasonable rate" is the prevailing market rate in the

relevant community.  *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, --- F. Supp. 2d -

---, No. 08-cv-02750-MSK-KMT, 2013 WL 3810861, at *13 (D. Colo. July 23, 2013).  As an initial

matter, the fact that a party's attorneys regularly charge the aforementioned rates is relevant to the

reasonableness of the rates. *See Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir. 1987).

As stated in Mr. Chapman's Affidavit Itemizing Attorneys' Fees, TNY regularly pays $324/hour for

Mr. Chapman's services and $279/hour for Mr. Sherman's services.  [D.E. 95 at 3.]  Further, the

$20,520.63 in fees sought by TNY was incurred, and will be paid, by TNY.  [D.E. 95 at 4.]  Thus,

the Court has sufficient evidence before it to hold that TNY's counsel's rates are reasonable.

The Court may also use its own knowledge in determining a reasonable rate.  *Xtreme Coil*

*Drilling Corp.*, 2013 WL 2750 at *15.  In *Xtreme Coil Drilling Corp.*, the district court analyzed

recent case law from the District of Colorado and concluded that the "cases suggest that the

prevailing rates in Denver for experienced litigators approach $400 per hour in recent years."  2013

WL 2750, at *14.  *See also Universal Drilling Co. v. Newpark Drilling Fluids, LLC,* D.C. Colo.

Case No. 08–cv–2686–MSKCBS, Docket # 48 (Feb. 22, 2011) (noting 2008 survey by Colorado

Bar Association finding median billing rate for partners in large firms was $400 per hour).  The

rates charged by Mr. Chapman ($324/hour) and Mr. Sherman ($279/hour), each of whom have over

eight years of experience litigating employment actions, are entirely consistent with *Xtreme Coil*

*Drilling Corp.* and the cases analyzed therein.  *See also Nova Leasing, LLC v. Sun River Energy,*

*Inc.*, No. 11-CV-00689-CMA-BNB, 2013 WL 1302265, at *2-3 (D. Colo. Mar. 28, 2013) (rate of

$245/hour for attorney with four years of experience was reasonable); *MemoryTen, Inc. v. LV*

*Admin. Servs., Inc.*, No. 12-CV-00993-WJM-BNB, 2013 WL 1154492, at *3 (D. Colo. Mar. 19,

2013) (rate of $275/hour for associate with only five years of experience was reasonable).  As such,

Mr. Chapman's and Mr. Sherman's rates are reasonable, and the Court should calculate the fee

award based upon those rates, which were actually charged to, and will be paid by TNY.

## IV.    CONCLUSION

For the reasons set forth above, TNY respectfully requests that the Court award TNY

$20,520.63 for its reasonable fees incurred in preparing and litigating its motion to compel.

Respectfully submitted, this 1st day of November, 2013.

| | |
|---|---|
| s/ *Nathan D. Chapman* | |
| Nathan D. Chapman | Josh A. Marks |
| Paul G. Sherman | BERG HILL GREENLEAF & RUSCITTI LLP |
| WARGO & FRENCH LLP | 1712 Pearl Street |
| 999 Peachtree Street, NE | Boulder, CO 80302 |
| 26th Floor | Tel: (303) 402-1600 |
| Atlanta, Georgia 30309 | Fax: (303) 402-1601 |
| Tel: (404) 853-1500 | Email: jam@bhgrlaw.com |
| Fax: (404) 853-1501 | |
| Email: nchapman@wargofrench.com | *Attorneys for Defendant Time Warner NY Cable* |
| psherman@wargofrench.com | *LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, a true and correct copy of the foregoing **TIME WARNER NY CABLE LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR ATTORNEYS' FEES** was e-served upon the following via ECF/PACER:

Walker G. Harman , Jr.
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, NY 10123

  s/ *Nathan D. Chapman*    
Nathan D. Chapman

11