IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00158-RM-MJW

PATRICK HARTLEY,

Plaintiff,

v.

TIME WARNER NY CABLE LLC,

Defendant.

**ORDER REGARDING ATTORNEY FEES AND COSTS**
**(Docket Nos. 58 and 95)**

**Entered by Magistrate Judge Michael J. Watanabe**

  This matter is before the court for consideration on attorney fees.  The court has considered the Affidavit of Nathan D. Chapman Itemizing Attorneys' Fees Incurred in Connection with Defendant's Motion to Compel, and for Attorneys' Fees (docket no. 95). In addition, the court has considered Plaintiff's Response to Defendant's Request for Fees (docket no. 97) and Defendant Time Warner NY Cable LLC's Reply in Support of Affidavit Requesting Attorneys' Fees Associated with Motion to Compel (docket no. 99). Furthermore, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

  The court finds:

    1.  That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the issue of attorney fees;

4. That on October 11, 2013, I held a hearing on Defendant's Motion to Compel and for Attorneys' Fee (docket no. 58). At this hearing, I granted in part and denied in part the subject motion (docket no. 58) and awarded Defendant reasonable attorney fees and costs. The parties were ordered to meet and confer to see if they could agree upon the amount of attorney fees and costs, but if they could not agree, then my Order set out a briefing schedule on the issue of attorneys fees and costs. The parties were unable to agree upon the amount of attorney fees and costs, and thus such issue is before myself for consideration. See docket no. 94;

5. That when evaluating a motion for attorney fees, the court must follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987); Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996); Ramos, 713 F.2d

3

at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011) (citing Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D.Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy, 73 F.3d at 1018 (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to

4

do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Id.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. Hensley, 461 U.S. at 433;

6. That here, Defendant seeks attorney fees totaling $20,520.63. Defendant has filed an affidavit of counsel Nathan D. Chapman which includes an itemized spreadsheet of billable time and hours. See docket no. 95. The billable hourly rate requested by Defendant for co-counsel Paul G. Sherman is $279.00 per hour, and the billable hourly rate requested by Defendant for counsel Chapman is $324.00 per hour. Mr. Chapman is an associate with the law firm of Wargo & French, LLP. It appears that Mr. Sherman is also an

5

associate with the law firm of Wargo & French, LLP, noting that his hourly rate is lower than Mr. Chapman's. Both Mr. Chapman and Mr. Sherman have been practicing law for approximately eight years according to the affidavit. See paragraph 6 of docket no. 95. The affidavit suggests that Defendant has been billed 67.60 hours by Wargo & French, LLP, for having to prepare, file, and attend a one hour and six-minute hearing on Defendant's Motion to Compel and for Attorneys' Fee (docket no. 58), a Reply (docket no. 78), and a Supplement (docket no. 90). See page 17 of docket no. 95;

7. That Defendant asserts that these hourly rates for counsel Chapman and Sherman are reasonable in light of the gravity of plaintiff's allegations, the strategies pursued by plaintiff, the complexity of the case, and the work necessitated by plaintiff's filings. In addition, Defendant asserts that the amount of time is supported by the fact that the time spent was reasonable and necessary. Defendant also asserts that the rates for counsel Chapman and Sherman are reasonable in light of the skill demonstrated by counsel, the complexity of the issues involved, and the beneficial results;

8. That Plaintiff objects to the amount of attorney fees sought, both the number of hours expended and the hourly rates claimed. He does not agree with the statements made regarding the complexity of the issues or the amount of time billed by counsel Chapman and

Sherman;

9. That the court has followed the three-step process set forth in Ramos v. Lamm in evaluating the Defendant's claims for attorney fees. I have reviewed the documentation submitted by defense counsel and find that the number of hours claimed are not reasonable. The total amount of time spent on a the various itemized tasks appears unreasonable in light of the complexity of the case, the strategies pursued, and the work necessitated by the volume, quality, length, and content of the Plaintiff's filings. In addition, the time expended was unreasonable in relation to relief being sought in the Defendant's Motion to Compel and for Attorneys' Fee (docket no. 58) and in relation to defense counsels' experience. I find that a total of ten (10) hours of attorney time is reasonable and was necessary in order to prosecute Defendant's Motion to Compel and for Attorneys' Fees (docket no. 58);

10. That with regard to the reasonableness of the rates, I am familiar with the rates charged by attorneys in this area and conclude that given their experience, skill, and specialization, the rates sought by the various defense attorneys are unreasonable. I note that Judge Arguello has found that an hourly rate $425 was reasonable. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *9 (D. Colo. Aug. 15, 2011). However, the level of experience and expertise by those attorneys in the Brokers' Choice

7

of Am., Inc. Case, were much greater than counsel Chapman and Sherman. I find that the hourly fee sought for counsel Chapman and Sherman is somewhat excessive and find that an hourly rate of $250 would be a reasonable hourly rate of compensation in this area for both counsel Chapman and Sherman, noting their level of experience and length of practice; and

11. That multiplying the reasonable hourly rate by the number of hours reasonably expended, I find as follows. The Defendant should be awarded a total of **$2,500.00 [10 hours x $250.00 per hour = $2,500.00]** as reasonable attorney fees for having to prepare, file, and attend a hearing on Defendant's Motion to Compel and for Attorneys' Fee (docket no. 58), a Reply (docket no. 78), and a Supplement (docket no. 90).

## **ORDER**

Based on the foregoing, it is hereby **ORDERED** that Plaintiff shall pay to the Defendant the sum of $2,500.00 in reasonable and necessary attorney fees for having to prepare, file, and attend a hearing on Defendant's Motion to Compel and for Attorneys' Fee (docket no. 58), a Reply (docket no. 78) and a Supplement (docket no. 90). Payment of the $2,500.00 shall be made on or before November 29, 2013.

Date: November 4, 2013         s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
       United States Magistrate Judge