**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No.:  13-CV-158-RM-MJW

**Patrick G. Hartley,**
    **Plaintiff**

v.

**Time Warner Cable, LLC.,**
    **Defendant**

_____

**PLAINTIFF PATRICK G. HARTLEY'S RESPONSE AND COMPLAINT IN OPPOSITION TO WALKER G. HARMAN'S NOTICE TO WITHDRAW AS PLAINTIFF'S COUNSEL PURSUANT TO D.C. COLO. L. ATTY. R. 5(b)**
_____

1. COMES NOW, Plaintiff Patrick G. Hartley, providing a written response and complaint opposing Walker G. Harman's Notice of Withdraw. Plaintiff Patrick G. Hartley, herein Plaintiff, shows cause for disciplinary action, not to be limited, all applicable sanctions and fines to be ordered against Walker G. Harman and any associate or employee of Walker G. Harman Jr. PC, herein The Harman Firm, PC, as well as representatives of Time Warner Cable, LLC, herein TNY.

**SUMMARY**

2. The Harman Firm, PC's statement that a *"breakdown in communication and the attorney client relationship has necessitated their Notice of Withdraw"* is in fact correct but substantially and egregiously mischaracterizes the Plaintiff's participation in these proceedings. The Plaintiff has asked verbally and in writing over and over and over for explanations and clarifications in writing throughout The Harman Firm, PC's representation but is still not fully informed. An associate of The Harman Firm, PC, Brian Moss, told the plaintiff in a phone conversation on December 9, 2013 that *this judge is historically prejudicial against plaintiffs.* Upon the Plaintiff's written confirmation of his statement, Mr. Moss changed his tune. The Harman Firm, PC attempted to intimidate the Plaintiff into signing an agreement without the Plaintiffs full *informed consent*. Confirmed in writing, jail time, debt, and misrepresentation of the law were the tools used by The Harman Firm, PC to coerce the Plaintiff. To no avail, The Plaintiff is still uninformed as to the nature, causes, actions, and inactions resulting in the course of this litigation and the reasoning behind it all. Supporting privileged communications as exhibits can be produced February 11, 2014 for in-camera review and inspection by this Court if the Plaintiff's privilege is not waived by in-camera review.

3. The Harman Firm, PC attempted to coerce the Plaintiff into signing the settlement agreement first produced in writing on December 13, 2013. By constantly requesting the Plaintiff to call them, The Harman Firm, PC refused to fully disclose and confirm in writing the requests made by the Plaintiff to ensure the Plaintiff can provide informed consent.

4. The Plaintiff attempted to get written clarification from The Harman Firm, PC numerous times when The Harman Firm, PC would talk to fast and speaks a lot of unfamiliar law around while talking with the Plaintiff via telephone.

5.    The Plaintiff requested written clarification from TNY numerous times when TNY would talk fast and speaks quickly about a lot of unfamiliar law while talking with the Plaintiff, at the time acting as Pro Se, via telephone.  The Plaintiff was more than willing to confer with reasonable requests via email or correspondence.

6.    The Plaintiff, and a class of people with similar claims and arguments of law as the Plaintiff, suffered damages as a result of The Harman Firm, PC and TNY's actions, including:

    a.    The Harman Firm, PC confirmed in writing they they have not acquired any additional discovery, or take depositions, which prejudices the Plaintiff and disrupts the Courts calendar. *(See Below #20, 27)*

    b.    The Harman Firm, PC's associate, Brian Moss, made the Plaintiff believe that the Judge was prejudicial towards plaintiffs in this Court asserting in writing and over the phone the likely probability that the Judge would Jail the Plaintiff if TNY filed a motion for contempt in an attempt to intimidate the Plaintiff. *(See Below #12, 14, 19, 22, 24, 28)*

    c.    The Harman Firm, PC appears to have not deposed any witnesses who have or may have information relevant in support of Plaintiff's claims. *(See Below #29)*

    d.    The Harman Firm, PC appears to have not provided the Plaintiff with enough information to allow the Plaintiff to make decisions in this action with *informed consent*. *(See Below #12, 13, 14, 15, 16, 23, 29)*

    e.    The Harman Firm, PC appears to have not complied with Plaintiff's request for written answers and to fully disclose in writing the terms of TNY's proposed settlement offer. *(See Below #11, 12, 14, 15, 17, 18, 19, 21, 23, 24, 28, 29)*

    f.    The Harman Firm, PC appears to have not complied with Plaintiff's written request to draft a proposed settlement offers and provide the proposed settlement offer in writing to TNY.  *(See Below #16)*

    g.    The Harman Firm, PC appears to have not corrected a false statement of material fact or law previously made by TNY in their Motion to Compel [DE 58]. *(See Below #10, 24, 28)*

    h.    The Harman Firm, PC appears to have used the attorney fee award to disadvantage the Plaintiff in ongoing settlement negotiations. *(See Below #12, 14, 19, 22, 24, 28)*

    i.    The Harman Firm, PC appears to have not produced in writing to the Plaintiff any communications between TNY and The Harman Firm, PC. *(See below #21)*

    j.    TNY's representatives appear to have made false statements of material fact or law when filing their Motion to Compel [DE 58]. *(See Below #10, 24, 28)*

    k.    The Harman Firms, PC's actions and inactions appear to fall within the scope of their representation of the Plaintiff.  *(See Below #11)*

    l.    TNY appears to have not turned over any additional discovery responsive to Plaintiff's interrogatories or requests for production.  The Harman Firm, PC confirmed that additional discovery was indeed available.  *(See Below #29)*

    m.    The Plaintiff has substantially fulfilled his obligation to The Harman Firm, PC and to TNY during these proceedings by requesting confirmation in writing to be able to be fully informed and be able to provide informed consent.   *(See Below #11, 13, 14, 215, 18, 19, 21, 24, 28, 29)*

    n.    The Harman Firm, PC and TNY appear to have been offering waiver of the award of attorney's fees  as part of ongoing settlement negotiations.  Furthermore, the Plaintiff has become employed again and is willing to make monthly payments within his budget of $50/month after these issues are reviewed by this Court. *(See Below #17)*

    o.    The Harman Firm, PC appears to have confirmed in writing to the Plaintiff that if the Plaintiff did not sign a settlement agreement, TNY would file a motion for contempt. *(See Below #19)*

    p.    The Harman Firm, PC appears to have misrepresented the Plaintiff's legal rights by confirming in writing that the Plaintiff would have to proceed Pro Se if the settlement agreement was not signed. *(See Below #22)*

   q. The Harman Firm, PC was the first to take action and initiate the termination of services and representation. The Plaintiff has asked for clarification as to whether the services of The Harman Firm, PC can be depended upon, but received unclear responses. ***(See Below #25)***

7. For these reasons, the Plaintiff files the following complaint and factual allegations with supporting Rules of Professional Conduct. The Harman Firm, PC failed to communicate notice of his Filing to the Plaintiff before Friday February 7, 2014 resulting in the Plaintiff's inability to reasonably attain independent legal advise before being required to file this response with the Court the Plaintiff respectfully asks this Court to treat this Pro Se filing with leniency.

## JURISDICTION

8. This Court has jurisdiction to hear complaints and make rulings on matters regarding ethical violations by attorneys that happen during proceedings while under this court.

## COMPLAINT:

9. The Harman Firm, PC failed in his duty to his client to reasonably represent the interests and the means by which the Plaintiff's objectives are to accomplished. The Harman Firm, PC, pursuant to the referenced Colorado RPC and/or MR 1.1 below support the Plaintiff's complaint that The Harman Firm, PC acted negligently in their representation of the Plaintiff. Plaintiff's issues are similar to the issues of other Plaintiff's and The Harman Firm, PC's actions have resulted in damages to not only the Plaintiff, but the class of people the sought to be represented by a class member.

10. TNY's Representatives, pursuant to Colorado RPC 3.3(a)(1), have knowingly made false statement of material fact or law to this court in their Motion to Compel Filing [DE 58] resulting in wasted judicial economy and unnecessary motion practice. TNY's attorneys have also stalled out the discovery process resulting in Plaintiff being prejudiced by not receiving additional discovery relevant to the Plaintiff's claims, interrogatories, and requests for production.

## CAUSES OF ACTION and FACTUAL ALLEGATIONS

11. The Harman Firm, PC has asserted the following: "The reason for the withdrawal is that there has been a *breakdown in communication and the attorney-client relationship."* The Plaintiff, both orally and via email, has reasonably requested no fewer than 10 times for The Harman Firm, PC to confirm, in writing, clarification on the status of ongoing settlement negotiations and this action. The Harman Firm, PC has failed to fulfill his duty within the scope of the agreed representation of the Plaintiff pursuant to, but not limited to, Colo. RPC.1.1 and/or MR 1.1, detailed below.

12. Pursuant to Colorado RPC 8.4(a), 8.4(c), 8.4(d), and 8.4(h), The Harman Firm, PC has a duty to abide by the request of the Plaintiff for *confirmation in writing* to ensure the Plaintiff has *informed consent* regarding ongoing settlement negotiations, as well as ongoing legal processes in this action. The Harman Firm, PC appears to have knowingly engaged in substantial negligent representation and failed to fulfill his duties as Plaintiff's representative as detailed below. The Harman Firm, PC has repeatedly confirmed in writing the threat of Jail time if the settlement agreement was not signed. ***(Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver, N.A., 892 P.2d 230, 239 (Colo. 1995)) (RPC 8.4: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; (h) engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law.)***

13.     Pursuant to Colorado RPC 1.2(a), The Harman Firm, PC appears by a preponderance of evidence to have failed in his duty to provide reasonable representation by entering into a settlement agreement in principle with TNY, without the informed consent of the Plaintiff.  The Plaintiff did not receive confirmation in writing of TNY's draft settlement offer until December 13, 2013 making it impossible for the Plaintiff to have fully agreed to the terms before this date. *(RPC 1.2(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.)*

14.     Pursuant to Colorado RPC 1.2(a), The Harman Firm, PC appears to have not abided by the Plaintiff's written decision in settlement and case management matters and reasonably should know that entering into a settlement agreement, even in principle, has to be with the informed consent of the Plaintiff.  TNY filed Notice of Settlement in Principle before The Harman Firm, PC fully disclosed in writing the terms of TNY's settlement offer to the Plaintiff. After filing of this Notice, The Harman Firm, PC again attempted to coerce the Plaintiff with intimidation of jail time. *(RPC 1.2(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.)*

15.     Pursuant to Colorado RPC 1.4(a)(1), The Harman Firm, PC has not fully informed the Plaintiff and has neglected to promptly inform the Plaintiff of decisions and circumstances relating to ongoing settlement negotiations and this action.  The Plaintiff requested, but has not received, reasonable clarification in writing on communications between The Harman Firm, PC and TNY regarding ongoing settlement negotiations to ensure Plaintiff's informed consent.  *(RPC 1.4(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules)*

16.     Pursuant to Colorado RPC 1.4(a)(2), The Harman Firm, PC failed to reasonably consult with the Plaintiff about the means by which the Plaintiff's objectives are to be accomplished. The Question of Material Fact presented to The Harman Firm, PC when retained in Plaintiff's action is **did TNY use their knowledge of the law as pretext to *target and retaliate* against employees protected by Federal and State laws?** (Exhibit A, A1) The Plaintiff brought this action individually and on behalf of those similarly situated; however, The Harman Firm, PC filed a separate class and collective action (*Eddins, et al. v. Time Warner Cable, LLC: 13-CV-2521*), which the Plaintiff is not a part of, yet Plaintiffs in both cases have provided testimony of similar issues and arguments of law.  As the record shows, class and collective action was moved by the Plaintiff previously in this action, and withdrawn by The Harman Firm, PC without the Plaintiff's informed consent.  Judicial economy is supported by pursuing this action as a class and collective action.  *(RPC 1.4(a) A lawyer shall: (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;*

17.     Pursuant to Colorado RPC 1.4(a)(3), The Harman Firm, PC failed to keep the Plaintiff reasonably informed about the status of the ongoing settlement negotiations*(RPC (a) A lawyer shall:* **(3) keep the client reasonably informed about the status of the matter).** In writing, The Harman Firm, PC misrepresented the terms and status of ongoing settlement negotiations to the Plaintiff.  On December 5, 2013, The Harman Firm, PC provided the first written, substantially vague, explanation of the settlement offer:

> *"They have not put it in writing. It a waiver of the atty fee award. 1500 cash. And you release all claims in the Hartley matter except the flsa/wage and hour claims. that's all they have told me."*

18. Pursuant to Colorado RPC 1.4(a)(4), The Harman Firm, PC failed to promptly comply with the Plaintiff's reasonable requests, including requests for information in writing regarding the status of ongoing settlement negotiations. The Harman Firm, PC failed to draft a proposed settlement offer as requested by the Plaintiff on November 6, 2013 and failed to provide a fully disclosed written draft settlement offer before December 13, 2013. **(RPC (a) A lawyer shall: (4) promptly comply with reasonable requests for information)**

19. Pursuant to Colorado RPC 1.4(b), The Harman Firm, PC failed to explain the status of ongoing settlement negotiations *to the extent reasonably necessary* to permit the Plaintiff to make informed decisions regarding settlement options and actions in this case. The Harman Firm, PC appears to have not provided confirmation in writing that Plaintiff's settlement offers, or counter offers, have ever been produced to TNY in writing. According to The Harman Firm, PC, the Defendant refused to negotiate further on any of the terms proposed by the Plaintiff - *that the December 13, 2013 offer was the only option before TNY filed a motion for contempt which would most likely result in jail time for the Plaintiff.* **(RPC 1.4(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.)**

20. Pursuant to Colorado RPC 1.7(a)(1), The Harman Firm, PC's representation of the Plaintiff will be directly adverse to other clients as The Harman Firm, PC has appeared to have knowingly engaged in substantially negligent representation in this action, in which the Plaintiff have similar issues and arguments of law as the Plaintiffs in *Eddins, et al. v. Time Warner Cable, LLC: 13-CV-2521*. Since being retained by the Plaintiff, The Harman Firm, PC has also failed in his duty to obtain from TNY any additional discovery, including taking depositions, which may be relevant to this action and other class members. **(RPC 1.7 (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client)**

21. Pursuant to Colorado RPC 1.8(a)(1), The Harman Firm, PC appears to have entered into a settlement in principle with TNY without fully disclosing and transmitting in writing the status and terms of ongoing settlement negotiations to ensure the Plaintiff was fully informed. The Plaintiff has not seen any communications between TNY and The Harman Firm, PC since August, 2013. **(RPC 1.8(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client)**

22. Pursuant to Colorado RPC 1.8(a)(2), in writing, The Harman Firm, PC failed to give reasonable opportunity and advise the ability of the Plaintiff to seek the advise of independent legal counsel. The Harman Firm, PC ignored the Plaintiff's requests for clarification on whether or not The Harman Firm, PC's services can be depended on. The Harman Firm, PC misrepresented the RPC in writing by informing the Plaintiff that if he did not sign the December 13, 2013 settlement offer, the Plaintiff would have to continue as Pro Se and have to face the likely probability that the Judge would jail the Plaintiff for not being able to afford to comply with the Judge's Attorney Fee Award. **(RPC 1.8(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless: (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction)**

23. Pursuant to Colorado RPC 1.8(b), The Harman Firm, PC used information relating to representation of the Plaintiff to disadvantage the Plaintiff in ongoing settlement negotiations. Without

the Plaintiff's informed consent, The Harman Firm, PC appears to have stipulated dismissal of Plaintiff's claims of "*Failure to Promote in Violation of Colorado Public Policy*" and "*Failure to Promote in Violation of Colorado's Lawful Off-Duty Activities Act, CRS Ann. 24-34-402.5.*" The Harman Firm, PC also failed to confer and fully inform the Plaintiff before withdrawing Plaintiff's Motion to Compel and Motion for Class Certification. ***(RPC 1.8(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.***

24. Pursuant to Colorado RPC 1.8(b), With regards to the Award of Attorney's Fees, The Harman Firm, PC appears to have been negligent to protect the interest of the Plaintiff, made written threats that the Judge would order jail time, and did not inform the Plaintiff of his option, pursuant to FRCP 72, to object to the order assessed against the Plaintiff by only providing confirmation that the award would be waived by TNY if the Plaintiff signed the December 13, 2013 settlement offer. ***(RPC 1.8(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.)*** Within days of retaining counsel, The Plaintiff informed The Harman Firm, PC of his objections as stated in the Plaintiff's responses to TNY's Interrogatories and Requests for Production served on March 8, 2013. The Plaintiff, while acting as Pro Se, asserted privilege. The Plaintiff's grievance cannot be time barred as the actions of TNY leading to this complaint here in were in violations of the RPC. TNY, pursuant to Colorado RPC 3.3(a) ***(A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by a lawyer)***, misrepresented in writing the Plaintiff's willingness to confer or produce and that the motion was frivolous as the Plaintiff has advised TNY on May 8, 2013, May 9, 2013, and May 23, 2013 that:

> *May 8, 2013: "After much consideration, I cannot document a phone conversation. please send any questions, comments, or concerns vial email or correspondence."*
>
> May 9, 2013: *"It is untrue, as the email shows, that the pro se plaintiff has refused to confer with the Defendant. You now threaten to lie to the court that I have refused to confer with you… I again, in the clearest possible terms, agree to confer with the Defendant via email on any and all matters. As Defendants have made some extraordinary threats via telephone, made misrepresentations regarding procedure to the pro se plaintiff via telephone, and have further lowered themselves to the desperate act of ordering the destruction of evidence, our every communication must be documented"*
>
> *May 23, 2013: "Let me be as clear as possible. I am willing to confer with you via email as everything must be document after your misleading threats in previous telephone conversations."*

25. Pursuant to Colorado RPC 1.16(a)(1), The Harman Firm, PC's Notice of Withdraw is in violation of Colorado RPC because The Harman Firm, PC failed to fulfill his duties representing the Plaintiff as outlined in this response and complaint. ***(RPC 1.16 (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law)***

26. Pursuant to Colorado RPC 2.1, The Harman Firm, PC appears to have not advised the Plaintiff of alternative forms of dispute resolution that might reasonably be pursued to attempt to resolve the legal dispute or to reach the legal objective sought. The Plaintiff asked The Harman Firm, PC to set up a mediation and was informed that mediation with TNY was not an option. ***(RPC 2.1 In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral,***

*economic, social and political factors, that may be relevant to the client's situation. In a matter involving or expected to involve litigation, a lawyer should advise the client of alternative forms of dispute resolution that might reasonably be pursued to attempt to resolve the legal dispute or to reach the legal objective sought.)*

27.     Pursuant to Colorado RPC 3.2, the record shows that The Harman Firm, PC has made no reasonable effort to expedite litigation consistent with the interests of the Plaintiff.  *(RPC 3.2 A lawyer shall make reasonable efforts to expedite litigation consistent with the interest of the client)* The Harman Firm, PC unreasonably harassed the Plaintiff to produce his discovery, but failed in obtaining any additional discovery from TNY.  TNY served multiple subpoenas and made repetitive phone calls to the same law firms over and over resulting in economic damages to the Plaintiff.  The Plaintiff notified The Harman Firm, PC of TNY's abuse of process and attempts to impoverish the Plaintiff, and The Harman Firm, PC's responded with:

> "That sucks! Really sorry to hear that."

28.     Pursuant to Colorado RPC 3.3(a)(1), the record shows that The Harman Firm, PC advised the court that they would be meeting with the Plaintiff on February 10, 2014.  The Plaintiff was not informed of this meeting by The Harman Firm, PC in writing, but rather, the Plaintiff read the order on Pacer.  When the Plaintiff attempted to confirm the meeting, The Harman Firm, PC's reply on January 31, 2014 ignored his request for clarification.  In writing, The Harman Firm, PC again attempted to coerce the Plaintiff to sign the December 13, 2013 draft settlement offer by vaguely stating that they might not even be coming out to Colorado.  Again, simultaneously, The Harman Firm, PC misrepresented this Courts impartiality by referencing the possibility that the Judge would order jail time.  The Harman Firm, PC's next communication with the Plaintiff was service via FedEx on the Plaintiff on February 7, 2014 at around 5:06 PM Mountain Standard Time.  FedEx Tracking: 797817784229 and 797801568880.  The Harman Firm, PC again showed negligent representation by failing to provide the Notice and Minute Order to the Plaintiff via email when whether issues were known to be delaying shipping.  *(RPC 3.3(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by a lawyer)*

29.     Pursuant to Colorado RPC 3.5(d), The Harman Firm, PC engaged in conduct intended to disrupt the court and entered into a settlement in principle without the Plaintiff's informed consent resulting in a stay of proceedings with no additional discovery having been produced by TNY.  On December 30, 2013, The Harman Firm, PC told the Plaintiff in writing that no additional discovery had been produced since they were retained. The Harman Firm, PC's Associate, Brian Moss, told the Plaintiff in a phone call that if an agreement was not reached by January 13, 2014, the Defendant would then turn over the discovery.  Additionally, The Harman Firm, PC failed to call any witnesses to be deposed that may have had information relevant to the issues in this action.  *(RPC 3.5(d) engage in conduct intended to disrupt a tribunal.)*

## CONCLUSION and PRAYER FOR RELIEF

30.     The class of victims with similar claims and arguments of law sought to be represented by a class member and the Plaintiff's rights have been violated by The Harman Firm, PC through their actions including the mischaracterization of This Court, misrepresentation and/or absent explanation of Plaintiff's legal rights, and and up to and including, but not limited to, stipulating dismissal of filings and claims without the Plaintiff's informed consent.  The Harman Firm, PC and TNY wasted judicial economy by misrepresenting the facts of ongoing discovery disputes, failing to fully disclose the terms and conditions surrounding ongoing settlement negotiations, and failing to their duties as required by the RPC.  The Court is justified in ordering sanctions, fines, and any other penalties deemed necessary and just on The Harman Firm, PC, and any Representative of TNY.

31.     As such, The Plaintiff moves this Court to enter and order to <u>enforce all applicable sanctions</u>, <u>award separate but equal applicable fines payable to This Court and the Plaintiff</u>, and <u>enter an order against The Harman Firm, PC and TNY</u> for the egregious actions of Counsel, both The Harman Firm, PC and TNY, leading to the Motion Hearing set for February 11, 2014.

Respectfully submitted this 9th day of February, 2014

_____/s/_____
Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
719-964-6101
patrickghartley@gmail.com

**CERTIFICATE OF SERVICE**

I, Patrick G Hartley, certify that a true and correct of Plaintiff's Response and Complaint with Exhibits A, A-1, B were served via email (Filed by The Harman Firm, PC as the Plaintiff cannot e-file or file without an attorney and The Harman Firm PC is currently still counsel) to the following:

Walker G. Harman
wharman@theharmanfirm.com

Brian Moss
bmoss@theharmanfirm.com

Lucas Larson
llarson@theharmanfirm

Nathan Champan
nchapman@wargofrench.com

Paul Sherman
psherman@wargofrench.com

Josh Marks
jam@bhgrlaw.com

Ian Kalmanowitz
ikalmanowitz@cornishanddellolio.com