IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00158-RM-MJW

PATRICK G. HARTLEY,

Plaintiff(s),

v.

TIME WARNER NY CABLE LLC,

Defendant(s)

---

### ORDER REGARDING
### (1) NON-PARTY THE HARMAN FIRM, P.C.'S MOTION TO QUASH SUBPOENA
### (DOCKET NO. 135)

### AND

### (2) DEFENDANT TIME WARNER NY CABLE LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY RELATED TO SETTLEMENT COMMUNICATIONS, AND MEMORANDUM OF LAW IN SUPPORT
### (DOCKET NO. 136)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Non-Party The Harman Firm, P.C.s Motion to Quash Subpoena (docket no. 135) and Defendant Time Warner NY Cable LLC's Motion to Compel Production of Documents and Testimony Related to Settlement Communications, and Memorandum of Law in Support (docket no. 136).  The court has reviewed the subject motions (docket nos. 135 and 136), the responses (docket nos. 138, 142, and 144) and the replies (docket nos. 139, 143 and 145).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the

following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant Time Warner NY Cable LLC issued one subpoena to The Harman Firm P.C., prior to filing the subject Motion to Compel (docket no. 136). Furthermore, Defendant Time Warner NY Cable LLC narrowed the scope of the subject subpoena as reflected in the Motion to Compel (docket no. 136) and seeks only the settlement communications between the now Pro Se Plaintiff and his former attorneys, The Harman Firm, P.C. The now Pro Se Plaintiff stated at the February 11, 2014, hearing before Magistrate Judge Watanabe that he wanted to communicate with Defendant Time Warner NY Cable LLC by e-mail. See docket no. 136-2 [transcript of February 11, 2014, hearing at 30]. Thus, the evidence shows that Defendant Time Warner NY Cable LLC sent two conferring e-mails to the Pro Se Plaintiff concerning the subject Motion to Compel (docket no. 136) requesting production of the settlement communications and advising the now Pro Se Plaintiff of

3

its [Defendant's] intention to seek court intervention if he [now Pro Se Plaintiff] fails to produce "all communications related to the parties' settlement discussions between [now Pro Se Plaintiff] and [his] former attorneys." See docket no. 136-1 [declaration of Nathan D. Chapman];

5  That the information sought to be quashed by Non-Party The Harman Firm, P.C., and the information being sought by Defendant Time Warner NY Cable LLC is relevant as to the pending Defendant Time Warner NY Cable LLC's Motion to Enforce Settlement or, Alternatively, for an Evidentiary Hearing, and Memorandum of Law in Support (docket no. 131). The Motion to Enforce Settlement (docket no. 131) is currently set for hearing before Magistrate Judge Watanabe on May 20, 2014, at 9:00 a.m.; and

6.  That Plaintiff has waived the attorney-client privilege in response to his former counsel's motion to withdraw (docket no. 118) as it pertains to the settlement communications between the now Pro Se Plaintiff and his former attorneys The Harman Firm, P.C. See docket nos. 126-1 [plaintiff's letter to the court]; 127 [plaintiff's response to The Harman Firm P.C.'s Motion to Withdraw]; and 136-2 [transcript of February 11, 2014, hearing at 11-12];

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1. That Non-Party The Harman Firm, P.C.s Motion to Quash Subpoena (docket no. 135) is **DENIED**, noting that the scope of the subpoena has been reduced by Defendant Time Warner NY Cable LLC to just the settlement communications between the Pro Se Plaintiff and his former attorneys The Harman Firm, P.C.;

2. That Defendant Time Warner NY Cable LLC's Motion to Compel Production of Documents and Testimony Related to Settlement Communications, and Memorandum of Law in Support (docket no. 136) is **GRANTED**.  On or before April 25, 2014, the Pro Se Plaintiff and The Harman Firm, P.C., shall produce to Defendant Time Warner NY Cable LLC settlement communications between the Pro Se Plaintiff and his former attorneys The Harman Firm, P.C. However, Plaintiff is not required to respond to Request for Production of Documents No. 9 for the reasons stated above; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of April 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE