## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 APR 29  PM 1: 37

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Case Number: 13-CV-158-RM-MJW

Patrick G. Hartley, Et. Al
          Pro Se Plaintiffs

v.

Time Warner NY Cable, LLC
          Defendant

-------------------------------------------------------------------------------------------------

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT TIME WARNER NY CABLE, LLC PURSUANT TO F.R.C.P. 26 and F.R.C.P 37

-------------------------------------------------------------------------------------------------

COMES NOW, Pursuant to Rule 37 of the Fed. R. Civ. P. and Rule 26 of the Fed. R. Civ. P., Pro Se Plaintiff Patrick G. Hartley ("Plaintiff") hereby moves the Court to compel Defendant Time Warner NY Cable, LLC ("TNY") to produce (1) all discovery responsive to Plaintiff's Interrogatories and Request for Production served April 17, 2013 and (2) all communications with Plaintiff's former attorneys, The Harman Firm, PC including:     (1) all written communications between TNY and Plaintiff's former attorneys, (2) all records of communications via telephone or in-person meetings, (3) all blended communications where Plaintiff was referred to, referenced, mentioned, or discussed while conferring in relation to Eddins, et al. v Time Warner NY Cable, LLC (13-CV-2521-RM-MJW).

## MOTION TO COMPEL

As discussed below, and pursuant to D.C. COLO. LCivR 7.1(A), The Plaintiff has conferred with TNY regarding their failure to produce these documents. As shown more fully below, The Plaintiff has conferred with TNY about the deficiencies in their responses to interrogatory requests, requests for production, and request for TNY's communications with Plaintiff's former counsel at length.

Plaintiff previously filed a Motion to Compel [DE 48] on June 10, 2013 and Plaintiff's now former attorney's withdrew Plaintiff's motion to Compel on August 13, 2013 and Plaintiff's

now former counsel failed to obtain any additional discovery relevant to Plaintiff's requests while retained.

Plaintiff's former counsel informed the Plaintiff in writing that that TNY would produce all discovery once (1) the settlement was not signed and (2) the stay was lifted.   On January 9, 2014, Brian Moss informed the Plaintiff in writing:

*Brian Moss:  "Right now, the case is effectively paused given the settlement possibility.   If you elect not to settle, then they will produce discovery.  They will also move for a contempt order for the fee award..."*

This Court lifted the stay on February 11, 2014, and TNY has no justifiable reason for the delay in production and still has not produced all discovery responsive to Plaintiff's Interrogatories and Requests for Production served April 17, 2013.    (Exhibit #1 ) Furthermore, illustrating TNY's lack of participation in this litigation, TNY's only responses included an assertion of "attorney-client" or " protected by the work product doctrine" on every single Interrogatory and Request for Production.

The only discovery requests fulfilled by the defendants was the return of *the Plaintiff's own responses to the defendants* discovery - some 2700 pages - produced by either request or subpoena.

The Plaintiff conferred with TNY about production of TNY's communications with Plaintiff's former counsel numerous times (Exhibit #2 ) and TNY has asserted a "run around" defense to avoid producing these communications they should reasonably know to be produced as disclosures pursuant to F.R.C.P. 26.

The Plaintiff requested production of TNY's communications and discoverable information on April 14, 2014.  TNY responded:

*Nathan Chapman:  "With respect to your demand that we produce our firms communications with The Harman Firm, PC, please direct me to the discovery request which you believe such documents are responsive.  Also, given that the court ordered Mr. Harman to turn over his firm's file to you at the February 11 hearing, you should be in possession of those communications from Mr. Harman.   Further, the communications between our firm and Mr. Harman's firm that are relevant to the settlement between the parties are attached to TNY's motion to enforce the settlement agreement."*

TNY has asserted that The Harman Firm, PC is responsible for producing the communications; however, there may be communications between TNY and Brian Moss (either personal cell phone, personal email, un-reported written communications, or un-reported meetings) that The Harman Firm, PC may not have knowledge of, but TNY would have this information. The Plaintiff responded on April 15, 2014 stating:

*Plaintiff: "TNY's communications with the Harman Firm, PC should be produced pursuant to F.R.C.P. 26."*

TNY never responded to Plaintiff's April 15, 2014 request to produce TNY's copies of their communications with Plaintiff's former attorney. On April 21, 2014, Plaintiff emailed TNY with a copy of a subpoena to produce and requested TNY to advise whether or not they will waive service and produce the documents responsive to the subject subpoena (Exhibit # 3   ). TNY responded:

*Nathan Chapman: "It is well established that 'a subpoena directed to opposing counsel in a pending action is improper and is subject to a motion to quash or for a protective order.' Topolewski v. Quorum Health Res., LLC, No. 3:10-1220, 2013 WL 99843, at \*4 (M.D. Tenn. Jan 8, 2013)(denying motion to compel production of attorney files sought in response to subpoena) (citations omitted). As Judge Jackson observed, 'discovery of the files of opposing counsel is prohibited in all but very limited circumstances." (e.g., if they are not available from another source). Kirzhner v Silverstein, 870 F. Supp. 2d 1145, 1150 (D. Colo. 2012) (granting protective order and awarding attorney's fees to attorneys against party who sought attorneys' files by subpoena.) These circumstances do not exist in this case."* The Plaintiff's request are of a very limited scope - the Plaintiff is entitled to know what was said, to whom, when, and under what circumstances there were communications in the pending action, regarding the Plaintiffs claims, between the parties.

TNY's reference to case law is not relevant to the Plaintiff's request. On April 21, 2014, the Plaintiff clarified his request to the Defendant explained that The Plaintiff does not seek *highly sensitive business information or confidential personal information*; however, the Plaintiff simply seeks TNY's communications with Plaintiff's former attorney so the Plaintiff can be fully informed while continuing to prosecute his claims. The requested information should be produced pursuant to general duties to disclose, F.R.C.P. 26, in response to Request for Production #3 and Request for Production #16 (Which is also being compelled to produce in this same motion), and additionally, TNY should reasonably know the information is discoverable and should be produced without a formal request from the Plaintiff, which the Plaintiff formally requested nonetheless.

The communications are not only made necessary for the sound reason of knowing what strategy was pursued by the Plaintiffs former counsel, but what information was revealed to the defendants over the course of negotiations and the course of litigation, as that will affect the choices available to the Plaintiff going forward.  Further, the email exchange revealed by the defendants regarding the Motion to Compel [DE 136, Exhibit 2]  shows that some coordination has occurred.  Given the known facts surrounding the settlement negotiations, and the emails already revealed, it is imperative to the interests of justice that the whole story be revealed.

Regardless of The Harman Firm, PC's obligations under the Court order on February 11, 2014, TNY is obligated to produce any information that is known to be discoverable and relates to the litigation, including their communications with Plaintiff's former attorneys.

On April 22, 2014, TNY again shifted responsibility back to The Harman Firm, PC with their written response stating the Plaintiff has not served a document request and accused the Pro Se Plaintiff of attempting to circumvent F.R.C.P. 34, stating that serving an subpoena is improper and unnecessary:

> *Nathan Chapman: "To reiterate, you have not served a document request for the communications your are demanding and your proposed subpoena, which is simply an attempt to circumvent Rule 34 of the Federal Rules of Civil Procedure, would be procedurally improper and unnecessary, even with the limitations your described in your email below."*

The Plaintiff has in fact requested the documents on April 14, 2014, April 15, 2014, and April 21, 2014. TNY reference to F.R.C.P. 34 proves their knowledge of the Federal Rules and their strategy regarding service of subpoenas on Colorado law firms. The Plaintiff's responses to TNY's Interrogatories and Requests for Production, served on TNY on April 17, 2013, asserted privilege on communications with attorneys with whom the Plaintiff had conferred about representation. Collin Earle and Dennis Hartley were served subpoenas by TNY and were commanded to produce communications that were privileged. TNY circumvented F.R.C.P. 34, ignored Plaintiff's assertion of attorney-client privilege, and obtained privileged communications without the express permission of the Plaintiff and absent a Court order.

TNY has wasted judicial economy with their frivolous motion practice, misrepresenting procedure to the Pro Se Plaintiff numerous times, misrepresented material fact to the Court about the Plaintiff's willingness to confer [DE 58], and have not responded or refuted the Plaintiff's claims that TNY has misinformed the Court, resulting in a Court order based on incomplete information, which TNY used, with threats of contempt, in an attempt to intimidate the Plaintiff to enter into a settlement agreement.

TNY is in possession of discovery they know to be responsive to Plaintiff's request and have engaged in an ongoing effort to defend with motion practice and misrepresent Fed. R. of Civ. Procedure by using the "law as a tool to '[h]arass and discourage rather than to win' "*Religious Tech. Crt. V. Lerma*, 908 F. Supp. 1362, 1362 (E.D. Va. 1995) (Alteration in original).

It has been *1 year and 12 days* since the Plaintiff served TNY with Interrogatories and Requests for Production and TNY has still not produced all discovery to the Plaintiff

TNY knowingly, intentionally, and without a legally justifiable reason has failed to fully respond to and produce all discovery relevant to Plaintiff's Interrogatories and Requests for production.

TNY has produced, On May 20, 2013 and June 25, 2014, a total of 2722 pages of discovery: Bates No. TNY000001 through TNY002722. Of the 2722 pages of discovery, 98%, roughly 2660 Pages, are redundant copies of discovery produced by the Plaintiff on April 17, 2013, as well as copies of Plaintiff's medical records and Plaintiff's Records with UNUM, TNY's third party administrator for leave.

Bates No. TNY000301-TNY00312 are TNY's supervisor Michael Moore's interview notes, which were not produced to the Plaintiff during his Colorado Civil Rights Division inquiry, but were produced May 20, 2013, hidden in the thousands of pages of redundant discovery. TNY has demonstrated they are willing to ignore their obligations under the Federal Rules of Civil Procedure and withhold discovery, asserting privilege on every single Request for Production and Interrogatory served by the Plaintiff on April 17, 2013.

## **CONCLUSION**

For the reasons stated above, the Plaintiff moves this Honorable Court to enter two orders as follows:

1. An order compelling **_complete_** production to the Plaintiff of <u>all discovery responsive to all of Plaintiff's requests</u> or in the alternative, enter a show cause order against TNY as to why they should not be sanctioned for failing to produce complete discovery.

Respectfully submitted this 29th day of April, 2014

Patrick G. Hartley, Pro Se
3930 Hickory Hill Drive
Colorado Springs, CO 80906
719-964-6101
patrickghartley@gmail.com

## CERTIFICATE OF SERVICE.

I, Patrick G. Hartley, have served Time Warner NY Cable, LLC a true and correct copy of Plaintiffs Motion to Compel by placing a copy of this motion in the United States Postal Sevice and mailed via USPS Priority Mail to the following individuals:

Nathan Chapman/Paul Sherman/Josh A Marks
999 Peachtree Street, NE
26th Floor
Atlanta, GA 30309

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-PAB-MJW

PATRICK HARTLEY, Individually and on behalf of those similarly situated, et al.

     Plaintiff,

v.

TIME WARNER NY CABLE LLC,

     Defendant.

### PLAINTIFF PATRICK G. HARTLEY'S FIRST SET OF INTERROGATORIES TO DEFNDANT TIME WARNER NY CABLE LLC

     Plaintiff Patrick G. Hartley, pursuant to Fed. R. Civ. P. 33, hereby services on Defendant Time Warner NY Cable LLC the following First Set of Interrogatories (the "Interrogatories") to be answered separately and fully in writing, under oath, within the time required by law. These interrogatories are intended to be continuing in nature and any additional responsive information that Defendant may discover subsequent to Defendant's original responses should be supplemented timely in accordance with Federal Rules of Civil Procedure.

### DEFINITIONS

1. "Defendant," "you," and "your" shall mean or refer to Defendant Time Warner NY Cable LLC and their agents, employees, representatives, directors, officers, partners, corporate parents, subsidiaries, or affiliates, and attorneys or any predecessor company or entity.

2. "Plaintiff," "I," "we" shall refer to Plaintiff Patrick G. Hartley, Individually and on behalf of those similarly situated, and his agents, employees, representatives, attorneys and anyone acting on his behalf.

3. The terms "communication" and "communicate" mean any exchange or transmission of information, whether oral, written, via electronic mail or by other means, between or among two or more Persons and includes, but is not limited to, written, oral, telephonic, electronic mail, or any other inquiry, representation, discussion, meeting, letter, correspondence, memorandum, note, newsletter, telegram, advertisement, speech, conversation, conference, email, or computer-generated message or any other document, which refers to any such communication.

4. "Complaint" shall mean or refer to the original Complaint I filed against Defendant on or about January 23, 2013, in the United States District Court for the District of Colorado.

5. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and mean or refer to, without limitation, any written or graphic matter or other means of preserving though or expression and all tangible things from which information can be processed or transcribed, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter0office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or unconcealed checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The term "Document" also means any and all electronically stored information ("ESI"), computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, capacity diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant remnant files.

6. "Health Care Provider" shall mean or refer to, without limitation, any hospital, clinic, hospice, physician, doctor, dentist, psychiatrist, psychologist, chiropractor, general practitioner, nurse, physician's assistance, medical clinic, social worker, counselor, or therapist.

7. "Health Condition" shall mean or refer to, without limitation, any physical, emotional, psychological or psychiatric condition, disease, disorder, illness, impairment, injury, malady, or symptom.

8. "Identify" shall mean and require you to:

    a.   With respect to a natural person, provide his or her: (i) full name; (ii) present or last known residence or business addres and residence and business telephone numbers, including area code; and (iii) present or last known employer, position, or title and job description.

    b.   With respect to a Document, (i) to provide a description of the Document; (ii) to state the identity of the person(s) who authored or prepared it; (iii) in the case of an agreement or contract, to state the identity of the signatory parties; (iv) to state the identity of the addressee(s) and the recipient(s), if any, of the original document and any copy thereof; (v) to state the title thereof, if any, and a description of the general nature of its subject matter; (vi) to state the date on the Document, or if non, the approximate date of its preparation; (vii) to state the present location of any and all copies of the Document; and (viii) to state the identity of the person(s) who now have custody, control, or possession of the Document or copies thereof.

    c.   With respect to an oral communication, provide: (i) the tyoe of the communication; (ii) the time, date and place of communication; (iii) the identity of all persons speaking and all persons present at the time of the communication; (iv) the approximate length of the communication; (v) the substance of the communication; (vi) the identify of all documents that are referred to, concern or otherwise relate to the communication; and (vii) if all copies of the Document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the Document and the date the Document was destroyed.

9. "Person" or "persons" shall mean or refer to all entities, including, but not limited to , all individuals, associations, companies, partnerships, joint ventures, corporations, and governmental bodies.

10. The terms "relate to" or "related to" or "relating to" mean having any relationship OR connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or casual connection.

11. The term "evidence" means in any way evidencing, supporting, demonstrating, embodying, representing, exemplifying, signifying, constituting, consisting of, comprising, being the equivalent or equal to, or establishing any reasonable, logical or casual connection to the stated matter, fact, or thing.

12. The term "support or refute" means in any way supporting, confirming, verifying, proving, refuting, negating, denying, rebutting, contradicting, or challenging the stated matter, fact or thing.

13. The term "sent" means transmitted in any way including without limitation, hand delivery, mail, fax, courier, dropping off at a designated location, electronic transmission, or any other method by which information is communicated between one Person or entity and another.

14. The term "received" means obtained in any way, including without limitation, hand delivery, mail, fax, courier, pickup at a designated location, electronic transmission, or any method by which information is communicated between one person or entity and another.

## INSTRUCTIONS

1.   These instructions are subject to the definitions set forth in the preceding "Definitions" sections.

2.   In providing the information requested, you are directed to produce all Documents you have or that are reasonably available to you, including Documents in the possession, custody, or control of your consultants, experts, advisors, employees, agents, associates, partners, independent contractors, associates, representatives, or present or former attorneys and their consultants or investigators.  If your response to any Interrogatory is that the information is not possessed or reasonably available to you, please describe in detail the efforts you made to locate or obtain the information, together with its likely source.  If any portion of any Interrogatory refers to information or Documents that you are aware of but that are not within your possession, identify each person in possession of the information and each Document in a manner sufficient to describe such Documents for the purpose of preparing and serving a proper subpoena duces tecum to identify the name, telephone number, and address of the Person last known by you to have been in possession, custody, or control of such Documents.

3.   In these Interrogatories, Plaintiff seeks discovery of your computer data.  Accordingly, Plaintiff respectfully demands that you preserve all of your electronic data related to the subject matter of these Requests and maintain the layout and configuration of your computer systems until you and the Plaintiff reach a complete agreement and understanding regarding the preservation of electronic data.  You are prohibited from initiating or performing any activity that would or might result in the loss of electronic data, e.g., data compression rotation, destruction, erasure of data, either on-line or off-

line, defragmenting any hard drives, or purging and directories related to the subject of this litigation. This notice applies to any computers within your custody or control and the custody and control of your employees, agents, and independent contractors and includes servers, personal computers, mini computers, laptop computers, notebooks computers, palm computers, personal digital computer, main frames, or other equipment. You are also directed to maintain your electronic data storage devices and media and all activity logs whether made by you, your employees, agents, independent contractors, venders, or other Persons.

4.  To the extent an Interrogatory answer, Document Request response, or Document Production includes or require a reference to, or the production of, responsive ESI and hard copy Documents, such responsive documents should be produces as follows. Hard cop documents must be produced in static PDF (portable data file) format clearly delineating where each document begins and ends. Responsive ESI must be produced in searchable (not standard) PDF format. If the native ESI is converted from its native format to searchable PDF, it must be produced such that the original pagination formatting is maintained allowing the reviewer to determine where each Document begins and ends. Emails must be produced with their attachments and in a manner that maintains the parent-child relationship for email chains. With respect to the responsive tangible items, once they are identified, inspection can be arranged at a mutually agreeable date and time.

5.  You are to respond to all requests with all information which you have or which is reasonably available to you, including information in the possession, custody or control of your attorneys, investigators, agents, associates, partners or representatives. If your response to any request is that the information is not possessed or reasonably available to you, please describe in detail the efforts you made to locate or obtain the information, together with its likely source.

6.  If you limit, withhold or object to providing any Documents for any reason of privilege, relevance or otherwise, please describe in detail (1) the legal or procedural basis for your action, (2) the nature and extent of the limitation or withholding of the information or item, and (3) any legal authority for your action or limitation, so as to permit judicial evaluation of an ruling upon the propriety of your action or limitation. Also, state the identity of the document by providing: (1) all persons preparing and receiving such document(s); (2) the date of such document(s); and (3) the general subject matter of such document(s).

7.  To the extent any request refers to Plaintiff First Set of Interrogatories, you are to follow the definitions and instructions set out in the Plaintiff's First Set of Interrogatories to Defendant Time Warner NY Cable LLC, served concurrently herewith.

8. If any document identified in your response to any Request has been destroyed, describe the contests of the document, the date of its destruction, and the name of the person who authorized its destruction.

9. Any pronoun should be construed as singular or plural and is included in the masculine, feminine or neuter to the extent necessary or appropriate to render the Request as broad and inclusive as reasonably possible.

10. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any Documents or information that may otherwise be excluded.

11. The Interrogatories shall be deemed continuing in nature so that you or any Person(s) acting you're your behalf shall file amended, additional supplemental answers should different or more current information come to your attention, rendering any prior answers incomplete or inaccurate.

12. The "terms "or" and "and" are to be read in the conjunctive and disjunctive whenever they appear, and neither of those words is to be interpreted as to limit the scope of these Requests.

13. Unless indicated otherwise, the Interrogatories below seek information from January 1, 2007, though present.

## **INTERROGATORIES**

1. Identify all persons who you have communicated with about requests to delete information, both physical and ESI, about the Plaintiff and any other class members identified in Plaintiff's Motion for Class Certification.  Include what was communicated to each person and the context of the request.

2. Identify all persons who have supplied information or otherwise participated in the answering of these interrogatories and for each person identified, describe the nature of the participation or information provided.

3. Please identify and any all persons who are known or believed to you to have any knowledge or information which is relevant, directly or indirectly, to the claims or damagers asserted by Plaintiff that you intend to defend in this action, and for each such individual, please provide a detailed description of the relevant information they possess.

4. Identify all Persons with whom you have Communicated with regarding Plaintiff's allegations in this Complaint and the substance of each such Communication.

5. Identify any and all company and personal email addresses, social networking sites (with associated username or identification), and/or personal blogs you have used, maintained, accessed, consulted, or posted from January 1, 2007 through the present for all agents, employees, representatives, attorneys, or other persons under your authority, including, but not limited to, personal e-mail accounts (e.g., AOL, G-Mail, Yahoo, Hotmail, or any other private or public email account), LinkedIn, Facebook, Twitter, Myspace, Tumblr, or other similar social networking, file sharing, social media, or similar sites, chat-rooms, or blogs whereby individuals Communicate with each other vial digital means.

6. If you or any representative of yours has obtained or is aware of any written or recorded statement concerning, touching upon or relating to any fact or issue in this case, as to each such statement please state: the name, address and telephone number of the person who gave the statement; whether the statement was written, recorded or stenographically preserved; the date and place the statement was made; the name, address and telephone number of each person present when the statement was made; and the name, address, and telephone number of each person who presently has possession, custody or control of the original or any reproduction thereof.

7. If you have previously been a party to any other lawsuit, charge, or claim to a local, state, or federal administrative agency at any time during the period of January 1, 2000 through the present, identify the following:  The date and file number of each suit, charge or claim; the name by which you were then known; the court or agency in which it has brought the names of all other parties; the proper designation of the suit or charge; whether you were the plaintiff or defendant, charging or being charged party; the nature of such suit, charge, or claim; and the disposition of each such suit, charge or claim.

8. Identify the steps you took to protect the interests of Plaintiff after he made claims of discrimination and retaliation; the date and place the claims were made; the name,

address, telephone number, personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the claims was made; and the name, address, and telephone number of each person who presently has possession, custody or control of the information regarding Plaintiff's claims thereof.

9. Identify the trainings or preparations you took to educate your representatives so as to not violate the laws presented in Plaintiff's Complaint; the date and place the trainings and meetings were held; the name, address, telephone number, training materials, communications by means of personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the trainings and meetings were held; and the name, address, and telephone number of each person who presently has possession, custody or control of any communication or Document from each training and meeting that was held.

10. Identify any communication or meetings involving any of your representatives regarding your policies, practices, settlements or other, while working with employees who may or already have complained of violations under the provisions of the laws in Plaintiff's complaint and include the name, address, telephone number, Documents, communications by means of personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the meetings were held; and the name, address, and telephone number of each person who presently has possession, custody or control of any communication or Document from each communication and/or meeting that was held.

11. Identify any and all communications or meetings involving any and all decisions about Plaintiff regarding the reasons as to why he would not have been a successful candidate for every position he was denied by including the name, address, telephone number, Documents, communications by means of personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the meetings were held; and the name, address, and telephone number of each person who presently has possession, custody or control of any communication or Document from each communication and/or meeting that was held.

12. Identify any and all communications, interviews, or meetings involving any and all decisions about the announcement concerning the promotion of Cassandra Allen from

Business Class Operations Supervisor to Customer Care Supervisor including the name, address, telephone number, Documents, communications by means of personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the communications, interviews or meetings were held; and the name, address, and telephone number of each person who presently has possession, custody or control of any communication or Document from each communication and/or meeting that was held.

13. Identify any and all communications or meetings involving any and all decisions about the termination of Supervisor Gary Pullen including the name, address, telephone number, Documents, communications by means of personal or company e-mail, servers, and blogs maintained, accessed, and consulted by each person present when the communications or meetings were held; and the name, address, and telephone number of each person who presently has possession, custody or control of any communication or Document from each communication and/or meeting that was held.

Respectfully submitted and dated this 13st day of April, 2013.

        s/ Patrick G. Hartley
Plaintiff Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
(719) 200-8241
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2013, a true and correct copy of this **PLAINTIFF PATRICK G. HARTLEY'S FIRST SET OF INTERROGATORIES TO DEFENDANT TIME WARNERNY CABLE LLC** was e-served upon the following via e-mail.

Nathan D. Chapman
nchapman@wargofrench.com

Josh. A. Marks
jam@bhgrlaw.com

/s/Patrick G. Hartley
Patrick G. Hartley, Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 13-cv-00158-PAB-MJW

PATRICK HARTLEY, Individually and on behalf of those similarly situated, et al.

      Plaintiff,

v.

TIME WARNER NY CABLE LLC,

      Defendant.

## PLAINTIFF PATRICK G. HARTLEY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFNDANT TIME WARNER NY CABLE LLC

      Plaintiff Patrick G. Hartley, pursuant to Fed. R. Civ. P. 34, hereby services on Defendant Time Warner NY Cable LLC the following Requests for Production of Documents ("Requests"). These Requests are intended to be continuing in nature and any additional responsive documents that Defendant may discover subsequent to Defendant's original responses should be supplemented and produced timely in accordance with the Federal Rules of Civil Procedure. All documents responsive to these Requests should be produced for inspection and copying at the law office of Defendant's counsel of record.

### DEFINITIONS

1. "Defendant," "you," and "your" shall mean or refer to Defendant Time Warner NY Cable LLC and their agents, employees, representatives, directors, officers, partners, corporate parents, subsidiaries, or affiliates, and attorneys or any predecessor company or entity.

2. "Plaintiff," "I," "we" shall refer to Plaintiff Patrick G. Hartley, Individually and on behalf of those similarly situated, and his agents, employees, representatives, attorneys and anyone acting on his behalf.

3. The terms "communication" and "communicate" mean any exchange or transmission of information, whether oral, written, via electronic mail or by other means, between or among two or more Persons and includes, but is not limited to, written, oral, telephonic, electronic mail, or any other inquiry, representation, discussion, meeting, letter, correspondence, memorandum, note, newsletter, telegram, advertisement, speech, conversation, conference, email, or computer-generated message or any other document, which refers to any such communication.

4. "Complaint" shall mean or refer to the original Complaint I filed against Defendant on or about January 23, 2013, in the United States District Court for the District of Colorado.

5. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and mean or refer to, without limitation, any written or graphic matter or other means of preserving though or expression and all tangible things from which information can be processed or transcribed, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter0office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or unconcealed checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The term "Document" also means any and all electronically stored information ("ESI"), computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, capacity diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant remnant files.

6. "Health Care Provider" shall mean or refer to, without limitation, any hospital, clinic, hospice, physician, doctor, dentist, psychiatrist, psychologist, chiropractor, general practitioner, nurse, physician's assistance, medical clinic, social worker, counselor, or therapist.

7. "Health Condition" shall mean or refer to, without limitation, any physical, emotional, psychological or psychiatric condition, disease, disorder, illness, impairment, injury, malady, or symptom.

8. "Person" or "persons" shall mean or refer to all entities, including, but not limited to , all individuals, associations, companies, partnerships, joint ventures, corporations, and governmental bodies.

9. The terms "relate to" or "related to" or "relating to" mean having any relationship OR connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or casual connection.

10. The term "evidence" means in any way evidencing, supporting, demonstrating, embodying, representing, exemplifying, signifying, constituting, consisting of, comprising, being the equivalent or equal to, or establishing any reasonable, logical or casual connection to the stated matter, fact, or thing.

11. The term "support or refute" means in any way supporting, confirming, verifying, proving, refuting, negating, denying, rebutting, contradicting, or challenging the stated matter, fact or thing.

12. The term "sent" means transmitted in any way including without limitation, hand delivery, mail, fax, courier, dropping off at a designated location, electronic transmission, or any other method by which information is communicated between one Person or entity and another.

13. The term "received" means obtained in any way, including without limitation, hand delivery, mail, fax, courier, pickup at a designated location, electronic transmission, or any method by which information is communicated between one person or entity and another.

## INSTRUCTIONS

1. These instructions are subject to the definitions set forth in the preceding "Definitions" sections.

2. In providing the requested documents, you are directed to produce all Documents you have or that are reasonably available to you, including Documents in the possession, custody, or control of your consultants, experts, advisors, employees, agents, associates, partners, independent contractors, associates, representatives, or present or former attorneys and their consultants or investigators. If your response to any Request that the Documents are not possessed or reasonably available to you, please describe in detail the efforts you made to locate or obtain the information, together with its likely source. If

any portion of any request refers to information or Documents that you are aware of but are not with your possession, identify each person in possession of the information and each document in the manner sufficient to describe such Documents for the purpose of preparing and serving a proper subpoena duces tecum and identify the name, telephone number, and address of the person last known by you to have been in possession, custody, or control of such documents.

3.  In these Requests, Plaintiff seeks discovery of your computer data. Accordingly, Plaintiff respectfully demands that you preserve all of your electronic data related to the subject matter of these Requests and maintain the layout and configuration of your computer systems until you and the Plaintiff reach a complete agreement and understanding regarding the preservation of electronic data. You are prohibited from initiating or performing any activity that would or might result in the loss of electronic data, e.g., data compression rotation, destruction, erasure of data, either on-line or off-line, defragmenting any hard drives, or purging and directories related to the subject of this litigation. This notice applies to any computers within your custody or control and the custody and control of your employees, agents, and independent contractors and includes servers, personal computers, mini computers, laptop computers, notebooks computers, palm computers, personal digital computer, main frames, or other equipment. You are also directed to maintain your electronic data storage devices and media and all activity logs whether made by you, your employees, agents, independent contractors, venders, or other Persons.

4.  All Documents, including ESI, produced in response to these Requests should be produced to Plaintiff on a CD, DVD, or thumb drive. To the extent a response to a Document Request, or your Document Production includes or require a reference to, or the production of, responsive ESI and hard copy Documents, such responsive documents should be produces as follows. Hard cop documents must be produced in static PDF (portable data file) format clearly delineating where each document begins and ends. Responsive ESI must be produced in searchable (not standard) PDF format. If the native ESI is converted from its native format to searchable PDF, it must be produced such that the original pagination formatting is maintained allowing the reviewer to determine where each Document begins and ends. Emails must be produced with their attachments and in a manner that maintains the parent-child relationship for email chains. With respect to the responsive tangible items, once they are identified, inspection can be arranged at a mutually agreeable date and time.

5.  If you limit, withhold or object to providing any Documents for any reason of privilege, relevance or otherwise, please describe in detail (1) the legal or procedural basis for your action, (2) the nature and extent of the limitation or withholding of the information or item, and (3) any legal authority for your action or limitation, so as to permit judicial evaluation of an ruling upon the propriety of your action or limitation. Also, state the identity of the document by providing: (1) all persons preparing and receiving such

document(s); (2) the date of such document(s); and (3) the general subject matter of such document(s).

6. To the extent any request refers to Plaintiff First Set of Interrogatories, you are to follow the definitions and instructions set out in the Plaintiff's First Set of Interrogatories to Defendant Time Warner NY Cable LLC, served concurrently herewith.

7. If any document identified in your response to any Request has been destroyed, describe the contests of the document, the date of its destruction, and the name of the person who authorized its destruction.

8. Any pronoun should be construed as singular or plural and is included in the masculine, feminine or neuter to the extent necessary or appropriate to render the Request as broad and inclusive as reasonably possible.

9. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any Documents or information that may otherwise be excluded.

10. The Requests shall be deemed continuing in nature so that you or any Person(s) acting you're your behalf shall file amended, additional supplemental answers should different or more current information come to your attention, rendering any prior answers incomplete or inaccurate.

11. The "terms "or" and "and" are to be read in the conjunctive and disjunctive whenever they appear, and neither o those words is to be interpreted as to limit the scope of these Requests.

12. Unless indicated otherwise, the Requests below seek information from January 1, 2007, though present.

## **REQUESTS FOR PRODUCTION**

You are directed to produce the following Documents:

1. All documents, emails, ESI or physical, identified as being sent to or from christopher.mckitrick@twcable.com,          keron.singh@twcable.com,          and jason.cross@twcable.com from August 31, 2009 through present and future.

2. All Documents, emails, ESI or physical, identified as being sent to or from any attorney to christopher.mckitrick@twcable.com, keron.singh@twcable.com, and jason.cross@twcable.com from August 31, 2009 through present and future.

3. Complete index of all discoverable information and documents that relates to this action, including privilege documents. Additonally, and other known or unknow legal actions, reports, investigations, ect. in which you have participated. Please state the title of the document and the privilege asserted as well as any other legal actions related to

4. All Documents identified or relied upon in answering Plaintiff's First Set of Interrogatories to Defendant Time Warner NY Cable, which were served concurrently here with.

5. All Documents identified or relied upon by you in preparing your Initial Disclosures.

6. All Documents that evidence, support, refute, refer or relate to all applications submitted by Plaintiff to you for employment opportunities, the results of each application, and all Documents for each candidate regarding the positions or job requisitions for which Plaintiff has applied since January 1, 2007.

7. All Documents which refer or relate to the use, request for use, denials, explanation of any denials, and any other Documents, both physical and ESI, pertaining to FMLA and ADA requests by all employees since January 1, 2007.

8. All Documents that evidence, support, refute, refer or relate to any and all disciplinary or corrective action, both physical and ESI, issued upon employees who qualify for or have utilized their Federal and State rights pertaining to any employee since January 1, 2007.

9. All Documents that evidence, support, refute, refer or relate to any and all employment history, complaints, concerns, investigations, results of investigations, notes, diaries, and any physical or ESI Documents pertaining, relating, or referring to your representative Jason Cross since January 1, 2007.

10. All Documents that evidence, support, refute, refer or relate to any and all employment history, complaints, concerns, investigations, results of investigations, notes, diaries, and any physical or ESI Documents pertaining, relating, or referring to your representative Keron Singh since January 1, 2007.

11. All Documents that evidence, support, refute, refer or relate to any and all operational conduct, ideas, and business strategies for Time Warner Cable Business Class including, but not limited to, ESI Documents, internal memorandums and memos, notes, diaries, meeting notes, individuals involved, and any other Documents since January 1, 2007.

12. All Documents that evidence, support, refute, refer or relate to any and all complaints, concerns, and or requests, both ESI and physical, made to you by Plaintiff since January 1, 2007.

13. All Documents that evidence, support, refute, refer or relate to any communication, both physical and ESI, relating to trainings, education, meetings, memorandums or memos, correspondence, and emails relating to your preparation and education of practices related to Federal and State laws advised and or given, either physically, verbally or orally, or ESI, to your employees since January 1, 2007.

14. All Documents, both Physical or ESI, including, but not limited to, diaries, notes, emails, interview packers, performance reviews, and coachings, which refer or relate to Plaintiff's name "Patrick G. Hartley" or "Patrick Hartley" or "Mr. Hartley", Plaintiff's company initials "CFY" and "PHH", Plaintiff's EID "E138320", and Plaintiff's Employee number "1142413" since January 1, 2007.

15. For each expert witness you expect to call at trial, all Documents, data, or other materials provided to, shown to, or considered by the expert in arriving at his or her opinion.

16. Any and all Documents that you intend to present at any trial, deposition, hearing, or other proceeding in this matter.

17. Any and all ESI or physical, diaries, journals, business calendars, personal calendars or appointment books, activity logs, or similar Documents possessed or maintained by you from January 1, 2007.

18. All Documents not produced in response to any of the forgoing Requests that evidence, support or refute, relate to, or refer to any of the denials contained in the Revised Answer or which support your denials against Plaintiff.

19. All Documents in any other similarly situated cases since January 1, 2000 that evidence, support, refute, refer or relate to all allegations made by Plaintiff.

Respectfully submitted and dated this 13th day of April, 2013.

 s/ Patrick G. Hartley
Plaintiff Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
(719) 200-8241
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2013, a true and correct copy of this **PLAINTIFF PATRICK G. HARTLEY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TIME WARNERNY CABLE LLC** was e-served upon the following via e-mail.

Nathan D. Chapman
nchapman@wargofrench.com

Josh. A. Marks
jam@bhgrlaw.com

/s/Patrick G. Hartley
Patrick G. Hartley, Pro Se Litigant

# EXHIBIT 2



## TNY/Hartley - Motion for Telephonic Status Conference

**Chapman, Nathan** <nchapman@wargofrench.com>                    Sat, Apr 12, 2014 at 9:18 AM
To: "patrickghartley@gmail.com" <patrickghartley@gmail.com>
Cc: "Sherman, Paul" <psherman@wargofrench.com>, "Josh A. Marks (jam@bhgrlaw.com)" <jam@bhgrlaw.com>,
"Westenberger, Bonnie P." <bwestenberger@wargofrench.com>

Mr. Hartley:


We are writing to confer with you pursuant to Local Rule 7.1(a) by e-mail as you requested at the February 11 hearing
in this matter.   We plan to file a motion for a telephonic status conference to discuss with the court the status of its
ruling on your waiver of the attorney-client privilege to allow the parties to secure the documents and information
needed to prepare for the evidentiary hearing.  Please let us know if you will consent to the motion by 5 pm (EST) on
Monday, April 14.


Regards,


Nathan D. Chapman

**Wargo French**

999 Peachtree Street, NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1535

Facsimile: (404) 853-1536

Email: nchapman@wargofrench.com

Website: www.wargofrench.com



**Patrick Hartley** <patrickghartley@gmail.com>                    Mon, Apr 14, 2014 at 3:05 PM
To: "Chapman, Nathan" <nchapman@wargofrench.com>
Cc: "Sherman, Paul" <psherman@wargofrench.com>, "Josh A. Marks (jam@bhgrlaw.com)" <jam@bhgrlaw.com>,
"Westenberger, Bonnie P." <bwestenberger@wargofrench.com>

Gentlemen,

I am in receit of, and thank you for, your email on April 12, 2014. I am not sure I understand the purpose of the proposed call. The court has ordered that the entierty of privileged communications be delivered to to the court by tomorrow and depositions have been scheduled. I have not waived any privilege. Please advise in writing what you plan to discuss regarding this proposed motion?

Additionally, as I previously stated on February 13, 2014, my privileged communications are only half the story. Your communications with The Harman Firm, PC are not privileged, especially to me. Please produce all communications with Walker Harman, Brian Moss, or any other person(s) associated with The Harman Firm, PC as I need these to prepare for the May 20, 2014 hearing.

Pursuant to Local Rule 7.1(a), please provide *__all__* of your communications with my former counsel, The Harman Firm, PC by April 22, 2014 so I too can adequately prepare for the hearing and depositions to avoid having to file a motion to compel.

Cordially,

Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
719-964-6101
patrickghartley@gmail.com

The information contained in this email communication is privileged and confidential. The information is intended only for use of the person or entity named above. If the reader of this message is not the intended recipient, any dissemination, distribution of copying of this communication is prohibited. If you have received this communication in error, please immediately notify me by telephone or e-mail and be advised that all calls may be monitored or recorded.

[Quoted text hidden]

**Chapman, Nathan** <nchapman@wargofrench.com>                    Mon, Apr 14, 2014 at 6:51 PM
To: Patrick Hartley <patrickghartley@gmail.com>
Cc: "Sherman, Paul" <psherman@wargofrench.com>, "Josh A. Marks (jam@bhgrlaw.com)" <jam@bhgrlaw.com>,
"Westenberger, Bonnie P." <bwestenberger@wargofrench.com>

Mr. Hartley:

The motion will ask for a telephonic conference with the court to discuss the pending motions and whether any extensions of the current deadlines may be necessary based on the timing of the court's forthcoming ruling on the privilege issue. Please let us know by tomorrow at noon (EST) whether you oppose the motion.

With respect to your demand that we produce our firm's communications with The Harman Firm, P.C., please direct me to the discovery request to which you believe such documents are responsive. Also, given that the court ordered Mr. Harman to turn over his firm's file to you at the February 11 hearing, you should be in possession of those communications from Mr. Harman. Further, the communications between our firm and Mr. Harman's firm that are relevant to the settlement between the parties are attached to TNY's motion to enforce the settlement agreement.


Regards,



Nathan D. Chapman

**Wargo French**

999 Peachtree Street, NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1535

Facsimile: (404) 853-1536

Email: nchapman@wargofrench.com

Website: www.wargofrench.com





**From:** Patrick Hartley [mailto:patrickghartley@gmail.com]
**Sent:** Monday, April 14, 2014 5:05 PM
**To:** Chapman, Nathan
**Cc:** Sherman, Paul; Josh A. Marks (jam@bhgrlaw.com); Westenberger, Bonnie P.
**Subject:** Re: TNY/Hartley - Motion for Telephonic Status Conference

[Quoted text hidden]

**Patrick Hartley** <patrickghartley@gmail.com>                    Tue, Apr 15, 2014 at 10:00 AM
To: Nathan Chapman <nchapman@wargofrench.com>
Cc: "Bonnie P. Westenberger" <bwestenberger@wargofrench.com>, "Josh A. Marks" <jam@bhgrlaw.com>, "Sherman, Paul" <psherman@wargofrench.com>

Gentlemen,

TNY's communications with the Harman Firm,  PC should be produced Pursuant to F.R.C.P 26.

With regards to your proposed motion, the court hasn't even ruled and there are a lot of motions for the court to address already.  I do not consent to the motion and will file my response if necessary.

Cordially,

[Quoted text hidden]

# EXHIBIT 3



# Subpoena to Produce - Wargo French, LLP

**Patrick Hartley** <patrickghartley@gmail.com>                    Mon, Apr 21, 2014 at 8:52 AM
To: mfrench@wargofrench.com, "Chapman, Nathan" <nchapman@wargofrench.com>, "Sherman, Paul"
<psherman@wargofrench.com>, "Josh A. Marks" <jam@bhgrlaw.com>, jwargo@wargofrench.com

Gentlemen,

Pursuant to Local Rule 7.1(a), please advised by 3PM MST today if you will waive service on the attached subpoena.

Cordially,
Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
719-964-6101
patrickghartley@gmail.com


The information contained in this email communication is privileged and confidential.  The information is intended only
for use of the person or entity named above.  If the reader of this message is not the intended recipient, any
dissemination, distribution of copying of this communication is prohibited.  If you have received this communication in
error, please immediately notify me by telephone or e-mail and be advised that all calls may be monitored or recorded.


**Wargo French Subpoena.pdf**
163K

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| Patrick G. Hartley, et. al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-CV-158-RM-MJW |
| Time Warner NY Cable, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Wargo French, LLP     999 Peachtree St, NE
           C/O Michael French and Joseph Wargo     26th floor, ATL, GA 30309
           *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ALL communications, emails, texts, voicemails, notes, written correspondence, records of meeting dates/times and topics discussed, and all written settlement negotiations between Wargo French and The Harman Firm, PC in regards to the above captioned case; All Hartley/Eddins(13CV2521) blended emails

| Place: Patrick G. Hartley | Date and Time: |
|---|---|
| 3930 Hickory Hill Drive | |
| Colorado Springs, CO 80906 | 04/29/2014 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/19/2014

*CLERK OF COURT*

                              OR

_____          _____
*Signature of Clerk or Deputy Clerk*          Patrick G. Hartley, Pro Se
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

Patrick G. Hartley 3930 Hickory Hill Drive Colorado Springs, CO 80906
patrick

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  13-CV-158-RM-MJW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                 *Server's signature*

                                         _____
                                                 *Printed name and title*


                                         _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## ~~DISTRICT OF COLORADO~~

Case Number: 13-CV-158-RM-MJW

Patrick G. Hartley, Et. Al
            Pro Se Plaintiffs

v.

Time Warner NY Cable, LLC
            Defendant

----------------------------------------------------------------------------------------------------

## SUBPOENA INSTRUCTIONS

----------------------------------------------------------------------------------------------------

DEAR SIR OR MADAM,

You are hereby ordered to produce, but not limited to:

1. All communications, emails, texts, voicemails, notes, written correspondence, records of meeting dates/times and topics discussed, and all written/or verbal settlement negotiations related to the above captioned case, or that relate, refer, reference, or characterize the Plaintiff.

2. All communications, emails, texts, voicemails, notes, written correspondence, records of meeting dates/times and topics discussed, and all written/or verbal settlement negotiations related to the above captioned case, or that relate, refer, reference, or characterize the Plaintiff between:
   a. Nathan Chapman and Walker Harman
   b. Nathan Chapman and Brian Moss
   c. Nathan Chapman and any other representatives or employees of The Harman Firm, PC
   d. Walker Harman and Nathan Chapman
   e. Walker Harman and Paul Sherman
   f. Walker Harman and any other representative of Wargo French, LLP
   g. Brian Moss and Nathan Chapman
   h. Brian Moss and Paul Sherman
   i. Brian Moss and any other representatives or employees of Wargo French, LLP
   j. All communications with the Court.

3.  All communications, emails, texts, voicemails, notes, written correspondence, records of meeting dates/times and topics discussed, and all written/or verbal settlement negotiations that reference, refer, relate, or characterize the Plaintiff.

4.  All communications, emails, texts, voicemails, notes, written correspondence, records of meeting dates/times and topics discussed, and all written/or verbal settlement negotiations blended with Eddins v. TNY (13-CV-2521)

Respectfully submitted,

Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, CO 80906
719-964-6101
patrickghartley@gmail.com



## Hartley v. Time Warner NY Cable LLC

**Westenberger, Bonnie P.** <bwestenberger@wargofrench.com>        Mon, Apr 21, 2014 at 4:21 PM
To: "Patrick Hartley (patrickghartley@gmail.com)" <patrickghartley@gmail.com>
Cc: "Chapman, Nathan" <nchapman@wargofrench.com>, "Sherman, Paul" <psherman@wargofrench.com>, "Josh A. Marks" <jam@bhgrlaw.com>

*Please see the attached correspondence sent on behalf of Nathan D. Chapman, Esq.*

*Thank you,*



**Bonnie Westenberger**

*Legal Assistant to*

*Michael D. Kabat, Joseph W. Ozmer, Sarah T. Thompson,  Nathan D. Chapman and Priya Vivian*

999 Peachtree Street NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1552

Facsimile: (404) 853-1501

E-mail: bwestenberger@wargofrench.com

 **Hartley - Correspondence 04212014.pdf**
105K



NATHAN D. CHAPMAN
DIRECT DIAL: 404.853.1535
E-MAIL: *nchapman@wargofrench.com*

April 21, 2017

<u>**VIA E-MAIL AND UNITED STATES MAIL**</u>

Patrick G. Hartley
3930 Hickory Hill Drive
Colorado Springs, Colorado 80906
patrickghartley@gmail.com

Re:   *Patrick G. Hartley v. Time Warner NY Cable LLC*, Civil Action No. 1:13-cv-00158, in the United States District Court for the District of Colorado

Dear Mr. Hartley:

We are in receipt of your e-mail of this morning requesting that we accept service of a Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action (the "Subpoena") directed to Wargo & French LLP (the "Firm"). The Firm will not agree to accept or waive service of the Subpoena, which is improper for several reasons.

It is well established that "a subpoena directed to opposing counsel in a pending action is improper, and is subject to a motion to quash or for a protective order." *Topolewski v. Quorum Health Res., LLC*, No. 3:10–1220, 2013 WL 99843, at *4 (M.D. Tenn. Jan. 8, 2013) (denying motion to compel production of attorney's files sought in response to subpoena) (citations omitted). As Judge Jackson has observed, "discovery of the files of opposing counsel is prohibited in all by very limited circumstances" (*e.g.*, if they are not available from any other source). *Kirzhner v. Silverstein*, 870 F. Supp. 2d 1145, 1150 (D. Colo. 2012) (granting protective order and awarding attorneys' fees to attorneys against party who sought attorneys' files by subpoena). Those circumstances do not exist in this case. Specifically, as we advised you in our April 14, 2014 e-mail, the settlement communications between the Firm and your former counsel are available to you from The Harman Firm, P.C., and the court has instructed Mr. Harman to make his file available to you. Further, Defendant filed with court and served you with copies of the relevant communications between the Firm and your former counsel in support of its motion to enforce the settlement agreement. Thus, there is no legitimate reason for you to attempt to Subpoena those communications from the Firm.

In addition, even assuming that the Subpoena was procedurally appropriate, much of the information you purport to seek is highly sensitive business information or confidential personnel information that is completely irrelevant to the pending action. Similarly, because the Subpoena is directed to the Firm, it necessarily seeks information that is protected from

Mr. Patrick G. Hartley
April 21, 2014
Page -2-

disclosure by the attorney-client privilege and the work product doctrine. Neither Defendant nor the Firm will produce such information absent a court order.

Accordingly, please be advised that if you proceed with service of the Subpoena, we will move to quash it and seek an additional award of our attorneys' fees and costs against you. *See Kirzhner*, 870 F. Supp. 2d at 1150.

Should you have any questions, please contact us.

Regards,

Nathan D. Chapman

cc:   Paul G. Sherman
      Josh A. Marks

**Patrick Hartley** <patrickghartley@gmail.com>                    Mon, Apr 21, 2014 at 5:54 PM
To: "Bonnie P. Westenberger" <bwestenberger@wargofrench.com>
Cc: Nathan Chapman <nchapman@wargofrench.com>, Paul Sherman <psherman@wargofrench.com>, "Josh A. Marks"
<jam@bhgrlaw.com>

I am in receipt of, and thank you for, your email dated Monday, April 21st.

After perusing that communique, I now see the point of contention, and can resolve it with, I think, some ease.

The subpoena requests neither "sensitive business information," privileged communications, nor "personnel information," merely your firms communications about MY case with MY (now former) representatives. Happy to help clear that up.

As there does not appear in either statute or precedent an "attorney/ attorney privilege," and these communications are directly relevant and necessary (and discoverable) to the continued prosecution of these claims, and further it is most assuredly not vexatious to forward over some emails (a simple matter of a few moments) I'm sure you'll agree that these communications ought to be turned over forthwith, and that you will do so without delay.

I appreciate your attention to the matter, and am glad to have helped clear up that misconception.

Cordially,
Patrick G. Hartley
3980 Hickory Hill Drive
Colorado Springs, CO 80906
719-200-8241
719-964-6101
patrickghartley@gmail.com

The information contained in this email communication is privileged and confidential. The information is intended only for use of the person or entity named above. If the reader of this message is not the intended recipient, any dissemination, distribution of copying of this communication is prohibited. If you have received this communication in error, please immediately notify me by telephone or e-mail and be advised that all calls may be monitored or recorded.

[Quoted text hidden]

---

**Chapman, Nathan** <nchapman@wargofrench.com>                    Tue, Apr 22, 2014 at 4:12 PM
To: Patrick Hartley <patrickghartley@gmail.com>
Cc: "Sherman, Paul" <psherman@wargofrench.com>, "Josh A. Marks" <jam@bhgrlaw.com>, "Westenberger, Bonnie P."
<bwestenberger@wargofrench.com>

Mr. Hartley:

My e-mail dated April 14 and my letter dated April 21 set forth TNY's and our firm's position on this matter. To reiterate, you have not served a document request for the communications you are demanding and your proposed subpoena, which is simply an attempt to circumvent Rule 34 of the Federal Rules of Civil Procedure, would be procedurally improper and unnecessary, even with the limitations you described in your e-mail below. The court has ordered Mr. Harman to provide you with copies of his file, which would include copies of all of the documents you seek from TNY. Thus, you have no legitimate basis for your continued demands. As we advised you in my April 21 letter, if we are forced to respond to a subpoena, we will move to quash it and seek

another award of attorneys' fees and costs against you.


Please let us know if you have any questions.


Regards,



Nathan D. Chapman

**Wargo French**

999 Peachtree Street, NE

26th Floor

Atlanta, Georgia 30309

Telephone: (404) 853-1535

Facsimile: (404) 853-1536

Email: nchapman@wargofrench.com

Website: www.wargofrench.com





---

**From:** Patrick Hartley [mailto:patrickghartley@gmail.com]
**Sent:** Monday, April 21, 2014 7:54 PM
**To:** Westenberger, Bonnie P.
**Cc:** Chapman, Nathan; Sherman, Paul; Josh A. Marks
**Subject:** Re: Hartley v. Time Warner NY Cable LLC

[Quoted text hidden]

---

**Patrick Hartley** <patrickghartley@gmail.com>                    Wed, Apr 23, 2014 at 10:04 PM
To: Nathan Chapman <nchapman@wargofrench.com>
Cc: "Bonnie P. Westenberger" <bwestenberger@wargofrench.com>, "Josh A. Marks" <jam@bhgrlaw.com>, "Sherman,

Paul" <psherman@wargofrench.com>

Gentlemen,

I have notified the process server to stop service.

Cordially

[Quoted text hidden]