## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No.: 13-cv-00158-RM-MJW

PATRICK HARTLEY,

    Plaintiff,

v.

TIME WARNER NY CABLE LLC,

    Defendant.

_____

### ORDER APPROVING PARTIES' SETTLEMENT AGREEMENT AND DISMISSING THE CASE WITH PREJUDICE
_____

    This matter is before the Court on the Parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice" ("Joint Motion") (ECF No. 192). The Parties request that the Court approve their settlement agreement which resolves all of Plaintiff's claims. For the below stated reasons, the Court approves the Parties' settlement agreement and, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismisses the case with prejudice.

**I.    FACTS AND PROCEDURAL HISTORY**

    This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2012), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654 (2012), and other state-law claims. (ECF No. 83.)

    As detailed in the Joint Motion, the Parties, represented by their respective counsel, engaged in good-faith, arm's length negotiations and have each reasonably compromised to settle all claims in this case.

Plaintiff, with counsel's advice, has fully consented to and executed the final settlement agreement resolving all of this case's claims. (ECF No. 192-1 at 8.)

## II. LEGAL STANDARD

Courts have held that settlements of FLSA actions such as this one may require court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). Approval should be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354; *Baker*, 2014 WL 700096 at *1.

## III. ANALYSIS

### A. Bona Fide Dispute

Parties requesting approval of an FLSA settlement should provide the Court with sufficient information to determine whether a bona fide dispute exists. *Baker*, 2014 WL 700096 at *1; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Baker*, 2014 WL 700096 at *1; *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D.La. 2008).

Plaintiff claims that Defendant failed to pay him overtime wages while he worked as a customer service representative at Defendant's Colorado Springs call center. (ECF No. 83 at ¶¶ 1, 9, 17, 18.) Defendant denies that it failed to pay Plaintiff any overtime wages due. (ECF No. 192 at 3.) Defendant's policies prohibit an hourly employee from performing work during times for which he or she is not compensated. (ECF No. 192 at 3.) Plaintiff alleges he is owed overtime wages for work performed preparing his computer prior to the beginning of his shift so that he was able to accept customer calls immediately when his shift began and that he was not paid for the time spent preparing his computer. (ECF No. 83 at ¶ 15.) Plaintiff claims that he worked 40 hours or more per week and is entitled to overtime for all uncompensated time. (ECF No. 83 at ¶¶ 14, 17, 18.) Among other reasons, Defendant disputes that Plaintiff was required to work off the clock. (ECF No. 192 at 3-4.)

The Court finds that a bona fide dispute exists.

### B.     Fair and Reasonable Settlement

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee[] and must not frustrate the FLSA policy rationales." *Baker*, 2014 WL 700096 at *2. The Court considers several factors when evaluating the fairness of a settlement: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Baker*, 2014 WL 700096 at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

Under the settlement agreement's terms, Defendant agrees to pay Plaintiff $1,500.00. (ECF No. 192-1 at 4.)  According to the Parties, the settlement sum will compensate Plaintiff more than what he could recover under the FLSA for allegedly-unpaid overtime.  (ECF No. 192 at 5.)  Additionally, Defendant agrees to forego its right to collect $2,500.00 from the Plaintiff. (ECF No. 192-1 at 4.)  Although Defendant disputes the factual basis of Plaintiff's claims, the Parties represent that the expense of litigation and the likely duration of the litigation make the settlement a fair one.  (ECF No. 192 at 4.)  Moreover, Plaintiff and Defendant were represented by counsel during the settlement negotiations.  (ECF No. 192-1 at 8.)  Based on the foregoing, the Court finds that the evidence suggests that the Parties fairly and honestly negotiated the settlement.

The "Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power."  *Baker*, 2014 WL 700096 at *2.  To determine whether the settlement agreement complies with the FLSA, this Court evaluates the following factors:  (1) the presence of other similarly situated employees; (2) a likelihood that Plaintiff's circumstances will recur; and (3) whether Defendant had a history of non-compliance with the FLSA.  *Baker*, 2014 WL 700096 at *2 (citing *Dees*, 706 F. Supp. 2d at 1244).  The record shows that no other similarly situated employees have sought to join this action.  (*See generally* Dkt.)  Moreover, Defendant no longer employs Plaintiff.  (ECF No. 83 at ¶ 35.)  Further, the settlement agreement's terms are public; thus, this case would give notice to future plaintiffs of prior allegations of Defendant's improper conduct.  *See Baker*, 2014 WL 700096 at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)).

The Court finds that the settlement agreement is fair and reasonable. The Court finds that the settlement agreement does not undermine the FLSA's purposes.

### C.  Attorneys' Fees

The Court must consider whether the employee's FLSA claim "will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the [P]laintiff and his or her counsel, or otherwise." *Dorismond v. Wyndham Vacation Ownership, Inc.*, Case No. 14-CV-63, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (internal citation omitted). The Parties represent that Plaintiff's recovery is addressed independently of attorneys' fees and that "Plaintiff's counsel is not seeking any portion of the settlement sum...." (ECF No. 192 at 7.)

Based on the representation of the Parties' counsel, the Court finds that Plaintiff's FLSA claim will not be compromised by the deduction of attorney's fees, costs, or expenses.

**IV.  CONCLUSION**

For the foregoing reasons, the Court ORDERS:

1. The Parties' Settlement Agreement and Release of Claims (ECF No. 192-1 at 4-8) is APPROVED;

2. The Parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice" (ECF No. 192) is GRANTED;

3. The case is DISMISSED with prejudice; and

4. The Clerk of the Court is to TERMINATE this case.

DATED this 9th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge